UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

―――――――――――――――――――――――

JOSEPH GUARNERI,

                                        Plaintiff,

                                                        9:23-cv-00081 (DNH/TWD)

v.

M.D. HASSETT,

                                        Defendant.

―――――――――――――――――――――――

APPEARANCES:                                        OF COUNSEL:

JOSEPH GUARNERI
*Plaintiff, pro se*
(Last Known Address)
10664
Schoharie County Correctional Facility
P.O. Box 159
157 Steadman Way
Howes Cave, NY 12092

BARCLAY DAMON LLP                              PAUL A. SANDERS, ESQ.
Attorneys for Defendant
2000 Five Star Bank Plaza
100 Chestnut Street
Rochester, NY 14604

**THÉRÈSE WILEY DANCKS**, United States Magistrate Judge

## REPORT-RECOMMENDATION AND ORDER

## I.    INTRODUCTION

       This matter has been referred for a report and recommendation pursuant to 28 U.S.C. §

636(b) and Local Rule 72.3(c).  Pending before the Court, in this civil rights action filed by *pro*

*se* plaintiff Joseph Guarneri ("Plaintiff") against defendant Stephen G. Hassett, M.D., named as

M.D. Hassett, ("Defendant"), is Defendant's motion to dismiss for failure to prosecute pursuant

to Rule 41(b) of the Federal Rules of Civil Procedure ("Rule 41(b)").  (Dkt. No. 23.)  For the following reasons, the Court recommends dismissing the amended complaint without prejudice for failure to prosecute.

## II.    BACKGROUND

Plaintiff, previously confined at the Schoharie County Correctional Facility ("Schoharie County C.F.") as a pretrial detainee, and whose address is not currently known to the Court, commenced this action on January 20, 2023, by filing a complaint accompanied by an application to proceed *in forma pauperis* ("IFP").  (Dkt. Nos. 1, 2.)  On January 23, 2023, the Court administratively closed the case for Plaintiff's failure to comply with the filing fee requirement.  (Dkt. No. 3.)  The Court ordered Plaintiff to either pay the filing fee or submit a completed and signed IFP application, and to submit a completed and signed inmate authorization form if he wished to proceed with the case.  *Id*.  On February 23, 2023, Plaintiff filed an amended complaint.  (Dkt. No. 6.)  On March 8, 2023, Plaintiff filed the required inmate authorization form, and the action was reopened and restored to the Court's active docket.  (Dkt. Nos. 8, 9.)

On April 3, 2023, the Court granted Plaintiff permission to proceed IFP and reviewed the sufficiency of the amended complaint in accordance with 28 U.S.C. §§ 1915(e) and 1915A.  (Dkt. No. 11.[1])  On the basis of that review, only Plaintiff's Fourteenth Amendment deliberate medical difference claims against Defendant M.D. Hassett required a response.  *Id*.  The Order also included the following caution, "**Plaintiff is also required to promptly notify the Clerk's**

---

[1]  Because Plaintiff filed the amended complaint before the Court conducted an initial review, the amended complaint was deemed the operative pleading, superseding the original complaint. (Dkt. No. 11 at 2 n.2.)

**Office and all parties or their counsel, in writing, of any change in his address; their failure to do so will result in the dismissal of his action**[.]"  *Id*. at 20 (emphasis in original).

On May 25, 2023, Defendant filed an answer.  (Dkt. No. 17.)  The same day, the Court issued a mandatory pretrial scheduling order which, *inter alia*, cautioned Plaintiff that "failure . . . to attend, be sworn, and answer appropriate questions [at a properly noticed deposition] may result in sanctions, including dismissal of the action pursuant to Fed. R. Civ. P. 37."  (Dkt. No. 19 at 5.)  By letter dated June 8, 2023, Defendant served Plaintiff with more than 500 pages of discovery.  (Dkt. Nos. 20, 21.)  Defendant also served Plaintiff with a Notice of Deposition Upon Oral Examination.  (Dkt. No. 23-1 at ¶ 8.)

On June 9, 2023, the Clerk received as undeliverable the scheduling order, which was sent to Plaintiff at Schoharie County C.F., the address on file.  (Dkt. No. 22.)  The envelope was marked "return to sender" along with "undeliverable as addressed" and "unable to forward."  *Id*.

On June 23, 2023, Defendant sent Plaintiff an amended Notice of Deposition indicating Plaintiff's deposition would take place on July 10, 2023, at 10:00 a.m., at the offices of Barclay Damon, LLP, located at 80 State Street in Albany, New York.  (Dkt. No. 22-1 at ¶ 11.)

On July 10, 2023, Defendant's counsel appeared for the deposition of Plaintiff.  *Id*. at ¶ 14.  Plaintiff did not appear nor advise he would be unable to attend.  *Id*.  Defendant was invoiced $578.00 for the deposition.  *Id*. at ¶ 15.

As detailed in the Attorney Declaration submitted in support of Defendant's motion, all the mailings sent to Plaintiff at Schoharie County C.F. have been returned to Defendant as undeliverable.  *Id*. at ¶¶ 10, 12, 13.  On July 25, 2023, in an effort to locate Plaintiff's current address, Defendant performed a SmartLinx Person Report on Plaintiff ("SmartLinx Report").  *Id*. at ¶ 16.  The SmartLinx Report did not result in a discovery of a current address for Plaintiff.  *Id*.

Subsequently, on August 15, 2023, Defendant filed the instant motion to dismiss for failure to prosecute. (Dkt. No. 23.) Plaintiff's response to the motion was due September 5, 2023. (08/15/2023 Text Re-Notice.) On August 18, 2023, Defendant's motion papers, which were mailed to Plaintiff at Schoharie County C.F., were returned to Defendant as undeliverable. (Dkt. No. 29.)

By Text Order issued September 11, 2023, the Court *sua sponte* granted Plaintiff a 30-day extension of time to respond to Defendant's motion. (Dkt. No. 27.) The Text Order was sent to Plaintiff at his address on file, Schoharie County C.F., but it was also returned as undeliverable and marked "return to sender" and "no longer here." (Dkt. No. 28.)

The Court's extended deadline to respond to the motion to dismiss has passed without any filing from Plaintiff. *See* Docket Report. Plaintiff has not contacted the Court with a current address, nor has he otherwise communicated with the Clerk regarding this action. *Id*. On October 17, 2023, Defendant filed a letter motion in further support of the Rule 41(b) motion to dismiss this action with prejudice for failure to prosecute. (Dkt. No. 29.)

## III. DISCUSSION

Rule 41(b) provides a court may, in its discretion, dismiss an action based upon the failure of a plaintiff to prosecute the case, or to comply with the procedural rules or orders of the court. Fed. R. Civ. P. 41(b); *see Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962); *see also Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (per curiam). This power to dismiss may be exercised when necessary to achieve orderly and expeditious disposition of cases. *See Freeman v. Lundrigan*, No. 95-CV-1190, 1996 WL 481534, at *1 (N.D.N.Y. Aug. 22, 1996).

Determining whether an action should be dismissed under Rule 41(b) involves the analysis of five factors:

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether [the] plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

*Lucas*, 84 F.3d at 535 (citations omitted). "No one factor is dispositive[.]" *U.S. ex. rel Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004). "When imposed, the sanction of dismissal 'operates as an adjudication upon the merits,' but may be without prejudice if so specified by the court imposing it." *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982) (quoting Fed. R. Civ. P. 41(b)).

Here, in recommending the dismissal of Plaintiff's amended complaint, the undersigned is cognizant that dismissal under Rule 41(b) is considered a harsh remedy, especially in an action brough by a *pro se* plaintiff. *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001). However, Plaintiff has not taken any meaningful action to advance his case and has failed to timely communicate with the Court and Defendant. As such, the Court finds all five factors considered in deciding a Rule 41(b) motion favor dismissal.

In examining the first factor, duration, the Court considers two inquiries: (1) whether the delays associated with the failures to prosecute were those of the plaintiff, and (2) whether the duration of these delays existed for a significant period. *Lynch v. Hanley*, No. 1:21-CV-00025 (AMN/ML), 2023 WL 4763941, at *4 (N.D.N.Y. July 26, 2023). Plaintiff's last communication with the Court pertaining to this action was his filing of his inmate authorization form over eight months ago, on March 8, 2023. (Dkt. No. 8.) "Although there is no 'magic number' to determine whether Plaintiff's delay endured for a significant period . . . . the Court notes that Northern District New York Local Rule 41.2(a) provides that 'plaintiff's failure to take action for

four (4) months shall be presumptive evidence of lack of prosecution.'" *Id.* (quoting L.R. 41.2). Indeed, courts have repeatedly dismissed cases because the plaintiff failed to prosecute for four months. *See Phillips v. Proud*, No. 5:16-CV-1140 (LEK/ATB), 2018 WL 5620416, at *2 (N.D.N.Y. Oct. 30, 2018) (collecting cases). As such, the delays in this case were caused by Plaintiff, and this factors weighs in favor of dismissal.

Regarding the second factor, notice, the Court warned Plaintiff the failure to notify the Court and Defendant of any change in his address would result in dismissal of his case. (Dkt. No. 20 at 11.) Plaintiff was also warned that "failure . . . to attend, be sworn, and answer appropriate questions [at a properly noticed deposition] may result in sanctions, including dismissal of the action pursuant to Fed. R. Civ. P. 37." (Dkt. No. 19 at 5.) Thus, the second factor weighs in favor of dismissal.

As to the third factor, Defendant has been prejudiced as a result of Plaintiff's failure to adhere to Court Orders. *See Lyell*, 682 F.2d at 43 ("[P]rejudice to defendants resulting from unreasonable delay may be presumed"). "Where a plaintiff has become inaccessible for months at a time, courts presume prejudice." *Caussade v. United States*, 293 F.R.D. 625, 630 (S.D.N.Y. 2013) (collecting cases) (citations omitted); *Mayer v. Clinton Cty.*, No. 9:17-CV-905 (GLS/CFH), 2020 WL 5536800, at *5 (N.D.N.Y. Aug. 7, 2020); *see, e.g.*, *Hutcheon v. Farnum*, No. 9:18-CV-00203 (MAD/CFH), 2019 WL 7971873, at *3 (N.D.N.Y. Nov. 4, 2019) ("[The] defendant has been prejudiced by [the] plaintiff's complete failure to participate in discovery."), *report and recommendation adopted*, 2020 WL 90786 (N.D.N.Y. Jan. 8, 2020). Plaintiff is not only delaying the case itself, but also is hindering the ability of Defendant to proceed. *See Shannon v. Gen. Elec. Co.*, 186 F.3d 186, 195 (2d Cir. 1999) ("[D]elay by one party increases

the likelihood that evidence in support of the other party's position will be lost and that discovery and trial will be made more difficult.").  This factor therefore weighs in favor of dismissal.

As to the fourth factor, the Court finds that the Court's interest in managing the docket outweighs Plaintiff's interest in receiving further opportunity to be heard.  *See Lucas*, 84 F.3d. at 535; *see Perez v. Wallace*, No. 1:15-CV-240 (GTS/CFH), 2016 WL 2865737, at *3 (N.D.N.Y. Apr. 11, 2016); *see also Pena v. Zazzle Inc*., 587 F. Supp. 3d 109, 114 (S.D.N.Y. 2022) (citation omitted) ("Although [the plaintiff's] failure to prosecute is a 'silent' failure," as opposed to one that is "vexatious and burdensome[,]" "the Court has a strong interest in managing its docket and cannot indefinitely wait for [the plaintiff] to turn his attention to this case.  Furthermore, his 'failure to comply with the court's order or make an attempt to prosecute this case dismisses his right to have the court hear his claim.").  Thus, this factor also weighs in favor of dismissal.

As to the final factor, the Court finds the imposition of a lesser sanction would have no effect on Plaintiff, or this litigation, given Plaintiff's refusals to comply with Court Orders or the discovery process.  *See, e.g.*, *Flynn v. Ward*, No. 9:15-CV-1028 (BKS/CFH), 2019 WL 2085986, at *2 (N.D.N.Y. May 13, 2019) (noting lesser sanctions than dismissal were unlikely to be successful where the plaintiff did not update the Court with an address and the Court "currently has no way of contacting [him]"); *see also Anthony v. Lyons*, No. 9:18-CV-0849, 2021 WL 1701754 (GLS/CFH), at *5 (N.D.N.Y. Apr. 12, 2021) ("Dismissal has been found to be an 'adequate remedy for failure to prosecute where a plaintiff cannot be contacted, because the plaintiff would be unaware of any lesser sanction that could be imposed.'"); *McKnight v. J. Ferrick*, No. 9:16-CV-0957 (TJM/DEP), 2017 WL 3172794, at *3 (N.D.N.Y. June 30, 2017) ("plaintiff's failure to communicate, which by now is nearly six months, weighs in favor of dismissal . . . . [a]lthough the length of plaintiff's delay to date is not exceedingly long, there is

no indication of an end to his inactivity.").  As such, the fifth factor also weighs in favor of dismissal.

In sum, after careful consideration of the relevant factors, the Court concludes dismissal of Plaintiff's amended complaint is warranted under Rule 41(b).[2]  Nevertheless, considering Plaintiff's *pro se* status, the Court recommends dismissal of the amended complaint without prejudice.  *See Nelson v. VanHoesen*, No. 9:20-CV-258 (GLS/CFH), 2022 WL 605741, at *4 (N.D.N.Y. Feb. 1, 2022) (recommending dismissal of the *pro se* plaintiff's complaint without prejudice for failure to prosecute where the plaintiff could not be reached at the address provided), *report and recommendation adopted*, 2022 WL 602651 (N.D.N.Y. Mar. 1, 2022); *Jones v. Hawthorne*, No. 9:12-CV-1745 (GTS/RFT), 2014 WL 2533166, at *2 (N.D.N.Y. June 5, 2014) (dismissing the *pro se* plaintiff's complaint without prejudice where the plaintiff had been released from DOCCS custody and failed to provide the Court with an updated address or communicate with the Court for ten months); *Lynch v. Hanley*, No. 1:21-CV-00025 (AMN/ML), 2023 WL 4763941, at *6 (N.D.N.Y. July 26, 2023) (dismissing complaint without prejudice so the plaintiff could bring the lawsuit "at another if and when he is prepared to diligently litigate it").

**WHEREFORE**, for the reasons set forth herein, it is hereby

---

[2]  Moreover, "[c]ourts have repeatedly recognized that dismissal for failure to prosecute is appropriate where a plaintiff effectively disappears by failing to provide a means by which he or she can be reached."  *Christman v. Kalimulina*, No. 21 CIV 7318, 2022 WL 17826119, at *2 (S.D.N.Y. Dec. 21, 2022) (collecting cases), *report and recommendation adopted*, 2023 WL 4841900 (S.D.N.Y. July 27, 2023).  Dismissal is also warranted under the Local Rules.  *See* L.R. 41(2)(a) ("Whenever it appears that the plaintiff has failed to prosecute an action or proceeding diligently, the assigned judge may order it dismissed."); *see also* L.R. 41(2)(b) ("Failure to notify the Court of a change of address by counsel or *pro se* litigant within 14 days of a change in accordance with L.R. 10.1(c)(2) may result in the dismissal of any pending action.").

**RECOMMENDED** that Defendant's motion to dismiss for failure to prosecute (Dkt. Nos. 23, 29) be **GRANTED** and Plaintiff's amended complaint (Dkt. No. 6) be **DISMISSED WITHOUT PREJUDICE**; and it is further

**ORDERED** that the Clerk serve a copy of this Report-Recommendation and Order on Plaintiff at the address the Court has on file, along with copies of the unpublished decisions cited herein in accordance with *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2008) (per curiam).

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen (14) days within which to file written objections to the foregoing report.[3] Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**. *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

**IT IS SO ORDERED.**

Dated:  October 26, 2023
        Syracuse, New York

Thérèse Wiley Dancks
United States Magistrate Judge

---

[3] If you are proceeding *pro se* and are served with this Report-Recommendation and Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Report-Recommendation and Order was mailed to you to serve and file objections.  Fed. R. Civ. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday.  Fed. R. Civ. P. 6(a)(1)(C).

Case 9:23-cv-00081-DNH-TWD    Document 30    Filed 10/26/23    Page 10 of 64

Freeman v. Lundrigan, Not Reported in F.Supp. (1996)

1996 WL 481534

1996 WL 481534
Only the Westlaw citation is currently available.
United States District Court, N.D. New York.

Millicient FREEMAN, Plaintiff,

v.

Kevin LUNDRIGAN, C.O., Defendant.

No. 96–CV–1190 (RSP/RWS).

|

Aug. 22, 1996.

**Attorneys and Law Firms**

Millicient Freeman, Oriskany, NY, Pro se.

McLane and Smith, L.L.P., Utica, NY (Steven A. Smith, of counsel), for Defendant.

ORDER

POOLER, District Judge.

**\*1** By Order dated February 5, 1996 ("Order"), I approved the Order and Report–Recommendation of Magistrate Judge Ralph W. Smith, Jr., dated October 5, 1995, and dismissed this action as against Daniel Middaugh, Michael Durant, Todd Egger, Robert Stanton and Daryl Bourant. *See* Dkt. No. 11.

A copy of the Order was served on Freeman at her last known address by regular mail on February 6, 1996. On February 12, 1996, the Order was returned to the Court marked "No Longer at This Facility—Please Return to Sender." *See* Dkt. No. 12.

On June 19, 1996, Steven A. Smith, Esq., attorney for the defendant, filed an affidavit with the Court stating that he had attempted to serve a first set of interrogatories on Freeman at the address listed on the summons, and that it was returned to him by the Post Office marked "RTS" or return to sender. *See* Dkt. No. 14.

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may, in its discretion, dismiss an action based upon the failure of a plaintiff to prosecute an action or comply with any order of the court. *Link v. Wabash Railroad County Independent School District*, 370 U.S. 626 (1962). This power to dismiss an action may be exercised when necessary to achieve orderly and expeditious disposition of cases. *See*

*Rodriguez v. Walsh*, No. 92–Civ–3398, 1994 WL 9688, \*1 (S.D.N.Y. Jan. 14, 1994) (citations omitted).

Additionally, this Court specifically cautioned Freeman that her failure "to promptly notify the Clerk's Office of any change in her address ... [would] result in the dismissal of the instant action." *See* Dkt. No. 3 at 7.

Moreover, a plaintiff has the duty to inform the Court of any address changes. As I have stated:

> It is neither feasible nor legally required that the clerks of the district courts undertake independently to maintain current addresses on all parties to pending actions. It is incumbent upon litigants to inform the clerk of address changes, for it is manifest that communications between the clerk and the parties or their counsel will be conducted principally by mail. In addition to keeping the clerk informed of any change of address, parties are obliged to make timely status inquiries. Address changes normally would be reflected by those inquiries if made in writing.

*Dansby v. Albany Cty Corr. Facility*, No. 95–CV–1525, 1996 WL 172699, \*1 (N.D.N.Y. Apr. 10, 1996) (Pooler, J.) (quoting *Perkins v. King*, No. 84–3310, slip op. at 4 (5th Cir. May 19, 1985) (other citations omitted)); *see generally* Rule 41.2(b) of the Local Rules of Practice for the Northern District of New York.

This matter cannot proceed without notification to the Court by Freeman of her current address. Therefore, it is hereby:

ORDERED, that this action is dismissed, *See* Rule 41.2(b) of the Local Rules of Practice for the Northern District of New York, and it is further;

ORDERED, that the Clerk serve a copy of this Order on Freeman by regular mail at her last known address and on Steven A. Smith, Esq., attorney for the defendant.

1996 WL 481534

**\*2**  IT IS SO ORDERED.

**All Citations**

Not Reported in F.Supp., 1996 WL 481534

---

**End of Document**                                    © 2023 Thomson Reuters. No claim to original U.S. Government Works.

---

2023 WL 4763941
Only the Westlaw citation is currently available.
United States District Court, N.D. New York.

Mark A. LYNCH, Sr., Plaintiff,

v.

Police Officer HANLEY and Police
Officer John Doe, Defendants.

1:21-cv-00025 (AMN/ML)
|
Signed July 26, 2023

**Attorneys and Law Firms**

MARK A. LYNCH, SR., Troy, NY 12180, Plaintiff, Pro Se.

CAROLYN B. GEORGE, ESQ., COOPER, ERVING &
SAVAGE, LLP, 39 North Pearl Street, 4th Floor, Albany, New
York 12207, Attorneys for Defendants.

**MEMORANDUM-DECISION AND ORDER**

Anne M. Nardacci, United States District Judge:

## I. INTRODUCTION

*\*1* Plaintiff *pro se* Mark A. Lynch, Sr. ("Plaintiff") brings
this action pursuant to 42 U.S.C. § 1983 alleging that
Defendants, Police Officer Hanley ("PO Hanley") and an
unnamed Police Officer "John Doe" ("PO Doe"), of the
Colonie Police Department ("CPD"), violated his Fourth
and Fourteenth Amendment constitutional rights. Dkt. No.
1 ("Complaint"). Presently before the Court is Defendants'
motion to dismiss Plaintiff's Complaint for failure to
prosecute pursuant to Rule 41(b) of the Federal Rules of Civil
Procedure, due to Plaintiff's continued failure to comply with
the Rule and numerous orders of the Court. Dkt. No. 49.

For the reasons set forth below, the Court hereby grants
Defendants' motion to dismiss for failure to prosecute and
orders Plaintiff's Complaint dismissed without prejudice.

## II. BACKGROUND

### A. Procedural History

On January 8, 2021, Plaintiff filed a civil rights form-
complaint pursuant to 42 U.S.C. § 1983 against CPD, the
Town of Colonie, PO Hanley, and PO Doe arising out
of an altercation at the Colonie Hannaford Supermarket.
Dkt. No. 1. Specifically, Plaintiff alleges that: (1) he was
falsely arrested in violation of his constitutional rights
under the Fourth Amendment; and (2) Defendants deprived
Plaintiff of his property in violation of his constitutional
rights under the Fourth and Fourteenth Amendments. *Id.*
Plaintiff sought leave to proceed *in forma pauperis* ("IFP"),
Dkt. No. 2, and filed a motion seeking the appointment
of counsel to represent him in this action, Dkt. No. 3.
This matter was referred to Magistrate Judge Miroslav
Lovric, who, on April 1, 2021, issued an Order and Report-
Recommendation granting Plaintiff's application to proceed
IFP, denying Plaintiff's motion for appointment of counsel
without prejudice, and recommending that only Plaintiff's
Fourth Amendment claims of (1) false arrest; and (2)
deprivation of property, against PO Hanley and PO Doe in
their individual capacities, proceed. *See* Dkt. No. 5 ("Report-
Recommendation"). [1] On June 7, 2021, this Court (Suddaby,
C.J.) accepted and adopted the Report-Recommendation.
Dkt. No. 6 ("Decision and Order").

[1]     Magistrate Judge Lovric advised Plaintiff that
        under 28 U.S.C. § 636(b)(1), he had fourteen days
        within which to file written objections and that
        failure to object to the Report-Recommendation
        within fourteen days would preclude appellate
        review. *Id.* Plaintiff did not file objections to the
        Report-Recommendation.

On August 11, 2021, Magistrate Judge Lovric ordered the
Clerk of the Court to issue a summons as to PO Hanley and
ordered Plaintiff to take reasonable steps through discovery
to name and serve PO Doe, otherwise such claims would be
subject to dismissal for failure to prosecute and/or failure to
comply with an Order of the Court, pursuant to Fed. R. Civ.
P. 41(b). Dkt. No. 7. On October 15, 2021, PO Hanley and
PO Doe (hereinafter "Defendants") filed an answer asserting
twenty affirmative defenses. Dkt. No. 12.

On November 17, 2021, Magistrate Judge Lovric held an
initial conference wherein he ordered all parties to file
status reports by January 31, 2022, ahead of a further
conference scheduled for February 18, 2022, Dkt. No. 16. [2]
On January 31, 2022, Defendants filed a status report in
compliance with Dkt. No. 16, stating that on December 30,
2021, they served Plaintiff with interrogatories, a request

for production of documents, and a deposition notice, to which Plaintiff has not responded. Dkt. No. 18. On February 9, 2022, after Plaintiff failed to comply with Dkt. No. 16, Magistrate Judge Lovric directed Plaintiff to file a status report by February 16, 2022. Dkt. No. 19. The Court further stated that "**PLAINTIFF IS ADVISED THAT FAILURE TO COMPLY WITH COURT ORDERS OR FAILURE TO ENGAGE IN THE DISCOVERY PROCESS MAY RESULT IN SANCTIONS BEING IMPOSED PURSUANT TO** FED. R. CIV. P. 37 & 41, **INCLUDING DISMISSAL OF THE CASE.**" [3] *Id.*

[2]    Magistrate Judge Lovric also issued the Uniform Pretrial Scheduling Order requiring that (1) amended pleadings and joinder of parties due by January 31, 2022; (2) discovery due by September 30, 2022; and (3) dispositive motions to be filed by October 31, 2022. Dkt. No. 17.

[3]    Magistrate Judge Lovric used this or similar language and emphasis in subsequent Orders directed at Plaintiff. *See* Dkt. Nos. 23, 30, 33, 36, 44, 48, 53.

**\*2**  On February 14, 2022, Plaintiff filed medical records, Dkt. No. 21, and a status report containing a notice of change of address and another motion for the appointment of counsel, Dkt. No. 20, which the Court again denied, Dkt. No. 22. On February 18, 2022, Plaintiff failed to join the scheduled conference and Magistrate Judge Lovric ordered that: (1) Plaintiff file a status report by March 8, 2022 explaining why he failed to join the conference; (2) Plaintiff serve all discovery and respond to all of Defendants' discovery demands no later than March 22, 2022; and (3) all parties file status reports by April 1, 2022. Dkt. No. 23.

On March 4, 2022, Plaintiff filed a status report informing the court that he was living at a new address and stated that he "missed a telephone conference because he did not know about such conf[e]rence or completely forgot." Dkt. No. 25. On March 15, 2022, Plaintiff appealed Magistrate Judge Lovric's order denying counsel, Dkt. No. 26, and on March 18, 2022, Defendants submitted an affidavit in opposition to Plaintiff's appeal, Dkt. No. 28. On April 4, 2022, Magistrate Judge Lovric directed the parties to comply with Dkt. No. 23 and file detailed status reports by April 11, 2022 as to the progress of discovery, including whether Plaintiff had complied with his discovery obligations. Dkt. No. 30. On April 5, 2022, Defendants filed a status report, Dkt. No. 31, and on April 13, 2022, Plaintiff filed a status report, Dkt. No.

32. As detailed in the status reports of the parties, Plaintiff had not complied with his discovery obligations.

On April 14, 2022, Magistrate Judge Lovric directed Plaintiff to immediately comply with the Orders issued by the Court, including Dkt. No. 23, given Plaintiff's failure to serve or respond to discovery demands by the March 22, 2022 discovery deadline. Dkt. No. 33. On April 18, 2022, the Court denied and dismissed Plaintiff's appeal of Magistrate Judge Miroslav's Order denying appointment of counsel. Dkt. No. 34. On April 25, 2022, Plaintiff filed a letter motion requesting an extension of time to file an opposition. Dkt. No. 35. On April 26, 2022, Magistrate Judge Lovric denied Plaintiff's motion as moot as there were no motions filed or pending before the Court requiring a response or opposition filing from Plaintiff. Dkt. No. 36. Magistrate Judge Lovric reminded Plaintiff of Dkt. Nos. 17, 23, 30, and 33, and again advised Plaintiff that failure to comply with Court Orders may results in sanctions, including dismissal of the case. *Id.*

On May 5, 2022, Plaintiff notified the Court of a change of address back to his previous address. Dkt. No. 37. Plaintiff also filed a document containing interrogatories, which the Court struck as improperly filed on the docket. Dkt. No. 39. Defendants filed status reports on June 3, 2022, and August 8, 2022, reporting Plaintiff's continued failure to serve discovery demands or respond to Defendants' document demands. Dkt. Nos. 40, 43. On August 9, 2022, Magistrate Judge Lovric informed Plaintiff that he had violated the Court's Orders by failing to respond to the discovery demands Defendants served on December 30, 2021, Dkt. Nos. 31, 43, and again advised Plaintiff to immediately comply with Dkt. Nos. 23 and 33, as failure to comply could result in dismissal of the case. Dkt. No. 44. On August 17, 2022, Plaintiff filed a status report, requesting appointment of counsel, Dkt. No. 45, which Magistrate Judge Lovric again denied while reminding Plaintiff to immediately comply with Dkt Nos. 23 and 33. Dkt. No. 46.

On September 30, 2022, discovery closed without Plaintiff having participated in any way. On October 14, 2022, Defendants filed a letter informing the Court of their intention to file a dispositive motion as to Plaintiff's failure to respond or comply with the deadlines for discovery and that Plaintiff's Troy address and telephone number appear no longer valid. Dkt. No. 47. On October 17, 2022, Magistrate Judge Lovric granted Defendants' application and reminded Plaintiff that failure to comply with Court orders, failure to engage in discovery, or failure to promptly inform the Court in writing

of any address change may result in sanctions including dismissal of the case. Dkt. No. 48.

### B. The Instant Motion

**\*3** On October 20, 2022, Defendants filed a motion to dismiss for lack of prosecution claiming that Plaintiff ignored and/or failed to comply with Court-ordered discovery deadlines and has engaged in conduct that has shown a disregard for court procedures and a disinterest in prosecuting this action. Dkt. No. 49 ("Motion"). Defendants note that Plaintiff "never responded to the[ir] demand for production of documents and failed to appear for an examination before trial on three scheduled dates," "served no discovery demands on his own," "failed to identify any experts," and "moved without informing the Court or defense counsel of his new address." *Id.* at 5.

On October 21, 2022, the Court mailed a copy of Notice to Plaintiff informing him that his response was due by November 10, 2022. Dkt. No. 50. Two and a half months after the deadline, on January 26, 2023, Plaintiff filed a response in opposition to the Motion, noting that he was having difficulty litigating the case and requesting appointed counsel for the fifth time. [4] Dkt. No. 52 at 2 ("Plaintiff again request[s] appointment of counsel, and disagrees with the motion to Dismiss"). The parties have not filed any further briefs with the Court, and the Motion is thus ripe for determination.

[4]     On January 27, 2023, Magistrate Judge Lovric denied Plaintiff's request for appointment of counsel for the reasons set forth in the Court's earlier Orders, *see* Dkt. Nos. 5, 22, 34, 46, including that "[i]t is well-settled that there is no right to appointment of counsel in civil matters" and "nothing indicates that Plaintiff is unable to investigate the facts alleged", and further directed Plaintiff to immediately comply with the Orders issued by the Court. Dkt. No. 53.

### III. LEGAL STANDARD

Defendants move to dismiss the Complaint pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, which provides:

> [i]f the plaintiff fails to prosecute or to comply with these rules or a

court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 —operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b). District courts have an "inherent power" to dismiss an action based on plaintiff's failure to prosecute or comply with an order of the court pursuant to Rule 41(b). *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991). This authority "is vital to the efficient administration of judicial affairs and provides meaningful access for other prospective litigants to overcrowded courts." *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982). However, dismissal under Rule 41(b) is a "harsh remedy to be utilized only in extreme situations," *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (quotation omitted), especially in circumstances where a plaintiff is proceeding *pro se*, *see Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996) (holding that the circuit court will give due deference to the district court's decision to dismiss a *pro se* complaint "only when the circumstances are sufficiently extreme"). Notwithstanding a plaintiff's *pro se* status, failure to prosecute under Rule 41(b) "can evidence itself either in an action lying dormant with no significant activity to move it or in a pattern of dilatory tactics" such as "repeated requests for continuances or persistent late filings of court ordered papers." *Lyell Theatre Corp*, 682 F.2d at 42.

In determining whether dismissal under Rule 41(b) is warranted, courts in the Second Circuit consider the following five factors, none of which are dispositive: (1) the duration of the plaintiff's failure to comply with orders of the court; (2) whether the plaintiff received notice that failure to comply would result in dismissal; (3) whether the defendant is likely to be prejudiced by further delay; (4) whether an appropriate balance has been struck between the court's interest in managing its docket and plaintiff's interest in receiving a fair opportunity to be heard; and (5) whether the judge has adequately considered lesser sanctions than dismissal. *See Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (quoting *Lucas*, 84 F.3d at 535); *see also United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004).

## IV. DISCUSSION

**\*4** In ordering the dismissal of Plaintiff's Complaint, the undersigned is cognizant that dismissal is considered a harsh remedy, especially in an action brought by a *pro se* plaintiff. *See LeSane*, 239 F.3d at 209. However, Plaintiff has not taken any meaningful action to advance his case and has continuously failed to timely communicate with the Court and Defendants. As such, the Court finds that all five factors considered in deciding a Rule 41(b) motion favor dismissal.

In examining the first factor, the Court considers two inquiries: (1) whether the delays associated with the failures to prosecute were those of the plaintiff, and (2) whether the duration of these delays existed for a significant period. *See Drake*, 375 F.3d at 255 (citing *Martens v. Thomann*, 273 F.3d 159, 180 (2d. Cir. 2001)). This action has been pending for over two years and no discovery has been completed as Plaintiff never served discovery demands of his own and never responded to the Defendants' December 30, 2021 demands. Dkt. No. 33; Dkt. No. 49-7 at 2. Plaintiff failed to appear for a deposition on July 26, 2022 after Defendants unilaterally scheduled it due to Plaintiff's failure to choose a date from forty-three offered dates over a three-month period. Dkt. No. 49-1 at 5; Dkt. No. 49-4. Plaintiff's deposition was rescheduled twice more, for August 4 and 16, 2022, both of which were cancelled by Plaintiff. *Id.* Plaintiff's only participation in the prosecution of this case has been to request appointment of counsel, which he has done unsuccessfully five times since filing the Complaint. *See* Dkt. Nos. 5, 22, 34, 46, 53. As such, the delays in this case were caused by the Plaintiff. *See Drake*, 375 F.3d at 255.

Although there is no "magic number" to determine whether Plaintiff's delay endured for a "significant" period, *see Ransom v. United States*, No. 1:09-CV-1272 (MAD/RFT), 2011 WL 2893067, at \*5 (N.D.N.Y. July 15, 2011) (citing *Copeland v. Rosen*, 194 F.R.D. 127, 132 (S.D.N.Y. 2000)), the Court notes that Northern District New York Local Rule 41.2(a) provides that "plaintiff's failure to take action for four (4) months shall be presumptive evidence of lack of prosecution." Here, Plaintiff has not taken any action to further this litigation since he filed an opposition to Defendants' motion to dismiss on January 26, 2023, despite Magistrate Judge Lovric issuing a text order the following day which directed Plaintiff to immediately comply with the Orders issued by the Court. *See* Dkt. Nos. 52, 53; *see also Handwerker v. AT & T Corp.*, 211 F.R.D. 203, 209 (S.D.N.Y. 2002) (holding that failure to respond to proposed

dates for deposition for over nine months weighs in favor of dismissal). Furthermore, Plaintiff has been noncompliant in the discovery process or otherwise progressing this litigation since December 2021. *See* Dkt. Nos. 17, 49; *see also Heendeniya v. St. Joseph's Hosp. Health Ctr.*, 830 F. App'x 354, 358 (2d Cir. 2020) ("[T]he duration of [plaintiff's] noncompliance was significant: by the time the court issued its decision, eleven months had passed since [plaintiff's] response to discovery demands was first due."). In the context of Rule 41(b) dismissals, the Second Circuit has found delays far less than this to be sufficient to support dismissal. *See, e.g., Ruzsa v. Rubenstein & Sendy Attys at Law*, 520 F.3d 176, 177 (2d Cir. 2008) (seven months); *Lucas*, 84 F.3d at 535 (thirty-nine days); *Chira v. Lockheed Aircraft Corp.*, 634 F.2d 664, 666 (2d Cir. 1980) (six months). As such, this factor weighs squarely in favor of dismissal.

**\*5** Regarding the second factor, Plaintiff was certainly on notice that further delay could result in dismissal. *See Clarke v. WestRock Servs.*, No. 2:18 CV 802 (ENV) (CLP), 2020 WL 13664144, at \*7 (E.D.N.Y. Aug. 6, 2020) ("noncompliance is willful where the party has received notice of the Court's order and repeatedly fails to comply") (citations omitted). As discussed above, Plaintiff continuously failed to comply with discovery deadlines and Court Orders, *see* Dkt. Nos. 23, 33, despite receiving notice from the Court on six occasions that such failures could result in sanctions, including dismissal of the case pursuant to Rule 41, *see* Dkt. Nos. 19, 30, 33, 44, 46, 48. Therefore, this factor weighs in favor of dismissal. *See, e.g., Chavis v. City Of New York*, No. 17-CV-9518 (PAE) (BCM), 2018 WL 6532865, at \*3 (S.D.N.Y. Oct. 12, 2018) (dismissal after two warnings); *Leybinsky v. United States Citizenship And Immigration Services*, No. 19-CV-6154 (RPK) (LB), 2020 WL 7295661, at \*2 (E.D.N.Y. Dec. 2, 2020) (dismissal after one warning).

As to the third factor, Defendants have been prejudiced as a result of Plaintiff's failure to adhere to Court Orders. *See Lyell*, 682 F.2d at 43 ("[P]rejudice to defendants resulting from unreasonable delay may be presumed"). Defendants have been deprived of crucial information required to prepare their defense, given that Plaintiff never responded to Defendants' discovery demands and failed to appear at deposition on three separate scheduled occasions.[5] Dkt. No. 49-1 at 5; *see Shannon v. Gen. Elec. Co.*, 186 F.3d 186, 195 (2d Cir. 1999) ("[D]elay by one party increases the likelihood that evidence in support of the other party's position will be lost and that discovery and trial will be made more difficult."). Therefore,

2023 WL 4763941

Defendants have demonstrated actual prejudice and this factor weighs in favor of dismissal.

5    Defendants' showing of prejudice included difficulties contacting Plaintiff, citing that the telephone number he provided "belonged to someone else," Dkt. No. 49-6 at 3, and mail sent to Plaintiff's updated address was returned as undeliverable. Dkt. No. 49-1. Defendants further filed a request with the Troy Post Office requesting Plaintiff's forwarding address. Dkt. No. 49-6.

As to the fourth factor, the Court finds that the Court's interest in managing the docket outweighs Plaintiff's interest in receiving further opportunity to be heard. *See Lucas, 84 F.3d at 535.* A plaintiff's interest in receiving a fair opportunity to be heard is sufficiently protected where the plaintiff receives specific notice that his or her claims are in danger of dismissal and fails to act upon that notice. *See McMillan v. Bowers, No. 9:21-CV-0889 (LEK/CFH), 2022 WL 19405935, at *4 (N.D.N.Y. Nov. 28, 2022), report and recommendation adopted, No. 9:21-CV-0889 (LEK/CFH), 2023 WL 2534413 (N.D.N.Y. Mar. 16, 2023)* (weighing this factor in favor of dismissal where plaintiff failed to appear at a telephone conference, notify the court and all parties of any change in address, and abide by court orders and deadlines despite receiving notice that failure to do so will result in dismissal). Plaintiff was directed to respond to all discovery demands no later than March 22, 2022, and all discovery was due to have been completed by September 30, 2022. Dkt. No. 17. However, Plaintiff's participation has largely been limited to repetitive requests for counsel, Dkt. Nos. 5, 22, 34, 46, 53, and improper or unnecessary filings and motions, Dkt. Nos. 21, 35, 38, 39. Plaintiff has thus made clear that he is unable to effectively prosecute his case under the rules and Court Orders, and the result is congestion on the Court's docket. Though certainly not "vexatious," Plaintiff's failure to prosecute is more than "silent"; Plaintiff has acknowledged that he has neither the time nor capability to effectively prosecute this case, *see* Dkt. No. 52, and the Court cannot indefinitely wait for Plaintiff to proceed. *See Pena v. Zazzle Inc., 587 F. Supp. 3d 109, 114 (S.D.N.Y. 2022)* ("[C]ourts distinguish between failures to prosecute based on vexatious and burdensome conduct versus silent unobtrusive failures to prosecute in which the plaintiff simply does not file the requisite papers") (internal quotation marks omitted). Furthermore, the Court reminded Plaintiff on at least eight occasions that his continued failure to comply with Court Orders could result in sanctions including the dismissal of his claims, Dkt. Nos. 19, 23, 30, 33, 36, 44, 48, 53, providing

Plaintiff multiple opportunities to be heard. *See McDonald v. Head Crim. Ct. Supervisor Officer, 850 F.2d 121, 124 (2d Cir. 1988)* ("[A]ll litigants, including *pro ses*, have an obligation to comply with court orders. When they flout that obligation they, like all litigants, must suffer the consequences of their actions."). Therefore, this factor also weighs in favor of dismissal.

**\*6** As to the final factor, the Court finds that the imposition of a lesser sanction would have no effect on Plaintiff, or this litigation, given Plaintiff's repeated refusals to comply with Court Orders or the discovery process. *See Anthony v. Lyons, No. 9:18-CV-0849 (GLS/CFH), 2021 WL 1701754, at *5 (N.D.N.Y. Apr. 12, 2021), report and recommendation adopted, No. 9:18-CV-0849 (GLS/CFH), 2021 WL 1699858 (N.D.N.Y. Apr. 29, 2021)* ("imposing a lesser sanction would be ineffective because Plaintiff's failure to comply with the Court's orders indicates that a lesser sanction would not motivate him to participate in this action") (citations omitted). This litigation has been pending since January 8, 2021, Dkt. No. 1, and Plaintiff's ongoing refusal to comply with Court Orders demonstrates that "there is no meaningful way to secure Plaintiff's appearance before the Court to litigate this action." *Lando v. Claudio, No. 9:18-CV-01472 (TJM/TWD), 2022 WL 3701719, at *4 (N.D.N.Y. Apr. 21, 2022), report and recommendation adopted, No. 9:18-CV-01472 (TJM/TWD), 2022 WL 3701572 (N.D.N.Y. Aug. 26, 2022).* Nevertheless, given Plaintiff's *pro se* status, the Court finds that dismissal without prejudice is appropriate, permitting Plaintiff to bring this lawsuit at another time if and when he is prepared to diligently litigate it. *See Cintron v. Gettman, No. 9:15-CV-0542 (BKS/TWD), 2017 WL 2303604, at *3 (N.D.N.Y. May 1, 2017), report and recommendation adopted sub nom. No. 9:15-CV-0542 (BKS/TWD), 2017 WL 2303990 (N.D.N.Y. May 25, 2017)* (recommending dismissal without prejudice after plaintiff failed to appear for two scheduled depositions).

As such, the Court finds that each of the factors relevant to the Rule 41(b) analysis favors dismissal, and therefore, the Court grants Defendants' Motion.

## V. CONCLUSION
Accordingly, the Court hereby

**ORDERS** that Defendants' Motion to Dismiss, Dkt. No. 49, is **GRANTED**; and the Court further

2023 WL 4763941

**ORDERS** that Plaintiff's Complaint, Dkt. No. 1, is **DISMISSED without prejudice**; and the Court further

**ORDERS** that the Clerk serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

**All Citations**

Slip Copy, 2023 WL 4763941

---

**End of Document**                    © 2023 Thomson Reuters. No claim to original U.S. Government Works.

---

WESTLAW    © 2023 Thomson Reuters. No claim to original U.S. Government Works.    6

Phillips v. Proud, Not Reported in Fed. Supp. (2018)

2018 WL 5620416

2018 WL 5620416
Only the Westlaw citation is currently available.
United States District Court, N.D. New York.

Clifton PHILLIPS, Plaintiff,

v.

David PROUD, et al., Defendants.

5:16-CV-1140 (LEK/ATB)
|
Signed 10/30/2018

**Attorneys and Law Firms**

Clifton Phillips, Syracuse, NY, pro se.

Khalid Bashjawish, Ramona L. Rabeler, City of Syracuse Corporation Counsel, Syracuse, NY, Christopher J. Hummel, New York State Attorney General, Albany, NY, for Defendants.

**DECISION AND ORDER**

Lawrence E. Kahn, U.S. District Judge

**I. INTRODUCTION**

 *1  Plaintiff Clifton Phillips brought this pro se civil-rights action under 42 U.S.C. § 1983, alleging that defendant police officers, government officials, and governmental entities violated his Fourth, Fifth, and Sixth Amendment rights. Dkt. No. 1 ("Complaint"). Now before the Court is Defendants' motion to dismiss for failure to prosecute. Dkt. No. 54 ("Motion"); see also Dkt. Nos. 55 ("Balagh Affidavit"), 56 ("Memorandum"). Plaintiff has not responded to the Motion. For the reasons set forth below the Motion is granted and the Complaint is dismissed.

**II. BACKGROUND**

 **A. Factual Background**

The Court assumes familiarity with the facts alleged by Plaintiff in his Complaint and summarized by the Honorable Andrew T. Baxter, U.S. Magistrate Judge, in his preliminary review of the Complaint pursuant to 28 U.S.C. § 1915. Compl.; Dkt. No. 9 ("Report-Recommendation") at 3–7. In short, though, Plaintiff alleged that Defendants violated (1) his Fourth Amendment rights by engaging in an illegal search and seizure on July 21, 2015; (2) his Fifth Amendment rights

by manufacturing false evidence against him; and (3) his Sixth Amendment rights by maliciously prosecuting him for crimes he did not commit.

 **B. Procedural Background**

On July 12, 2017, the Court, via text order, advised Plaintiff that failure to notify the Court of a change of address or to otherwise comply with Court orders may result in the imposition of sanctions, including possible dismissal of his action. Dkt. No. 39. At a July 27, 2017 teleconference, the Court explained the litigation process to the Plaintiff and set a pretrial schedule. Dkt. No. 43. The cutoff for discovery was set for January 16, 2018. Dkt. No. 44. At an October 18, 2017 teleconference, at which Plaintiff appeared, defense counsel advised that discovery demands and a request for Plaintiff to authorize the release of his underlying state court criminal records had been served on Plaintiff, but that these documents demands had gone unanswered and would be re-served. Oct. 18, 2017 Docket Entry.

Plaintiff failed to attend the next teleconference on December 13, 2017. Dec. 13, 2017 Docket Entry. In a text order later that day, Plaintiff was again warned that failure to comply with his discovery obligations or the orders of the Court may result in the imposition of sanctions, including possible dismissal of his action. Dkt. No 47.

At the January 4, 2018 teleconference, at which Plaintiff appeared, defense counsel advised the Court that he had re-served the discovery demands on Plaintiff, but had not received a response. Jan. 4, 2018 Docket Entry. Plaintiff stated that he was having difficulty responding to discovery demands. Id. In a text order later that day, the Court directed Plaintiff to respond to the outstanding discovery demands, and again advised him that his failure to comply may result in dismissal. Dkt. No. 48.

As of the date of this Decision and Order, Plaintiff has failed to respond to Defendants' discovery demands or requests. Mot. at 8. Plaintiff has not communicated with the Court since January 4, 2018. Docket.

**III. LEGAL STANDARD**

 *2  Federal Rule of Civil Procedure 41(b) authorizes involuntary dismissal "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order." Fed. R. Civ. P. 41(b). Such a dismissal is "the harshest of sanctions," to be used against a pro se plaintiff's claim

Phillips v. Proud, Not Reported in Fed. Supp. (2018)

2018 WL 5620416

Case 9:23-cv-00081-DNH-TWD   Document 30   Filed 10/26/23   Page 19 of 64

"only when the circumstances are sufficiently extreme." Baptiste v. Sommers, 768 F.3d 212, 217 (2d Cir. 2014) (per curiam) (citations omitted). A Rule 41(b) dismissal must also "be proceeded by particular procedural prerequisites," including notice. Id. (quoting Mitchell v. Lyons Prof'l Servs., Inc., 708 F.3d 463, 467 (2d Cir. 2013) ). "A district court considering a Rule 41(b) dismissal must weigh five factors," no one of which is generally dispositive:

> (1) [T]he duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

Id. at 216 (quoting Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996) ).

Local Rule 41.2(a) states that "the plaintiff's failure to take action for four (4) months shall be presumptive evidence of lack of prosecution." Courts have repeatedly dismissed cases because the plaintiff failed to prosecute for four months. See, e.g. Deptola v. Doe, No. 04-CV-1379, 2005 WL 2483341, at *2 (E.D.N.Y. Oct. 7, 2005); Wilson v. Oxford Health Plans (N.Y.), Inc., No. 01-CV-3417, 2002 WL 1770813, at *2–4 (S.D.N.Y. July 31, 2002); Antonios A. Alevizopoulos & Assocs., Inc. v. Comcast Int'l Holdings, Inc., No. 99-CV-9311, 2000 WL 1677984, at *2 (S.D.N.Y. Nov. 8, 2000).

**IV. DISCUSSION**

In this case, the Baptiste factors weigh in favor of dismissal. First, by January 4, 2018, Plaintiff had been served discovery demands and had been directed by the Court to respond to them. Jan. 4, 2018 Docket Entry. But some nine months later, Plaintiff still has not done so, well in excess of the four-months that create a presumption of lack of prosecution under the Local Rules. There is no basis for believing that a renewal of communication is imminent. Second, the Court

has repeatedly informed Plaintiff that his failure to notify the Court of a change of address or comply with orders of the Court may result in sanctions, including dismissal of his Complaint. Dkt. No. 39, 47–48. Third, further delay would prejudice Defendants. The discovery period in this case was scheduled to close by January 16, 2018, Dkt. No. 44, but discovery has been delayed due to Plaintiff's absence from the case. Fourth, continued delay cannot vindicate Plaintiff's interest in receiving an opportunity to be heard unless he offers some indication that he intends to take up that opportunity. Yet Plaintiff has made no such indication. Fifth, and finally, "there is nothing in the record to suggest that a sanction less serious than dismissal will resolve the plaintiff's failure to cooperate." Singleton v. City of New York, No. 14-CV-9355, 2015 WL 9581781, at *2 (S.D.N.Y. Dec. 30, 2015). A financial penalty may be even stronger medicine than dismissal for a pro se plaintiff proceeding in forma pauperis.

Simply put, "[t]here is no indication that [Plaintiff] wishes to continue with this action." Garcia v. Tal on 1st Inc., No. 14-CV-9042, 2016 WL 205442, at *2 (S.D.N.Y. Jan. 15, 2016). The "circumstances are sufficiently extreme" to warrant dismissal. Id. (quoting Lucas, 84 F.3d at 535); see also, e.g., Osborn v. Montgomery, No. 15-CV-9730, 2018 WL 2059842, at *1–2 (S.D.N.Y. May 1, 2018) (adopting magistrate judge's recommendation of dismissal after a pro se litigant's failure to update his address and communicate with the court or opposing counsel caused a five-month delay in proceedings).

**\*3** Accordingly, this case is dismissed.

The exact timing of the alleged malicious prosecution is unclear from the Complaint, but for the alleged July 21, 2015 wrongdoing underlying all other claims, the three-year statute of limitations has passed. N.Y. C.P.L.R. § 214(5). Accordingly, dismissal for all claims except for the malicious prosecution claim shall be with prejudice. While the Court has discretion to likewise dismiss the malicious prosecution claim with prejudice, the Court dismisses that claim without prejudice, in light of Plaintiff's pro se status.

**V. CONCLUSION**

Accordingly, it is hereby:

**ORDERED**, that Defendants' Motion to Dismiss (Dkt. No. 54) is **GRANTED**, and the Complaint is **DISMISSED with prejudice** as to all claims except for the malicious prosecution

2018 WL 5620416

claim, which is **DISMISSED without prejudice**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

**All Citations**

Not Reported in Fed. Supp., 2018 WL 5620416

---

**End of Document**

© 2023 Thomson Reuters. No claim to original U.S. Government Works.

---

 © 2023 Thomson Reuters. No claim to original U.S. Government Works.

2020 WL 5536800
Only the Westlaw citation is currently available.
United States District Court, N.D. New York.

Martin Peter MAYER, Plaintiff,

v.

CLINTON COUNTY, et al., Defendants.

No. 9:17-CV-905 (GLS/CFH)
|
Signed 08/07/2020

**Attorneys and Law Firms**

Martin Peter Mayer, 51 Richmond Avenue, Apartment AO, Buffalo, New York 14222, Plaintiff pro se.

OF COUNSEL: APRIL J. LAWS, ESQ., COREY A. RUGGIERO, ESQ., GREGG T. JOHNSON, ESQ., LORRAINE CLARE JELINEK, ESQ., Johnson & Laws, LLC, 648 Plank Road, Suite 204, Clifton Park, New York 12065, Attorneys for defendant Shannon Finnell.

**REPORT-RECOMMENDATION AND ORDER** [1]

[1] This matter was referred to the undersigned for Report-Recommendation and Order pursuant to 28 U.S.C. § 636(b) and N.D.N.Y. L.R. 72.3(c).

CHRISTIAN F. HUMMEL, U.S. MAGISTRATE JUDGE

**\*1** Plaintiff pro se Martin Peter Mayer ("plaintiff"), a former pretrial detainee who was, at all relevant times, in the custody of the Clinton County Correctional Facility ("Clinton County C.F."), brings this action pursuant to 42 U.S.C. § 1983, alleging that defendants Registered Physician Assistant Scott Liberty ("Liberty"), Dr. Glenn Schroyer ("Schroyer"), and Registered Nurse Shannon Finnell [2] ("Finnell")—who, at all relevant times, were employed at Clinton County C.F. —violated his constitutional rights under the Fourteenth Amendment. See Dkt. No. 21. Presently pending before the Court are Finnell's renewed Motions to Dismiss pursuant to Rule 37(b), Rule 37(d), and Rule 41(b) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), as well as Local Rules 10.1(c)(2) and 41.2(b). See Dkt. Nos. 65, 66. For the following reasons, it is recommended that Finnell's motions be granted.

[2] The correct spelling of this defendant's name is "Finnell," not "Finnel." See Dkt. No. 45 at 1 (noting that defendant's correct name is "Shannon Finnell," but that she was sued as "Shannon Finnel."). The Clerk of the Court is respectfully requested to modify the docket accordingly.

**I. Background**

Plaintiff commenced this action in the Western District of New York on July 18, 2017, while incarcerated at Buffalo Federal Detention Center, located at 4250 Federal Drive, Buffalo, New York 14020. See Dkt. No. 1. On August 17, 2017, the Western District transferred the action to this Court. See Dkt. No. 3. On September 5, 2017, plaintiff filed a motion for leave to proceed in forma pauperis ("IFP"). See Dkt. No. 6. On September 27, 2017, Senior District Court Judge Gary L. Sharpe granted plaintiff's IFP application and dismissed plaintiff's claims for monetary damages against Clinton County C.F. and the Clinton County Sheriff, David N. Faro ("Faro"), in his official capacity, with prejudice, and all other remaining claims without prejudice. See Dkt. No. 9 at 13-15. The Court instructed plaintiff that, if he wished to proceed with this action, he must file an amended complaint. See id. On October 12, 2017, plaintiff filed an amended complaint. See Dkt. No. 10. The Court dismissed plaintiff's amended complaint for failure to state a claim and, again, ordered that if plaintiff wished to proceed in this action, he must file an amended complaint within 30 days of the Court's Decision and Order. See Dkt. No. 14 at 3. Plaintiff filed a second amended complaint on December 18, 2017. See Dkt. No. 16.

On January 24, 2018, upon review of plaintiff's second amended complaint (Dkt. No. 16), the Court dismissed plaintiff's claims against Clinton County and Faro pursuant to 28 U.S.C.§ 1915(e)(2)(B) and 28 U.S.C. § 1915A(b); and ordered that plaintiff's Fourteenth Amendment claims against defendants Finnell, Liberty, and Schroyer survived sua sponte review and required a response. See Dkt. No. 19 at 9. In the January 24, 2018 Decision and Order, the Court stated: "Plaintiff is also required to promptly notify the Clerk's Office and all parties or their counsel, in writing, of any change in his address; [his] failure to do so will result in the dismissal of his action." Dkt. No. 19 at 10 (emphasis omitted). In addition, because plaintiff's second amended complaint was not signed, the Court granted him permission to submit a

signed certificate verifying his signature within 30 days, see id. at 8-9, which he did, and his second amended complaint was re-filed on February 6, 2018. See Dkt. No. 21. On April 26, 2018, plaintiff notified the Court of his change in address from Buffalo Federal Detention Center to 221 Rapin Place, Buffalo, New York 14211. See Dkt. No. 29.

 **\*2** On May 1, 2018, the undersigned issued a Mandatory Pretrial Discovery and Scheduling Order, which set discovery and motion deadlines. See Dkt. No. 30. The undersigned also directed plaintiff to produce specific categories of documents to Finnell, and granted Finnell leave to conduct a deposition of plaintiff. See id. at 1, 4. On August 14, 2018, Finnell served plaintiff with a document entitled First Demand for the Production of Documents and Things, dated July 9, 2018. See Dkt. No. 45-2. On September 12, 2018, Finnell sent plaintiff a letter requesting that he complete and sign a form authorizing the release of his health information so that she could obtain his records from the Clinton County Sheriff's Department. See Dkt. No. 45-3. On October 19, 2018, Finnell served plaintiff a Deposition Notice. See Dkt. No. 45-4. Finnell requested that plaintiff confirm his appearance at the deposition. See id. at 2. Finnell mailed the aforementioned documents to plaintiff's 221 Rapin Place address provided in his April 26, 2018 Notice of Change of Address. See Dkt. No. 45-6. Plaintiff did not respond to these discovery demands and failed to communicate with Finnell. See Dkt. No. 45-5 at 6-7.

On October 26, 2018, Finnell filed a letter motion requesting that the undersigned hold a conference to address plaintiff's failure to respond to the Mandatory Pretrial Discovery and Scheduling Order, demands for production of documents, and a letter requesting confirmation of a properly-noticed deposition. See Dkt. No. 40 at 1. On November 8, 2018, the undersigned issued a Text Order scheduling a status conference for November 27, 2018. See Dkt. No. 41. The undersigned directed both parties to appear in person and advised plaintiff that he should immediately inform the Court if he was unable to appear. See id. The undersigned also informed plaintiff that "failing to attend court Ordered conferences as directed and failing to notify the Court of any change in address may result in the dismissal of this case." Id. Plaintiff failed to appear at the November 27, 2018 conference, and did not otherwise contact the Court. See Text Min. Entry dated Nov. 27, 2018; Dkt. No. 45-5 at 7. That same day, the undersigned set a briefing schedule for Finnell to file a Motion to Dismiss for failure to prosecute. See Dkt. No. 42.

On January 11, 2019, Finnell filed a motion to dismiss pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute the action or comply with Court orders or, in the alternative, pursuant to Fed. R. Civ. P. 37(b)(2)(A) for failure to comply with the Court's May 2018 discovery Order. See Dkt. Nos. 45; 45-5 at 8-16, 17-20. On January 30, 2019, Finnell renewed her motion to dismiss after plaintiff failed to respond by the January 25, 2019 deadline. See Dkt. No. 46. On February 25, 2019, the undersigned issued a Text Order indicating that it appeared that plaintiff had changed addresses. See Dkt. No. 48; see also Dkt. No. 47 (letter addressed to the Board of Immigration Appeal, but sent to the Northern District, indicating that plaintiff resided at 50 Wyoming Ave, Buffalo, New York 14215). In light of plaintiff's pro se status, the Court granted him an extension of time until March 18, 2019, to file a response. See Dkt. No. 48. The undersigned noted that "[p]laintiff's failure to file any response to the motion may result in the motion being granted since the court will not have the benefit of the plaintiff's response to consider in making its decision." Id. On March 8, 2019, plaintiff filed a response. See Dkt. No. 49.

In April 2019, the undersigned issued a Report-Recommendation & Order recommending that, in light of plaintiff's pro se status, Finnell's motion to dismiss be denied without prejudice to renew. See Dkt. No. 50 at 8-10. On June 6, 2019, plaintiff filed objections to the April 2019 Report-Recommendation & Order by letter with a return address of 51 Richmond Ave, Buffalo, New York 14222. See Dkt. No. 52. On July 18, 2019, the Court sent notice of a telephone conference to the parties to be held on August 1, 2019. See Dkt. No. 53. The Court mailed the notice to plaintiff's 50 Wyoming Ave, Buffalo, New York 14125 address. See Dkt. No. 57. Plaintiff did not appear for that conference and Finnell was given permission to renew her motion to dismiss. See Text Min. Entry dated August 1, 2019. Thereafter, the Court set a briefing schedule for Finnell's renewed motion to dismiss in which plaintiff was directed to respond to the motion by September 25, 2019, and the Court warned plaintiff that his "failure to respond, abide by Court Orders and failing to attend Court Ordered conferences may result in sanctions to include dismissal of this action." Dkt. No. 54.

 **\*3** On August 15, 2019, the Court received a letter from plaintiff that listed his current address as 51 Richmond Ave, Apt. AO, Buffalo, New York 14222; indicated that he received the Court's July 18, 2019 notice of conference, which he referred to as the "Minute Entry filed on [August 1, 2019]"; and stated that he was currently homeless and

awaiting his pending immigration hearing. Dkt. No. 55 at 1 (internal quotation marks omitted); see id. at 2, 4, 5. Plaintiff explained that he was unable to afford, among other things, to obtain print outs of his "Clinton County medical records again" and that he had sent "all documents [he] had to [the] Court." Id. at 4. On August 19, 2019, the Court gave the parties notice of a teleconference scheduled for August 22, 2019. See Dkt. No. 56. On August 21, 2019, the Court's July 18, 2019 notice of conference, which was sent to plaintiff's 50 Wyoming Ave address, was returned to the Court marked "not deliverable." Dkt. No. 57 at 1 (capitalization omitted).

On August 22, 2019, plaintiff appeared via telephone for a status conference in which the Court inquired as to the status of plaintiff's immigration proceedings, his ability to respond to discovery and travel to Albany for deposition and, if necessary, trial. See Text Min. Entry dated August 22, 2019. Plaintiff advised the Court that his immigration hearing was scheduled for September 10, 2019. See id. The Court then directed Finnell to again provide plaintiff with her discovery demands at "the address now confirmed as plaintiff's residence." Id. On August 23, 2019, the Court issued a Text Order extending the discovery deadline to December 31, 2019, and the motion deadline to February 10, 2020, and "strongly reminded [plaintiff] that failure to abide by Court Orders, to attend court directed conferences, or to respond to [d]iscovery demands can result in sanctions that may include dismissal of [the] case." Dkt. No. 58. On August 26, 2019, Finnell then sent a Deposition Notice to plaintiff's 51 Richmond Ave address; however, the notice was returned as undeliverable. See Dkt. No. 65-5 at 7-8. On September 10, 2019, Senior District Court Judge Gary L. Sharpe adopted the undersigned's April 2019 Report-Recommendation & Order in its entirety. See Dkt. No. 59.

On September 11, 2019, plaintiff sent a letter to the Court in response to Finnell's discovery requests in which he acknowledged the receipt of Finnell's requests, but stated that he was unable to comply due to being homeless and without funds to pay for the fees associated with obtaining the pertinent documents. See Dkt. No. 60 at 2-3. Thereafter, plaintiff did not communicate with the Court for a period of nearly three months, until he sent a letter to the Court on December 9, 2019, requesting a jury trial. See Dkt. No. 61. Finnell then filed a letter motion requesting the Court to schedule a conference "to address [p]laintiff's continu[ed] refusal to comply with discovery and Court Orders," Dkt. No. 62 at 1, which the Court granted and scheduled for December 27, 2019. See Dkt. No. 63.

On January 10, 2020, the Court issued a Text Order that instructed Finnell to file her motion to dismiss by February 21, 2020, and directed plaintiff to respond by March 12, 2020. See Dkt. No. 64. On February 21, 2020, Finnell filed her renewed motion to dismiss for failure to prosecute and failure to comply with Court orders pursuant to Fed. R. Civ. P. 41(b), failure to comply with this Court's May 2018 discovery order pursuant to Fed. R. Civ. P. 37(b)(2)(a), failure to appear for deposition pursuant to Fed. R. Civ. P. 37(d)(1)(A), and failure to provide this Court with an updated address pursuant to Fed. R. Civ. P. 42(b) and N.D.N.Y. L.R.10.1(c)(2) and 41.2(b). See generally Dkt. No. 65. Plaintiff did not file a response. On March 18, 2020, following the expiration of plaintiff's response deadline, Finnell filed a letter motion requesting dismissal of the action due to plaintiff's lack of response to her renewed motion to dismiss. See Dkt. No. 66.

## II. Discussion [3]

[3]    All unpublished opinions cited in this Report-Recommendation and Order, unless otherwise noted, have been provided to plaintiff.

**\*4** First, Finnell moves to dismiss the amended complaint for failure to prosecute and failure to comply with a court order pursuant to Fed. R. Civ. P. 41(b). See Dkt. No. 65-5. Finnell acknowledges, by reference to her first motion to dismiss, that the legal standard governing dismissal for failure to prosecute is very similar to the legal standard governing dismissal for failure to comply with a court order. See Dkt. No. 65-5 at 13; Dkt. No. 45-5 at 14. Fed. R. Civ. P. 41(b) provides that a court may dismiss an action "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order...." FED. R. CIV. P. 41(b); see Link v. Wabash R.R. Co., 370 U.S. 626, 629 (1962); Baptiste v. Sommers, 768 F.3d 212, 216 (2d Cir. 2014); see also N.D.N.Y. L.R. 41.2 (requiring dismissal when "it appears that the plaintiff has failed to prosecute an action...."). Since a Rule 41(b) dismissal "is a harsh remedy[, it] is appropriate only in extreme situations." Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996) (citation omitted). "Further, where a plaintiff is proceeding pro se, 'courts should be especially hesitant to dismiss for procedural deficiencies....' " Perez v. Wallace, No. 1:15-CV-240 (GTS/CFH), 2016 WL 2865737, at *2 (N.D.N.Y. Apr. 11, 2016) (quoting Spencer v. Doe, 139 F.3d 107, 112 (2d Cir. 1998)), report and recommendation adopted, No. 1:15-CV-240 (GTS/CFH), 2016 WL 2858657 (N.D.N.Y.

May 16, 2016). A determination of whether to dismiss an action pursuant to Rule 41(b) involves consideration of:

(1) the duration of the plaintiff's failure to comply with the court order,

(2) whether [the] plaintiff was on notice that failure to comply would result in dismissal,

(3) whether the defendants are likely to be prejudiced by further delay in the proceedings,

(4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and

(5) whether the judge has adequately considered a sanction less drastic than dismissal.

Lucas, 84 F.3d at 535 (spacing added) (citing Jackson v. City of New York, 22 F.3d 71, 74 (2d Cir. 1994)). "Generally, no one factor is dispositive." Shannon v. Gen. Elec. Co., 186 F.3d 186, 194 (2d Cir. 1999) (internal quotation marks and citation omitted). "When imposed, the sanction of dismissal 'operates as an adjudication upon the merits,' but may be without prejudice if so specified by the court imposing it." Lyell Theatre Corp. v. Loews Corp., 682 F.2d 37, 43 (2d Cir. 1982) (quoting FED. R. CIV. P. 41(b)).

After assessing the Lucas factors, the undersigned concludes that dismissal is appropriate. First, the duration of plaintiff's failure to comply with Court orders weighs in favor of dismissal. Prior to plaintiff's letter dated February 15, 2019, plaintiff had not been in contact with Finnell or the Court for a period over eight months. See Dkt. Nos. 45-5 at 8, 47. In that time, plaintiff failed to serve documents pursuant to the Court's May 2018 discovery Order or Finnell's July 2018 Demand for the Production of Documents and Things, did not obtain authorizations for medical records, and failed to respond to Finnell's Deposition Notice. See Dkt. Nos. 30, 45-5 at 7. Plaintiff filed a response to Finnell's January 2019 motion to dismiss and filed objections to the undersigned's Report-Recommendation and Order in March and June 2019, respectively. See Dkt. Nos. 49, 52. However, plaintiff failed to appear for a court-ordered conference on August 11, 2019. See Dkt. No. 54.

Although plaintiff notified this Court of a change in his address to 51 Richmond Ave on August 15, 2019; appeared for a Court ordered teleconference on August 22, 2019; and sent a letter regarding the outstanding discovery requests

on September 11, 2019, plaintiff then did not contact this Court for nearly three months. See Dkt. Nos. 58, 60; Text Min. Entry dated Aug. 22, 2019. Following this period of inactivity, plaintiff filed a letter motion on December 9, 2019, and appeared for a Court ordered conference on January 9, 2020. See Dkt. No. 61; Text Min. Entry dated Jan. 9, 2020. However, he has not been in contact with this Court or Finnell since that date—a period of over six months—and has not opposed Finnell's renewed motion to dismiss. See Dkt. No. 61; Text Min. Entry dated Jan. 9, 2020. Additionally, plaintiff still has not resolved the outstanding discovery requests or responded to Finnell's second Deposition Notice. See Dkt. No. 45-5 at 7-8.

**\*5** Plaintiff's failure to communicate with this Court for the last six months, appear for conferences, or respond to Finnell's renewed motion to dismiss weighs in favor of dismissal. See Smith v. Graziano, No. 9:08-CV-469 (GLS/RFT), 2010 WL 1330019, at \*3 (N.D.N.Y. Mar. 16, 2010) (finding that the plaintiff's failure to communicate with the court or the defendant for "more than six months" weighed in favor of dismissal), report and recommendation adopted, No. 9:08-CV-469 (GLS/RFT), 2010 WL 1332503 (N.D.N.Y. Apr. 6, 2010); Hartley v. Devlin, No. 9:14-CV-1366 (GLS/CFH), 2018 WL 4087976, at \*2 (N.D.N.Y. July 30, 2018) (holding that no communication for a period of five months weighed in favor of dismissal when the plaintiff failed to appear for two conferences and failed to respond to the defendant's second motion to dismiss after the plaintiff had previously not been in communication for a period of four months), report and recommendation adopted, No. 9:14-CV-1366 (GLS/CFH), 2018 WL 4078267 (N.D.N.Y. Aug. 27, 2018); see also N.D.N.Y. L.R. 41.2(a) ("[T]he plaintiff's failure to take action for four (4) months shall be presumptive evidence of lack of prosecution."). Plaintiff's failure to resolve the outstanding discovery issues also weighs in favor of dismissal. See Perez, 2016 WL 2865737, at \*3 (holding that plaintiff's failure to participate in discovery for over a year weighed in favor of dismissal).

Second, regarding whether plaintiff was on notice that his failure to comply could result in dismissal, this Court notified him on at least three occasions that his failure to attend court ordered conferences or to notify the Court of any changes in address could result in dismissal of his case. See Dkt. Nos. 19, 41, 50. On at least three separate occasions, this Court also notified plaintiff that his failure to participate in this action could result in the dismissal of his case. See Dkt. Nos. 50, 54, 58. Thus, plaintiff was on notice that failing to comply with

court orders or otherwise participate in this action could result in dismissal. See Hartley, 2018 WL 4087976, at *2 (finding that the plaintiff had sufficient notice to justify dismissal for failure to prosecute where he "was advised on at least four occasions that the failure to comply with Court rules or to attend Court conferences may result in the dismissal of [his] action.").

Third, with respect to whether Finnell is likely to be prejudiced by further delays in the proceedings, Finnell's inability to depose plaintiff or collect necessary documents to defend herself in this matter weighs in favor of dismissal. See Antonios A. Alevizopoulos & Assocs., Inc. v. Comcast Int'l Holdings, Inc., No. 99-CV-9311 (SAS), 2000 WL 1677984, at *3 (S.D.N.Y. Nov. 8, 2000) (finding that the defendants' inability to depose the plaintiff "makes it difficult, if not impossible [for the defendants] to defend the lawsuit" and weighs in favor of Rule 41(b) dismissal). Fourth, the undersigned concludes that "[p]laintiff's continu[ed] failure to comply with court orders [or] participate in discovery has significantly delayed the resolution of this matter, thereby contributing to the Court's congestion." Perez, 2016 WL 2865737, at *3. Fifth, with regard to whether lesser sanctions than dismissal would be appropriate, the Court is aware that dismissal is a harsh remedy, especially when the plaintiff is pro se. See Salahuddin v. Harris, 782 F.2d 1127, 1132 (2d Cir. 1986). However, the undersigned concludes that lesser sanctions would have no effect on plaintiff or this litigation —which has been pending since July 2017. See Perez, 2016 WL 2865737, at *3 (finding that lesser sanctions would have no effect on litigation that had been pending for 13 months).

Finnell also moves to dismiss pursuant to Local Rules 10.1(c)(2) and 41.2(b) for plaintiff's failure to provide this Court with an updated address. See Dkt. No. 65-5 at 19. "All ... pro se litigants must immediately notify the Court of any [c]hange of address." N.D.N.Y. L.R. 10.1(c)(2) (emphasis omitted). "Failure to notify the Court of a change of address in accordance with [N.D.N.Y.] L.R. 10.1(c)(2) may result in the dismissal of any pending action." N.D.N.Y. L.R. 41.2(b). The undersigned concludes that plaintiff's failure to keep his address current with the Court weighs in favor of dismissal. See Benitez v. Taylor, No. 9:13-CV-1404 (TJM/TWD), 2014 WL 7151607, at * 2-3 (N.D.N.Y. Dec. 13, 2014) (holding that the plaintiff's failure to prosecute and to inform the court of any changes in address weighed in favor of dismissal).

*6 Alternatively, Finnell moves to dismiss pursuant to Fed. R. Civ. P. 37(b)(2)(A) for failure to comply with this Court's

May 2018 discovery Order. Rule 37(b)(2)(A)(v) provides that, "[i]f a party ... fails to obey an order to provide or permit discovery, ... the court where the action is pending may issue further just orders[, including] dismissing the action or proceeding in whole or in part."

> Courts must consider the following relevant factors when determining whether dismissal is appropriate under Fed. R. Civ. P. 37(b): "[1] the willfulness of the non-compliant party [and] the reason for the non-compliance; [2] the efficacy of lesser sanctions; [3] the duration of the period of non-compliance; and [4] whether the non-compliant party has been warned of the consequences of non-compliance."

Heendeniya v. St. Joseph's Hosp. Health Ctr., No. 5:15-CV-1238 (GTS/TWD), 2018 WL 5297806 (GTS/TWD), at *2 (N.D.N.Y. Oct. 25, 2018) (quoting Agiwal v. Mid Island Mortg. Corp., 555 F.3d 298, 302 (2d Cir. 2009)). "Notably, in order to impose the extreme sanction of dismissal, the court must find 'willfulness, bad faith, or [ ] fault on the part of' the individual from who discovery is sought." Id. (quoting Bobal v. Rensselaer Polytechnic Inst., 916 F.2d 758, 764 (2d Cir. 1990) (additional citation omitted)).

As to the willfulness of plaintiff's failure to comply with discovery, the undersigned concludes that this factor weighs in favor of dismissal. The Court instructed plaintiff that failing to abide by Court Orders or respond to discovery demands could result in dismissal of his case on at least three occasions. See Dkt. Nos. 50, 54, 58. Despite these warnings, plaintiff has not served any of the documents Finnell requested in the two years since her initial requests were made. Although plaintiff has indicated that he was homeless and could not obtain the documents, he stated that he would "actively approach the [document-holding] entities again for document copies." Dkt. No. 60 at 3. However, plaintiff still has not complied, nor offered any further explanation for his inability to do so for a period of over six months. See Dkt. No. 65-5 at 22. Therefore, this factor weighs in favor of dismissal. See Heendeniya, 2018 WL 5297806, at *5 (holding that the plaintiff's failure to participate in discovery without explanation weighed in favor of dismissal). Concerning the remaining three factors, as discussed in detail above, the undersigned concludes that (1) lesser sanctions would have no effect on plaintiff or this litigation, (2) plaintiff's failure to participate in discovery weighs in favor of dismissal, and (3) plaintiff had sufficient notice that his failure to participate in discovery could lead to dismissal of his action. See supra, pp. 10-11.

As a final matter, Finnell also argues that the amended complaint must be dismissed due to plaintiff's failure to appear for his deposition pursuant to Fed. R. Civ. P. 37(d)(1)(A). A court may impose sanctions on a party, including dismissal of the action, if the party "fails, after being served with proper notice, to appear for that person's deposition." FED. R. CIV. P. 37(d)(1)(A)(i). "Dismissal is a drastic remedy which should generally only be used when lesser sanctions would be inappropriate." Ruffin v. Mack, No. 9:17-CV-0481 (MAD/CFH), 2018 WL 2926275, at *3 (N.D.N.Y. Apr. 9, 2018) (citing S. New Eng. Tel. Co. v. Glob. NAPs Inc., 624 F.3d 123, 144 (2d Cir. 2010) (additional citations omitted)), report and recommendation adopted, No. 9:17-CV-0481 (MAD/CFH), 2018 WL 2926278 (N.D.N.Y. June 8, 2018). "[H]owever, discovery orders are meant to be followed; thus, dismissal is justified when noncompliance is attributed to willfulness, bad faith, or fault of the offending party." Ruffin, 2018 WL 2926275, at *3 (internal quotation marks and citations omitted). "In deciding an appropriate sanction, 'the court may consider the full record ... [specifically] the willfulness of the non-compliant party; the reasons for the noncompliance; the efficacy of lesser sanctions; the duration of the non-compliance; and whether the party has been warned of the consequences of noncompliance.' " Id. (quoting Broad. Music, Inc. v. Metro Lounge & Café LLC, No. 10-CV-1149 (NAM/ATB), 2012 WL 4107807, at *2 (N.D.N.Y. July 18, 2012)) (alterations in original).

*7 "The goals of sanctions are to 'ensure that a party will not benefit from its own failure to comply ... [, act as] specific deterrents and seek to obtain compliance with the particular order issued [, and] ... serve [as] a general deterrent on the case at hand and on other litigation....' "

Id. (quoting Update Art, Inc. v. Modiin Pub., Ltd., 843 F.2d 67, 71 (2d Cir. 1988)) (alterations in original). Here, Finnell served plaintiff with a proper Deposition Notice. See Dkt. No. 45-4. However, as stated above, plaintiff failed to confirm his appearance for his deposition, failed to attend his deposition, and has offered no valid reason for doing so. See Dkt. No. 65-5 at 25. Thus, in light of plaintiff's repeated failure to participate in this litigation or comply with discovery orders, and the Court's repeated warnings that continuing this course of action could result in dismissal, the undersigned concludes that plaintiff's failure to attend his deposition weighs in favor of dismissal.

### III. Conclusion

**WHEREFORE**, for the reasons stated herein, it is hereby

**RECOMMENDED**, that the defendant Finnell's motions (Dkt. Nos. 65, 66) be **GRANTED** in their entirety; and it is further

**RECOMMENDED**, that plaintiff's amended complaint (Dkt. No. 21) be **DISMISSED** with prejudice insofar as asserted against defendant Finnell; and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order on all parties in accordance with the Local Rules.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**. Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993) (citing Small v. Secretary of Health and Human Servs., 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); FED R. CIV. P. 6(a), 6(e), 72. [4]

[4]      If you are proceeding pro se and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. Id. § 6(a)(1)(C).

**IT IS SO ORDERED**.

### All Citations

Slip Copy, 2020 WL 5536800

Hutcheon v. Farnum, Not Reported in Fed. Supp. (2019)

2019 WL 7971873

2019 WL 7971873
Only the Westlaw citation is currently available.
United States District Court, N.D. New York.

Scott M. HUTCHEON, Plaintiff,

v.

E. FARNUM, Defendant.

9:18-CV-00203 (MAD/CFH)
|
Signed 11/04/2019

**Attorneys and Law Firms**

Scott M. Hutcheon, P.O. Box 602, Bellmore, New York 11710, Plaintiff pro se.

Hon. Letitia James, OF COUNSEL: MATTHEW P. REED, ESQ., Assistant Attorney General, Attorney General for the State of New York, The Capitol, Albany, New York 12224, Attorneys for Defendant.

**REPORT-RECOMMENDATION & ORDER**[1]

[1]   This matter was referred to the undersigned for Report-Recommendation and Order pursuant to 28 U.S.C. § 636(b) and N.D.N.Y. L.R. 72.3(c).

CHRISTIAN F. HUMMEL, U.S. Magistrate Judge

  *1   Plaintiff pro se Scott M. Hutcheon ("plaintiff"), a former inmate who was in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"), brings this action pursuant to 42 U.S.C. § 1983, alleging that defendant E. Farnum ("defendant") – who, at all relevant times, was employed at Marcy Correctional Facility ("Marcy") – violated his constitutional rights under the Eighth Amendment. See Dkt. Nos. 1 ("Compl."); Dkt. No. 8. Presently pending before the Court is defendant's Motion to Dismiss pursuant to Rules 37 and 41 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). Dkt. No. 26. For the following reasons, it is recommended that defendant's motion be granted.

**I. Background**

Plaintiff commenced this action on February 16, 2018. See Compl. On February 27, 2018, plaintiff submitted his Motion for Leave to Proceed in forma pauperis ("IFP"). Dkt. No. 5. In this Motion, plaintiff also notified the Court of his pending release and provided a new mailing address for future correspondence. See id. On August 20, 2018, the undersigned issued the Mandatory Pretrial Discovery and Scheduling Order, which set the discovery deadline for February 20, 2019. Dkt. No. 20. A copy of this order was served via regular mail to plaintiff's updated address. See Text Entry dated Aug. 20, 2018. On January 2, 2019, defendant served plaintiff with a Notice of Deposition for January 28, 2019. See Dkt. No. 26-2 ("Reed Decl.") ¶ 8; Dkt. No. 26-2, Exh. C. On January 28, 2019, plaintiff failed to appear for his deposition. Reed Decl. ¶¶ 10,11; Dkt. No. 26-2; Exh. D. Plaintiff did not contact defendant's counsel or communicate that he was unable to attend. Reed Decl. ¶ 10. Additionally, defendant had no reason to believe that the Notice of Deposition mailed to plaintiff on January 2, 2019, did not reach plaintiff at his updated address as it was not returned as undeliverable. Id. ¶ 9. Defendant incurred costs of $77.80 for the January 28, 2019, deposition transcript. Id. ¶ 11.

On February 4, 2019, the undersigned set a telephone status conference for February 15, 2019, and advised plaintiff that "fail[ure] to participate in court conferences or abide by Court Orders may result in the dismissal of [the] action." Dkt. No. 23. The Court sent notice of the telephone status conference by regular mail to plaintiff's updated address that day. Id. Plaintiff failed to appear for the February 15, 2019, telephonic status conference and did not contact the Court. Text Min. Entry dated Feb. 15, 2019. On February 27, 2019, the undersigned granted defendant's request to file a motion to dismiss and set a briefing schedule. See Dkt. No. 25. On April 2, 2019, defendant filed a Motion to Dismiss for Lack of Prosecution. Dkt. No. 26. Plaintiff was afforded until April 26, 2019, to file a response to the Motion to Dismiss. Dkt. No. 25. To date, plaintiff has not responded to defendant's Motion to Dismiss, nor has he engaged in any activity or communication with the Court since filing his Motion for Leave to Proceed IFP in February 2018. See Dkt. No. 26.

**II. Discussion**[2]

[2]   All unpublished opinions cited in this Report-Recommendation and Order, unless otherwise noted, have been provided to plaintiff.

Hutcheon v. Farnum, Not Reported in Fed. Supp. (2019)

2019 WL 7971873

**\*2** Defendant requests an order from the Court "dismissing this action, with prejudice, pursuant to Fed. R. Civ. P. 41(b), Fed. R. Civ. P. 37(b)(2)(v), and Local Rule 1.1(d), on the ground that plaintiff has failed to prosecute this action and has failed to comply with the Court's discovery orders." Dkt. No. 26-1 ("Def. Mem. of Law") at 3. [3]

[3]    The page numbers following citations to Def. Mem. of Law refer to the pagination of the header numbers generated by CM/ECF, not the pagination within the document.

### A. Fed. R. Civ. P. 41(b)

Fed. R. Civ. P. 41(b) provides that a court may dismiss an action "[i]f the plaintiff fails to prosecute or comply with [the Federal Rules of Civil Procedure] or a court order ..." FED. R. CIV. P. 41(b); see Link v. Wabash R.R. Co., 370 U.S. 626, 629 (1962); see Baptiste v. Sommers, 768 F.3d 212, 216 (2d Cir. 2014); see also N.D.N.Y. L.R. 41.2. Since a Rule 41(b) dismissal "is a harsh remedy ... [it] is appropriate only in extreme situations." Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996) (citation omitted). A determination of whether to dismiss an action pursuant to Rule 41(b) involves consideration of:

(1) the duration of the plaintiff's failure to comply with the court order,

(2) whether [the] plaintiff was on notice that failure to comply would result in dismissal,

(3) whether the defendants are likely to be prejudiced by further delay in the proceedings,

(4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and

(5) whether the judge has adequately considered a sanction less drastic than dismissal.

Lucas, 84 F.3d at 535 (citing Jackson v. City of New York, 22 F.3d 71,74 (2d Cir. 1994)) (additional citations omitted). "Generally, no one factor is dispositive." Shannon v. Gen. Elec. Co., 186 F.3d 186, 194 (2d Cir. 1999) (internal quotation marks and citation omitted). "When imposed, the sanction of dismissal 'operates as an adjudication upon the merits,' but may be without prejudice if so specified by the court imposing

it." Lyell Theatre Corp. v. Loews Corp., 682 F.2d 37, 43 (2d Cir. 1982) (quoting FED. R. CIV. P. 41(b)).

A review of the Court's docket shows that plaintiff's inactivity began after he filed his Motion for Leave to Proceed IFP and notice of change of address on February 27, 2018. See Dkt. No. 5. On October 17, 2018, defendant provided plaintiff documents in accordance with the Mandatory Pretrial Discovery and Scheduling Order, yet plaintiff never provided defendant with any discovery. Reed Decl. ¶¶ 4, 6. Although plaintiff received adequate notice from defendant and the Court's Mandatory Pretrial Discovery and Scheduling Order, which advised him that "failure ... to attend, be sworn, and answer appropriate questions may result in sanctions, including dismissal of the action[,]" he failed to appear for his deposition on January 28, 2019. Reed Decl. ¶¶ 8, 10; Dkt. No. 20; Dkt. No. 26-2, Exhs. C, D. After plaintiff's failure to appear at his deposition, the Court set a telephone status conference for February 15, 2019, and again advised plaintiff that "failing to participate in court conferences or abide by Court Orders may result in the dismissal of his action." Dkt. No. 23. However, plaintiff did not appear for that conference. See Text Min. Entry dated Feb. 15, 2019. Additionally, Plaintiff failed to respond to defendant's Motion to Dismiss, despite being informed of that duty and the consequences of failing to respond. See Dkt No. 20 at 5; Dkt. No. 25; Dkt. No. 26-1 at 1; Text Min. Entry dated Feb. 15, 2019. For the past eighteen months plaintiff has not communicated with defendant or the Court in any manner.

**\*3** Further, defendant has been prejudiced by plaintiff's complete failure to participate in discovery. See Lucas, 84 F.3d at 535. Defendant has been denied access to necessary information to defend herself in this action and has incurred costs in preparing for and arranging plaintiff's January 28, 2019 deposition. See Def. Mem. of Law at 4; Reed Decl. ¶11. Defendant argues that she will be prejudiced by further delay because "[m]emory of the events giving rise to plaintiff's claims has likely faded from witnesses, and from the plaintiff himself, who has yet to be deposed" and since plaintiff is no longer in the custody of DOCCS "it [is] possible that documents that were once in [plaintiff's] possession have been lost during his transition." Def. Mem. of Law at 6; see Shannon v. Gen. Elec., 186 F.3d 186, 195 (2d Cir. 1999) (discussing how unreasonable delay can be presumed even in the absence of a District Court's finding of specific prejudice to a defendant because "delay by one party increases the likelihood that evidence in support of the other party's position will be lost and that discovery and trial

Hutcheson v. Farnum, Not Reported in Fed. Supp. (2019)

Case 9:23-cv-00081-DNH-TWD   Document 30   Filed 10/26/23   Page 29 of 64

2019 WL 7971873

will be made more difficult.") (citation omitted); Antonios A. Alevizopoulos & Associates, Inc. v. Comcast Int'l Holdings, Inc., No. 99-CV-9311 (SAS), 2000 WL 1677984, at * 3 (S.D.N.Y. Nov. 8, 2000) (finding that the defendants' inability to depose the plaintiff "makes it difficult, if not impossible, [for the defendants] to defend the lawsuit" and weighs in favor of Rule 41(b) dismissal.). The undersigned agrees with defendant that she will be further prejudiced by plaintiff's failure to participate in discovery as the events that gave rise to this lawsuit occurred in September 2017. Although defendant has participated in court conferences, very little progress has been able to be made due to plaintiff's absence. Further, witness' and parties' recollection of these events has likely faded and will continue to fade. See Georgiadis v. The First Boston Corp., 167 F.R.D. 24, 25 (S.D.N.Y. 1996) ("[t]he passage of time always threatens difficulty as memories fade."). Additionally, since plaintiff has failed to produce any discovery, access to relevant discovery, such as the parties' abilities to locate witnesses and preserve evidence, will be impacted by further delay. See Shannon, 186 F.3d at 195 (finding that the defendants would be prejudiced by further delay due to the likelihood their evidence had been misplaced and witness' memories had faded since the events at issue in the lawsuit took place over a decade prior, and witness' recollection had diminished.).

The undersigned is cognizant of plaintiff's pro se status; however, sanctions less extreme than dismissal will not be effective in this case. Mindful of the principles of law set forth herein, the undersigned determines that dismissal is appropriate in this matter. Plaintiff's failure to communicate with defendant and the Court subsequent to filing his Motion for Leave to Proceed IFP on April 18, 2018, establishes his intent to abandon this action. Moreover, his complete inactivity and disregard of the Court's notices and orders demonstrates that there is no meaningful way to secure plaintiff's appearance before the Court to litigate this action. See McKnight v. J. Ferrick, et al., No. 9:16-CV-0957 (TJM/DEP), 2017 WL 3172794, at *3 (N.D.N.Y. June 30, 2017) ("[P]laintiff's failure to communicate, which by now is nearly six months, weighs in favor of dismissal ... [a]lthough the length of plaintiff's delay to date is not exceedingly long, there is no indication of an end to his inactivity."). Plaintiff was warned that failure to participate in discovery and appear for a deposition may result in dismissal of his action, see Dkt. Nos. 20, 23, 26-1 at 1; however, he chose to disregard these warnings. Given plaintiff's apparent abandonment and his ongoing refusal to comply, despite being warned of the consequences, the undersigned finds that imposition of any

lesser sanction would not motivate plaintiff to litigate this action.

The undersigned has considered all of the relevant factors and finds that they weigh heavily in favor of dismissal. Thus, it is recommended that defendant's Motion to Dismiss on this ground be granted. Even considering plaintiff's pro se status, it is recommended that the dismissal of the action be with prejudice due to plaintiff's apparent abandonment of this case as evidenced by his lack of communication and participation over the last twenty months, including his failure to appear for his deposition, telephone status conference, or respond to defendant's motion to dismiss. See Karim-Rashid v. T. LaValley, No. 9:18-CV-495 (TJM/DEP), 2019 WL 1557164, at *1 (N.D.N.Y. Apr. 10, 2019) (granting the defendants' motion to dismiss with prejudice based on the pro se plaintiff's failure to appear for his deposition despite a warning from the Court and the plaintiff's failure to respond to the defendants' motion); Gaines v. Bezio, No. 9:09-CV-0176 (GTS/DEP), 2009 WL 2252140, at *1 (N.D.N.Y. July 28, 2009) (dismissing the pro se plaintiff's complaint with prejudice for failure to prosecute and comply with a Court order); Solomon v. Beachlane Management, No. 03 Civ. 5688 (DLC), 2004 WL 2403950, at *1 (S.D.N.Y. Oct. 26, 2004) (discussing a district court's "inherent power to dismiss a case with prejudice for lack of prosecution pursuant to" Fed. R. Civ. P. 41(b)); but c.f. Cintron v. Gettman, No. 9:15-CV-0542 (BKS/TWD), 2017 WL 2303604, at *4 (N.D.N.Y. May 1, 2017) (recommending dismissal of the plaintiff's action be without prejudice for failure to appear for two scheduled depositions); Perkins v. Rock, No. 9:12-CV-0459 (LEK/RFT), 2014 WL 4988224, at *4 (N.D.N.Y. Oct. 7, 2014) (recommending dismissal of the plaintiff's action for failure to prosecute be without prejudice); Jones v. Hawthorne, No. 9:12-CV-1745 (GTS/RFT), 2014 WL 2533166, at *2 (N.D.N.Y. June 5, 2014) (dismissing the pro se plaintiff's complaint without prejudice where the plaintiff had been released from DOCCS custody and failed to provide the Court with an updated address or communicate with the Court for ten months); Grace v. New York, No. 10 Civ. 3853 (LTS/GWG), 2010 WL 3489574, at *2 (S.D.N.Y. Sept. 7, 2010) (recommending dismissal for failure to prosecute without prejudice where the plaintiff could not be reached at the address provided).

## B. Fed. R. Civ. P. 37

Hutcheon v. Farnum, Not Reported in Fed. Supp. (2019)

2019 WL 7971873

Case 9:23-cv-00081-DNH-TWD    Document 30    Filed 10/26/23    Page 30 of 64

**\*4** In the alternative to dismissal under Rule 41(b), defendant argues that plaintiff's complaint should be dismissed pursuant to Fed. R. Civ. P. 37(b)(2)(A)(v) and Fed. R. Civ. P. 37(d) for plaintiff's failure to submit to his deposition on January 28, 2019. See [Redacted] at 7-9. Fed. R. Civ. P. 37(b)(2)(A) provides for sanctions when a party fails to comply with a court order and states in relevant part: "If a party ... fails to obey an order to provide or permit discovery ... the court where the action is pending may issue further just orders." FED. R. CIV. P. 37(b)(2)(A). Fed. R. Civ. P. 37(b)(2)(A)(v) allows for dismissal of the action in its entirety or in part. See FED. R. CIV. P. 37(b)(2)(A)(v). Fed. R. Civ. P. 37(d)(1)(A)(i) provides that the court can issue sanctions when "a party ... fails, after being served with proper notice, to appear for that person's deposition[.]" FED. R. CIV. P. 37(d)(1)(A)(i).

Dismissal is a drastic remedy which should generally only be used when lesser sanctions would be inappropriate. See Southern New England Tel. Co. v. Global NAPs Inc., 624 F.3d 123, 144 (2d Cir. 2010) (citations omitted). "[H]owever, discovery orders are meant to be followed"; thus, dismissal is justified when noncompliance is attributed to willfulness, bad faith, or fault of the offending party. See id. (internal quotation marks and citations omitted). In deciding an appropriate sanction, "the court may consider the full record ... [specifically] the willfulness of the non-compliant party; the reasons for noncompliance; and whether the party has been warned of the consequences of the noncompliance." Broadcast Music, Inc. v. Metro Lounge & Café LLC, No. 5:10-CV-1149 (NAM/ATB), 2012 WL 4107807, at *2 (N.D.N.Y. July 18, 2012) (citations omitted); see also Bambu Sales, Inc. v. Ozak Trading Inc., 58 F.3d 849, 852-54 (2d Cir. 1995). The goals of sanctions are to "ensure that a party will not benefit from its own failure to comply ... [, act as] specific deterrents and seek to obtain compliance with the particular order issued [, and] ... serve [as] a general deterrent effect on the case at hand and on other litigation ..." Update Art, Inc. v. Modiin Pub., Ltd., 843 F.2d 67, 71 (2d Cir. 1988) (citing Nat'l Hockey League v. Metro. Hockey Club, Inc., 427 U.S. 639 (1976)) (per curiam) (additional citation omitted).

As evidenced above, all relevant considerations support the dismissal of plaintiff's action as he has not communicated with either the Court or defendant since February 27, 2018, shortly after commencing this action. See Dkt. No. 5. Moreover, plaintiff did not comply with the Mandatory Pretrial Discovery and Scheduling Order by failing to appear for his deposition, despite being given proper notice

of the deposition, nor did he participate in the Court's telephonic status conference despite being given notice of the deposition and being warned of the consequences of failing to participate. See Dkt. Nos. 20, 23. Plaintiff's mail was never returned to the Court as undeliverable and he has never provided the Court with a different address; thus, it is presumed that plaintiff received all of the Court's communications. There is no indication that plaintiff's refusal to appear for his deposition or the Court's conference was anything but willful. The undersigned finds that the need to alleviate congestion on the Court's docket and prejudice to defendant outweighs plaintiff's right for a further opportunity to be heard in this matter. Accordingly, in the alternative to dismissal under Rule 41(b), it is recommended that dismissal be granted pursuant to Rule 37.

### III. Conclusion

**WHEREFORE**, for the reasons stated herein, it is hereby

**\*5 RECOMMENDED**, that defendants' Motion to Dismiss pursuant to Fed. R. Civ. P. 41(b) (Dkt. No. 26) be **GRANTED** and plaintiff's complaint (Dkt. No. 1) be **DISMISSED with prejudice**; and it is further

**RECOMMENDED**, that, in the alternative to dismissal pursuant to Fed. R. Civ. P. 41(b), defendant's Motion to Dismiss, insofar as it seeks dismissal pursuant to Fed. R. Civ. P. 37(d), be **GRANTED** and plaintiff's complaint (Dkt. No. 1) be **DISMISSED with prejudice**; and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order on all parties in accordance with Local Rules.

Pursuant to 28 U.S.C. § 626(b)(1) and Local Rule 72.1(c), the parties have fourteen days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993) (citing Small v. Secretary of Health and Human Servs., 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 6(e), 72.[4]

Case 9:23-cv-00081-DNH-TWD    Document 30    Filed 10/26/23    Page 31 of 64

Hutcheon v. Farnum, Not Reported in Fed. Supp. (2019)
2019 WL 7971873

4    If you are proceeding pro se and are served with this
     Order by mail, three additional days will be added
     to the fourteen-day period, meaning that you have
     seventeen days from the date the Order was mailed
     to you to serve and file objections. FED. R. CIV. P.
     6(d). If the last day of that prescribed period falls
     on a Saturday, Sunday, or legal holiday, then the
     deadline is extended until the end of the next day

that is not a Saturday, Sunday, or legal holiday. Id.
§ 6(a)(1)(C).

**IT IS SO ORDERED.**


**All Citations**

Not Reported in Fed. Supp., 2019 WL 7971873

---

End of Document

© 2023 Thomson Reuters. No claim to original U.S. Government Works.

 © 2023 Thomson Reuters. No claim to original U.S. Government Works.

2020 WL 90786

2020 WL 90786
Only the Westlaw citation is currently available.
United States District Court, N.D. New York.

Scott M. HUTCHEON, Plaintiff,

v.

E. FARNUM, Defendant.

9:18-CV-203 (MAD/CFH)
|
Signed 01/08/2020

**Attorneys and Law Firms**

SCOTT M. HUTCHEON, P.O. Box 602, Bellmore, New York 11710, Plaintiff pro se.

OF COUNSEL: MATTHEW P. REED, ESQ., OFFICE OF THE NEW YORK STATE ATTORNEY GENERAL, The Capitol, Albany, New York 12224, Attorneys for Defendant.

**DECISION AND ORDER**

Mae A. D'Agostino, U.S. District Judge:

 *1  On February 2, 2018, Plaintiff commenced this action *pro se* pursuant to 42 U.S.C. § 1983 against Defendant E. Farnum. See Dkt. No. 1-1. Plaintiff asserts that Defendant Farnum, who was employed at Marcy Correctional Facility, violated his constitutional rights under the Eighth Amendment. *See id.* at 1–2.

On August 20, 2018, Magistrate Judge Christian F. Hummel issued the Mandatory Pretrial Discovery and Scheduling Order, setting a discovery deadline for February 20, 2019, a copy of which was served via regular mail to Plaintiff's provided address. See Dkt. No. 20; Text Entry dated Aug. 20, 2018. On January 28, 2019, Plaintiff failed to appear for his deposition, after having been served with a notice of same by Defendant on January 2, 2019. *See* Dkt. No. 26-2 at ¶¶ 8, 10, 11; Dkt. No. 26-2, Ex. C. Plaintiff did not contact Defendant's counsel or communicate that he was unable to attend, nor was the Notice of Deposition returned to Defendant as undeliverable. See Dkt. No. 26-2 at ¶¶ 9, 10. On February 4, 2019, Magistrate Judge Hummel set a telephone status conference for February 15, 2019, and advised Plaintiff that "fail[ure] to participate in court conferences or abide by Court Orders may result in the dismissal of [the] action." Dkt.

No. 23. Notice was sent to Plaintiff's provided address, *see id.*, after which Plaintiff failed to appear and did not contact the Court. See Text Min. Entry dated Feb. 15, 2019.

On April 2, 2019, Defendant moved to dismiss the current matter for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b) and failure to obey a discovery order pursuant to Federal Rule of Civil Procedure 37(d). *See* Dkt. No. 26-1. Plaintiff was afforded until April 26, 2019, to file a response. *See* Dkt. No. 25. To date, Plaintiff has not responded to Defendant's Motion to Dismiss, filed objections to Magistrate Judge Hummel's Report-Recommendation and Order, or engaged in any activity or communication with the Court since February 2018. *See* Dkt. Nos. 26, 27.

In a Report-Recommendation and Order dated November 4, 2019, Magistrate Judge Hummel recommended that Plaintiff's complaint be dismissed for failure to prosecute, and in the alternative, failure to obey a discovery order. *See* Dkt. No. 27 at 10–11. Magistrate Judge Hummel considered the five factors the court is required to consider in determining whether dismissal for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure is appropriate. *See id.* at 4. Specifically, Magistrate Judge Hummel found that "[e]ven considering plaintiff's *pro se* status, it is recommended that the dismissal of the action be with prejudice due to plaintiff's apparent abandonment of this case as evidenced by his lack of communication and participation over the last twenty months, including his failure to appear for his deposition, telephone status conference, or respond to defendant's motion to dismiss." *Id.* at 7. Having considered the relevant factors, Magistrate Judge Hummel recommended that the Court find that they "weigh decidedly in favor of dismissal." *Id.*

 *2  When a party files specific objections to a magistrate judge's report-recommendation and order, the district court "make[s] a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(c). However, when a party files "[g]eneral or conclusory objections, or objections which merely recite the same arguments [that he] presented to the magistrate judge," the court reviews these recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *2 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(c).

Case 9:23-cv-00081-DNH-TWD    Document 30    Filed 10/26/23    Page 33 of 64

Hutcheon v. Farnum, Not Reported in Fed. Supp. (2020)
2020 WL 90786

Rule 41(b) of the Federal Rules of Civil Procedure provides that,

> [i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule – except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 – operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b). Dismissal of an action with prejudice under this rule is a "harsh remedy to be utilized only in extreme situations." *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (internal quotation marks and citation omitted). This is particularly true where a plaintiff is proceeding *pro se. See, e.g., Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996) (holding that the circuit court will give due deference to the district court's Rule 41(b) dismissal of a *pro se* litigant's complaint "only when the circumstances are sufficiently extreme").

Notwithstanding a plaintiff's *pro se* status, Rule 41(b) gives the district court explicit authority to dismiss a case where the plaintiff fails to comply with the court's orders or otherwise fails to prosecute the case "diligently." *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982). As explained in *Lyell Theatre*, this authority "is vital to the efficient administration of judicial affairs and provides meaningful access for other prospective litigants to overcrowded courts." *Id.* at 42.

In determining whether dismissal for failure to prosecute is warranted, the district court must consider the following factors, none of which are dispositive: (1) the duration of the plaintiff's failures; (2) whether the plaintiff received notice that further delays would result in dismissal; (3) whether the defendant is likely to be prejudiced by further delay; (4) whether an appropriate balance has been struck between alleviating the court's calendar congestion and protecting the litigants' due process rights; and (5) whether lesser sanctions would be appropriate. *See United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004) (citations omitted).

In the present matter, Plaintiff received adequate notice that his failure to comply with Magistrate Judge Hummel's orders could lead to dismissal, and the Court agrees that no sanction short of dismissal is appropriate. Mindful of the fact that *pro se* cases should not readily be dismissed for procedural deficiencies, the Court concludes that Plaintiff's failures in this case go beyond procedural deficiencies and constitute actual neglect. Plaintiff has failed to prosecute this action diligently and has failed to comply with orders of this Court. As such, the Court finds that each of the factors relevant to the Rule 41(b) analysis favors dismissal.

**\*3** Having reviewed Magistrate Judge Hummel's November 4, 2019 Report-Recommendation and Order and the applicable law, the Court finds that Magistrate Judge Hummel correctly recommended that the Court should dismiss the claim against Defendant with prejudice in light of Plaintiff's failure to prosecute and obey court orders. *See* Dkt. No. 27 at 4–8.

Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Hummel's Report-Recommendation and Order is **ADOPTED in its entirety;** and the Court further

**ORDERS** that Plaintiff's complaint is **DISMISSED** with prejudice; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendants' favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

**All Citations**

Not Reported in Fed. Supp., 2020 WL 90786

---

Perez v. Wallace, Not Reported in Fed. Supp. (2016)

2016 WL 2865737

Case 9:23-cv-00081-DNH-TWD    Document 30    Filed 10/26/23    Page 34 of 64

2016 WL 2865737
Only the Westlaw citation is currently available.
United States District Court, N.D. New York.

Gladys PEREZ, Plaintiff,
v.
Jack WALLACE, Defendant.

No. 1:15-CV-240 (GTS/CFH)
|
Signed 04/11/2016

**Attorneys and Law Firms**

Gladys Perez, 63 Second Street, Unit 1, Waterford, New York 12188, Plaintiff pro se.

City of Albany Corporation Counsel, City Hall, 24 Eagle Street, OF COUNSEL: VALERIE A. LUBANKO, ESQ., JOHN JOSEPH REILLY, ESQ., Albany, New York 12207.

**REPORT–RECOMMENDATION AND ORDER**[1]

[1]    This matter was referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(c).

CHRISTIAN F. HUMMEL, U.S. MAGISTRATE JUDGE

*1    Plaintiff *pro se* brings this action regarding a single car accident and her subsequent arrest which occurred in March 2014. Dkt No. 1 ("Compl.") at 8.[2] Presently pending before the Court is defendant Jack Wallace's motion to dismiss pursuant to Federal Rules of Civil Procedure ("Fed. R. Civ.P") Rule 41(b). Dkt. No. 37. Plaintiff failed to file a response to that motion. For the reasons set forth below, it is recommended that defendant's motion to dismiss for failure to prosecute be granted.

[2]    The arrest did not result in any charges or incarceration. Compl. at 12.

**I. Background**[3]

[3]    Any unpublished decisions cited within this Report–Recommendation and Order are attached hereto.

Plaintiff commenced this action on March 3, 2015 with the filing of a complaint and application to proceed in forma pauperis ("IFP"). Compl., Dkt. No. 2. On March 6, 2015, the Court issued a Report–Recommendation and Order which granted plaintiff's IFP application and recommended that (1) all claims against defendant Wallace in his official capacity be dismissed with prejudice; (2) all claims against defendant Albany Housing Authority be dismissed with prejudice; (3) the Fourth Amendment claim be dismissed without prejudice and with leave to amend; and (4) the assault, battery, and false arrest claims be dismissed without prejudice, and with leave to amend. Dkt. No. 4. Plaintiff did not file objections. On April 21, 2015, the District Court issued a Decision and Order adopting the Report–Recommendation and Order. Dkt. No. 6. That Decision and Order provided that plaintiff's Fourth Amendment claims and assault, battery and false arrest claims would be dismissed with prejudice and without further order of the Court unless, within thirty (30) days of the Decision and Order, plaintiff filed an amended complaint. Dkt. No. 6. Plaintiff failed to file an amended complaint.

On April 24, 2015, an Order was issued scheduling a Rule 16 conference for July 15, 2015. Dkt. No. 8. A copy of that Order was served on plaintiff by regular mail. *Id.* On July 2, 2015, the Court served a text reminder notice on all the parties regarding the Rule 16 conference. Dkt. Entry dated July 2, 2015. Plaintiff failed to appear for that conference. Text Minute Entry dated July 15, 2015. On July 15, 2015, the undersigned issued a text order rescheduling the Rule 16 conference for August 11, 2015. Dkt. No. 29. A copy of that text order was served upon plaintiff by certified mail, return receipt requested, at the address which appears on the court docket. *Id.* That mail was returned to the Court marked "return to sender-unclaimed-unable to forward." Dkt. No. 31.

On August 7, 2015, the United States Judicial Panel on Multidistrict Litigation issued a Transfer Order With Simultaneous Separation and Remand. Dkt. No. 30. Plaintiff's claims against defendants General Motors, LLC, General Motors Holding, LLC, Delphi Automotive, PLC, DPH–DAS, LLC F/K/A/ Delphi Automotive Systems, LLC, and Goldstein Chrysler Jeep, Inc., were transferred to the Southern District of New York. Dkt No. 30. Plaintiff's claims against the City of Albany and defendant Wallace were

Perez v. Wallace, Not Reported in Fed. Supp. (2016)

2016 WL 2865737

remanded, pursuant to 28 U.S.C. § 1407(a), to the Northern District of New York. Dkt No. 30 at 3. [4]

4    As plaintiff did not file an amended complaint in accordance with the Court's Decision and Order dated April 21, 2015, all claims against the City of Albany are dismissed. Dkt. No. 6. The only remaining defendant is patrolman Jack Wallace.

\*2 On August 11, 2015, a Rule 16 Conference was conducted. Plaintiff failed to appear for the Rule 16 Conference. Dkt. Entry dated August 11, 2015. Also on August 11, the Court issued a Uniform Pretrial Scheduling Order. Dkt. No. 32. That Order required, among other things, that each of the parties was to file a status report by November 20, 2015. Dkt. No. 32 at 10. Defendant filed his status report on November 20, 2015. Dkt. No. 34. Plaintiff failed to file a status report as directed by the Court.

On August 11, 2015, the undersigned issued a text order addressed to plaintiff's failure to attend two Rule 16 conferences. Dkt. No. 33. The text order provided that "plaintiff is advised that her failure to attend court conferences or to comply with court orders may result in the dismissal of her case for failure to prosecute." *Id.* A copy of that text order was served on plaintiff by regular mail. *Id.*

On November 23, 2015, the Court issued a text notice scheduling a conference for December 9, 2015. Dkt. No. 35. The parties were directed to appear in person for that conference. *Id.* The notice further provided that plaintiff was to immediately advise the Court if she was unable to appear in person for the conference. *Id.* A copy of that notice was served on plaintiff by regular mail. *Id.* Plaintiff failed to appear for that conference and did not notify the Court that she was unable to attend that conference in person. *Id.*

On December 9, 2015, the undersigned issued a text order setting a briefing schedule for defendant's Motion to Dismiss. Dkt No. 36. Defendant was ordered to file the Motion to Dismiss by December 31, 2015. *Id.* Plaintiff's response was due by January 9, 2016, with any reply to be filed by January 19, 2016. *Id.* The text order again advised plaintiff that failure to attend court conferences and/or to comply with court orders may result in dismissal of this action for failure to prosecute. *Id.*

On December 31, 2015, defendant filed a Motion to Dismiss for failure to prosecute and comply with a court order pursuant to Fed. R. Civ. P 41(b). Dkt. No. 37. Plaintiff was ordered to file any response to that motion by January 12, 2016. *Id.* On January 6, 2016, the Court issued a notice which extended plaintiff's time to file a response to the pending motion until January 19, 2016. Dkt. Entry dated Jan. 6, 2016. A copy of that notice was served on plaintiff by regular mail. *Id.*

## II. Discussion

Fed.R.Civ.P. 41(b) provides that a court may dismiss an action "[i] the plaintiff fails to prosecute or comply with [the Federal Rules of Civil Procedure] or a court order ..." *See* Link v. Wabash R.R. Co., 370 U.S. 626,629 (1962); Baptiste v. Sommers, 768 F.3d 212, 216 (2d. Cir.2014); *see also* N.D.N.Y.L.R. 41.2(b). Since a Rule 41(b) dismissal "is a harsh remedy ... [it] is appropriate only in extreme situations." Lucas v. Miles, 84 F.3d 532, 535 (2d. Cir.1996) (citation omitted). Further, where the plaintiff is proceeding *pro se,* "courts should be especially hesitant to dismiss for procedural deficiencies ..." Spencer v. Doe, 139 F.3d 107,112 (2d Cir.1998) (quoting Lucas, 84 F.3d at 535); *see also* Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 477 (2d Cir.2006). A determination of whether to dismiss an action pursuant to Rule 41(b) involves consideration of:

(1) the duration of the plaintiff's failure to comply with the court order,

(2) whether the plaintiff was on notice that failure to comply with result in dismissal,

(3) whether the defendants are likely to be prejudiced by further delay in the proceedings,

\*3 (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and

(5) whether the judge has adequately considered a sanction less drastic than dismissal.

Lucas, 84 F.3d at 535 (citing Jackson v. City of New York, 22 F.3d 71,74 (2d Cir.1994)) (additional citations omitted).

A review of this case's procedural history shows that the complaint was filed on April 3, 2015. *See* Compl. As such, over one year has elapsed since the filing of this action, yet virtually no discovery has been conducted. A Rule 16 conference was scheduled for July 15, 2015. Dkt No. 8.

Perez v. Wallace, Not Reported in Fed. Supp. (2016)
2016 WL 2865737

Case 9:23-cv-00081-DNH-TWD    Document 30    Filed 10/26/23    Page 36 of 64

Plaintiff failed to appear for that conference. Dkt. Entry dated July 15, 2015. A second Rule 16 conference was scheduled for August 11, 2015. Dkt. No. 29 Plaintiff again failed to appear for that conference. Dkt. Entry dated August 11, 2015. On August 11, 2015, the undersigned issued a text order which advised plaintiff that her failure to attend court conferences or comply with court orders may result in the dismissal of her case for failure to prosecute. *Id.* On December 9, 2015, the undersigned issued a text order which again advised plaintiff that failure to attend court conferences and/or to comply with court orders may result in dismissal of this action. Dkt. No. 36. Despite that warning, plaintiff failed to appear for the conference schedule for December 9, 2015. In view of the foregoing, it is clear that plaintiff has repeatedly been advised that failure to comply with the Court's orders may result in dismissal of this matter.

As a result of plaintiff's failure to participate in discovery and her refusal to attend court conferences, defendant has been denied access to information which he needs to prepare his defense in this matter. *See Shannon v. Gen. Elec. Co.,* 186 F.3d 186,195 (2d Cir.1990). In addition, it appears the address at which plaintiff provided to the Court is no longer valid, as mail sent to plaintiff at that address has been returned as undeliverable. Dkt. Nos. 31 and 38. However, plaintiff has failed to meet her duty to provide this Court with an updated address. Plaintiff's continuing failure to comply with court orders and participate in discovery has significantly delayed the resolution of this matter, thereby contributing to the Court's congestion.

The final consideration in determining whether to dismiss plaintiff's action for failure to prosecute is assessing whether there is a sanction less drastic than dismissal. *See Lucas,* 84 F.3d at 535. The Court is aware that dismissal is a particularly harsh remedy, especially when invoked against a *pro se* plaintiff. *Salahuddin v. Harris,* 782 F.2d 1127,1132 (2d Cir.1986); *Sec. and Exch. Comm'n v. Research Automation Corp.,* 521 F.2d 585,588–89 (2d Cir.1975). Mindful of the

principles of law pronounced above, the undersigned finds that the imposition of a lesser sanction would have no effect on plaintiff or this litigation which has been pending since March 3, 2015. *See* Dkt. No. 1. The Court reaches this conclusion based on plaintiff's failure to provide the Court with a viable address for the service of court orders, refusal to participate in discovery, and plaintiff's continuing failure to comply with court orders and appear for scheduled court proceedings.

### III. Conclusion

 **\*4 WHEREFORE**, for the reasons stated herein, it is hereby

**RECOMMENDED** that defendant Jack Wallace's motion to dismiss plaintiff's complaint (Dkt. No. 37) pursuant to Fed.R.Civ.P. 41(b) be **GRANTED**, and that the complaint be **DISMISSED in its entirety with prejudice**; and it is

**ORDERED** that the Clerk of the Court serve this Report–Recommendation and Order on the parties in accordance with Local Rules.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette,* 984 F.2d 85, 89 (2d Cir.1993)(citing *Small v. Secretary of Health and Human Services,* 892 F.2d 15 (2d Cir.1989)); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 6(e), 72.

### All Citations

Not Reported in Fed. Supp., 2016 WL 2865737

---

Flynn v. Ward, Not Reported in Fed. Supp. (2019)

2019 WL 2085986

Case 9:23-cv-00081-DNH-TWD    Document 30    Filed 10/26/23    Page 37 of 64

2019 WL 2085986
Only the Westlaw citation is currently available.
United States District Court, N.D. New York.

Bruce FLYNN, Plaintiff,

v.

Joe WARD, et al., Defendants.

9:15-cv-1028 (BKS/CFH)
|
Signed 05/13/2019

**Attorneys and Law Firms**

Plaintiff, pro se: Bruce Flynn, 10-A-1558, Elmira Correctional Facility, P.O. Box 500, Elmira, NY 14902.

For Defendants: Brian W. Matula, Esq., Assistant Attorney General, New York State Attorney General's Office, The Capitol, Albany, NY 12224.

## MEMORANDUM-DECISION AND ORDER

Brenda K. Sannes, U.S. District Judge

 *1 Plaintiff pro se Bruce Flynn brought this action under 42 U.S.C. § 1983 alleging that Defendants violated his rights under the First Amendment while he was incarcerated at Mid-State Correctional Facility. (Dkt. Nos. 1, 20). On June 28, 2018, United States District Court Judge Gary L. Sharpe issued an Order denying, in part, the Defendants' summary judgment motion, and ordering that the case is deemed trial ready. (Dkt. No. 67). On April 5, 2019, the case was reassigned to the undersigned, and a copy of the reassignment Order was sent to Plaintiff's last known address at Elmira Correctional Facility. (Dkt. No. 68). On April 5, 2019, the Court also sent a letter to Plaintiff at Elmira Correctional Facility inquiring whether he would like to have counsel appointed to represent him at trial. (Dkt. No. 69). Both of the documents mailed to Plaintiff on April 5, 2019 were returned to the Court as undeliverable. (Dkt. Nos. 70, 71). The return envelopes contained a notation "Released 10-29-18." (*Id.*). On April 19, 2019, the undersigned issued an Order granting Plaintiff fourteen (14) days from that Order to notify the Court of his current address, and notifying Plaintiff that if he failed to comply the action would be dismissed for failure to prosecute. (Dkt. No. 72). That Order was also returned to the Court as undeliverable on April 25, 2019. (Dkt. No. 73).

Federal Rule of Civil Procedure 41(b) provides that a court may dismiss an action "[i]f the plaintiff fails to prosecute or comply with [the Federal Rules of Civil Procedure] or a court order...." Fed. R. Civ. P. 41(b); *see* Link v. Wabash R.R. Co., 370 U.S. 626, 629, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962); *Greeene v. Sposato*, No. 16-CV-1243, 2019 WL 1559421, at *1, 2019 U.S. Dist. LEXIS 61741 (E.D.N.Y. April 9, 2019); *see also* N.D.N.Y. L.R. 41.2(b). It is well settled that Rule 41(b) "gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute." *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001).

Since a Rule 41(b) dismissal is a "harsh remedy ... [it] is appropriate in extreme situations." *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996) (citations omitted). Before dismissing an action under Rule 41(b) for failure to prosecute a district court must consider:

> (1) the duration of the plaintiff's failures, (2) whether plaintiff had received notice that further delays would result in dismissal, (3) whether the defendant is likely to be prejudiced by further delay, (4) whether the district judge has take[n] care to strik[e] the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard ... and (5) whether the judge has adequately assessed the efficacy of lesser sanctions.

*LeSane*, 239 F.3d at 209; *see also* Lewis v. Rawson, 564 F.3d 569, 576 (2d Cir. 2009) (citations omitted).

Under the Local Rules of Practice for this district ("Local Rules"), "[a]ll attorneys of record and *pro se* litigants must immediately notify the court of any changes of address." N.D.N.Y. L.R. 10.1(c)(2) (emphasis omitted). Failure to do so will subject the action to dismissal under Rule 41(b) of the Federal Rules of Civil Procedure and Local Rule 41.2(b) for lack of prosecution. *See e.g., Fenza v. Conklin*, 177 F.R.D. 126, 127 (N.D.N.Y. 1998) (dismissing inmate's action for failure to notify the Court of current address); *see also Rosa v. Keiser*, No. 10-CV-1313, 2012 WL 2178961, at *1, 2012 U.S.

Dist. LEXIS 82529 (N.D.N.Y. May 14, 2012) (dismissing former inmate's action for failure to notify the Court of current address). Plaintiff appears to have understood his obligation to update his address: he notified the Court on August 31, 2016 of a change of address. (Dkt. No. 30).

**\*2**  In this case, dismissal is justifiable. Plaintiff has failed to comply with this Court's Order directing that he update his address, and notifying him that the action would be dismissed if he failed to do so. (Dkt. No. 72). It appears that Plaintiff was released from custody in October 2018, and thus has failed to comply with the Local Rule requiring that he update his address for almost seven months. Plaintiff failed to respond to the Defendants' October 6, 2017 motion for summary judgment; he has not communicated with this Court since May 30, 2017. (Dkt. Nos. 59, 64). While the Defendants have not weighed in on this issue, the Court notes that "[t]he passage of time always threatens difficulty as memories fade...." *Barber v. United States*, No. 11-CV-1100, 2012 WL 1681978, at \*1, 2012 U.S. Dist. LEXIS 67159 (N.D.N.Y. May 14, 2012) (citing *Georgiadis v. First Boston Corp.*, 167 F.R.D. 24, 25 (S.D.N.Y. 1996)). The Court currently has no way of contacting Plaintiff and is therefore unaware of any feasible lesser sanction. The Court finds that, in light of all of these factors, the need to alleviate the Court's docket outweighs Plaintiff's right to an opportunity to his day in court. *Barber*, 2012 WL 1681978, at \*1, 2012 U.S. Dist. LEXIS 67159 ("It is the need to monitor and manage dilatory cases like this one that delay the resolution of other cases, and contribute to the Second Circuit's relatively long median time to disposition for pro se civil rights cases."). Therefore, pursuant to Rule 41(b), dismissal of this action warranted.

Accordingly, it is

**ORDERED** that this action is **DISMISSED without prejudice** for failure to prosecute; and it is further

**ORDERED** that the Clerk of the Court serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

**All Citations**

Not Reported in Fed. Supp., 2019 WL 2085986

---

**End of Document**    © 2023 Thomson Reuters. No claim to original U.S. Government Works.

2021 WL 1701754
Only the Westlaw citation is currently available.
United States District Court, N.D. New York.

Terrence ANTHONY, Plaintiff,

v.

Michael LYONS, et al., Defendants.

9:18-CV-0849 (GLS/CFH)
|
Signed 04/12/2021

**Attorneys and Law Firms**

Terrence Anthony, 17-A-1847, Montgomery County Jail, P.O.
Box 432, Fultonville, New York 12072, Plaintiff pro se.

OF COUNSEL: MICHAEL L. GOLDSTEIN, ESQ.,
Assistant County Attorney, Albany County Attorney's Office,
112 State St., Albany, New York 12207, Attorneys for
Defendants.

**REPORT-RECOMMENDATION AND ORDER**

CHRISTIAN F. HUMMEL, U.S. MAGISTRATE JUDGE

**I. INTRODUCTION**

**\*1** On July 19, 2018, Plaintiff pro se Terrence Anthony
("Plaintiff") commenced this action for claims arising out of
an incident which occurred on April 11, 2017, while he was
incarcerated at the Albany County Correctional Facility. Dkt.
No. 1 at 1; Dkt. No. 50 at 2. Plaintiff filed a complaint and
application to proceed in forma pauperis ("IFP"). Dkt. Nos.
1, 5-6. Plaintiff alleges Eighth Amendment claims relating to:
(1) conditions of confinement against Defendants Corrections
Officer ("C.O.") Miller, C.O. Larry, Michael Lyons, and Chief
of Corrections Brian Mooney; (2) excessive force against
defendant William Carhart; and (3) failure to protect against
Defendants Lyons and Mooney. Dkt. No. 50 at 2-4; see Dkt.
No. 49 at 2.

Presently pending before the Court is Defendants Lyons,
Mooney, and Carhart's motion to dismiss for failure to
prosecute pursuant to Federal Rule of Civil Procedure ("Fed
R. Civ. P.") 41(b) and Rule 10.1(c)(2) of the Local Rules
of the Northern District of New York ("Local Rules"). Dkt.
No. 91-6 at 5-6. Plaintiff did not oppose this motion. For the

reasons set forth below, it is recommended that Defendants
Lyons, Mooney, and Carhart's motion to dismiss for failure
to prosecute be granted, and that Plaintiff's claims against
unserved defendants C.O. Larry and C.O. Miller be dismissed
without prejudice.

**II. BACKGROUND**

On July 19, 2018, the Court issued an Order directing
administrative closure and denying plaintiff's in forma
pauperis (IFP) application. Dkt. No. 4. On July 27, 2018,
Plaintiff re-applied to proceed IFP and the case was
reopened; however, on August 8, 2018, Plaintiff's second IFP
application was denied as incomplete. Dkt. No. 5; Dkt. No. 7;
Dkt. No. 8. On January 4, 2019, the Court issued a Decision
and Order granting Plaintiff's IFP application and ordering
dismissal with prejudice of Plaintiff's claims against the State
of New York under the Eleventh Amendment, and dismissed
the remainder of Plaintiff's claims without prejudice. Dkt.
No. 15 at 2, 10. On January 30, 2019, Plaintiff filed his first
amended complaint, and on February 27, 2019, the Court
issued a Decision and Order concluding that Plaintiff's Eighth
Amendment conditions of confinement claims, excessive
force claim, and failure to protect claims survived sua sponte
review. Dkt. No. 16; Dkt. No. 17 at 17. On May 17, 2019,
Defendants Lyons, Mooney, and Carhart filed their answer to
the amended complaint. See Dkt. No. 27.

Next, the Court granted a variety of extensions. On June
19, 2019, all deadlines were extended 60 days at Plaintiff's
request. Dkt. No. 29; Dkt. No. 33. At this time, the Court
notified Plaintiff that it would not "indefinitely adjourn" the
action and that further extensions "must be accompanied by
a showing of good cause." Dkt. No. 33. On January 15,
2020, in response to Plaintiff's third amended complaint,
all deadlines were extended by 60 days. See Dkt. No. 56.
On March 6, 2020, Plaintiff and counsel for Defendants
Lyons, Mooney, and Carhart attended a discovery hearing.
Defendants indicated that they had not received any of
Plaintiff's Rule 26 disclosures. Text Min. Entry dated Mar. 6,
2020.

**\*2** On April 22, 2020, Defendants requested a 60-day
extension of the discovery and dispositive motion deadlines
because Plaintiff had not provided an updated address or
contact information following his release from state custody.
Text Min. Entry dated May 28, 2020; Dkt. No. 75. The
Court granted this request on April 23, 2020, and "remind[ed]

plaintiff of his duty to provide a current address to the Court and that any failure to attend a deposition, participate in discovery, or comply with court orders may result in dismissal of his case." Dkt. No. 76. On April 27, 2020, Plaintiff notified the Court in writing that his address had changed to the Montgomery County Jail; however, the Court's April 23, 2020 Order, which was sent to this address, was returned as undeliverable. Dkt. No. 77; Dkt. No. 85.

On May 28, 2020, Plaintiff notified the Court by telephone to provide an updated mailing address of 115 Nutgrove Lane, Albany, New York 12202. Dkt. No. 81; Text Notice dated May 28, 2020. At that time, the clerk advised Plaintiff that he must notify the Court in writing about his change of address. Text Notice dated May 28, 2020. On June 16, 2020, the Court noted that Plaintiff did not update the Court regarding his new address in writing, and directed Plaintiff to "notify the Court of his current address in writing, within fifteen days of the date of this Order." Text Min. Entry dated June 16, 2020. On July 13, 2020, the Court's June 16, 2020 Order was re-served to Plaintiff at the Nutgrove Lane address. Dkt. No. 85. Plaintiff failed to update his address in writing within 15 days, as the Court ordered in its June 16, 2020 Order. Additionally, two deposition notices that Defendants sent to the Nutgrove Lane address were returned as undeliverable. Dkt. No. 91-2; Dkt. No. 91-3. The Court extended the deadlines for discovery and dispositive motions to August 24, 2020 and October 26, 2020. Dkt. No. 83. It also informed the parties that there would be no further extensions of these deadlines. Id.

On August 19, 2020, the Court scheduled a discovery conference for August 31, 2020, and "advised [Plaintiff] that failure to appear at Court Ordered conferences or to abide by Court Orders may result in dismissal of his case." Dkt. No. 87. Plaintiff failed to appear for this conference. Dkt. No. 88. On September 2, 2020, the Court extended the discovery deadline to October 9, 2020, and again notified Plaintiff that "failing to appear for his deposition, appear at Court ordered conferences and failing to participate in the exchange of discovery can result in ... sanctions, to include dismissal" of his case. Id. This Text Order and the August 19, 2020 Order were served on Plaintiff. Dkt. No. 87; Text Min. Entry dated Sept. 2, 2020. On October 1, 2020, Plaintiff failed to appear for his deposition. Dkt. No. 89 at 1. On October 30, 2020, Defendants Lyons, Mooney, and Carhart filed a Motion to Dismiss for Failure to Prosecute. Dkt. No. 91-7; Dkt. No. 90. Plaintiff did not respond.

## III. DISCUSSION

### A. Standard of Review

Fed. R. Civ. P. 41(b) provides that a court may dismiss an action "[i]f the plaintiff fails to prosecute or comply with [the Federal Rules of Civil Procedure] or a court order." FED. R. CIV. P. 41(b); Link v. Wabash R.R. Co., 370 U.S. 626, 630 (1963); see Baptiste v. Sommers, 768 F.3d 212, 216 (2d Cir. 2014); see also N.D.N.Y. L.R. 41.2(b). As dismissal under Rule 41(b) is a "harsh remedy ... [it] is appropriate only in extreme situations." Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996) (citation omitted). Furthermore, where the plaintiff is proceeding pro se, "courts should be especially hesitant to dismiss for procedural deficiencies." Id.; see also LeSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 209 (2d Cir. 2001).

Determining whether an action should be dismissed under Rule 41(b) involves the analysis of five factors. The court must examine:

> **\*3** (1) [T]he duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

Lucas, 84 F.3d at 535 (citing Jackson v. City of New York, 55 F.3d 71, 74–76 (2d Cir. 1994)); Alvarez v. Simmons Market Research Bureau, Inc., 839 F.2d 930, 932 (2d Cir. 1988). "No one factor is dispositive." United States ex. rel Drake v. Norden Sys., Inc., 375 F.3d 248, 254 (2d Cir. 2004) (citing Peart v. City of New York, 995 F.2d 458, 461 (2d Cir. 1993)).

### B. Analysis

2021 WL 1701754

### 1. Duration of Delay

There are two inquiries the Court reviews in assessing the duration of delay: "(1) whether the failures to prosecute were those of the plaintiff, and (2) whether those failures were of significant duration." Drake, 375 F.3d at 255 (citing Martens v. Thomann, 273 F.3d 159, 180 (2d Cir. 2001)). The initial inquiry asks "whether or not the delay was caused by plaintiff's side as a whole." Drake, 375 F.3d at 255. In Jackson v. City of New York, the Second Circuit found that "the parties were in constant contact with each other and the judge," and as such that "the delays [were] as much the defendants' fault as they were [the plaintiff's]." 22 F.3d 71, 75 (2d Cir. 1994). Here, the delays were due to Plaintiff's failure to comply with Court orders to serve his Rule 26 disclosures, provide a written address to the Court in writing, appear at the August 31, 2020 discovery conference as directed by the Court, and appear for his deposition. Dkt. No. 60; Dkt. No. 88; Dkt. No. 91-5 at 3:8–9; Dkt. No. 91-6 at 7. As such, Plaintiff caused the delay in this case.

Thus, the next question is whether those failures were of significant duration. Drake, 375 F.3d at 255. "[T]here is no 'magic number' " for the length of the delay. Copeland, 194 F.R.D. at 132. Instead, the inquiry focuses on whether the plaintiff delayed the case "without excuse" by, for example, "disregarding the orders of the Court" and missing deadlines. Id. at 132, 134; Peart, 992 F.2d at 461. Plaintiff's last involvement in this case was his call to the Court on May 28, 2020. Dkt. No. 81. As Plaintiff failed to follow the Court order to provide the Court and Defendants with a written notice of his current address, and alleged that he could not access an electronic device to appear at a video deposition, Defendants had to request extensions of the discovery and dispositive motion deadlines, delaying the matter by another 60 days. Dkt. No. 83; see Dkt. No. 82. Plaintiff also failed to appear for the August 31, 2020, discovery conference, requiring rescheduling to October 9, 2020. Dkt. No. 88; Dkt. No. 91-6 at 3.

Local Rule 41.2(a) states that "the plaintiff's failure to take action for four ... months shall be presumptive evidence of lack of prosecution." N.D.N.Y. L.R. 41.2(a). Plaintiff's failure to prosecute has caused this case to be delayed since April 27, 2020, the date he last participated in this case. See Dkt. No. 77. This is a significant delay, given that Plaintiff provided no excuse for his failure to comply with Court orders and

discovery deadlines. As such, this factor weighs in favor of dismissal.

### 2. Notice

**\*4** The second factor the Court assesses in determining whether to dismiss for failure to prosecute requires that the plaintiff receive express notice from the Court that further delays would result in dismissal. Lucas, 84 F.3d at 535. The Court's orders of April 23, 2020, August 19, 2020, and September 2, 2020, all state that Plaintiff's failure to comply with Court orders and participate in the discovery process could lead to the imposition of sanctions, including the dismissal of his case. Dkt. No. 76; Dkt. No. 87; Dkt. No. 88. All Court orders were served on Plaintiff at the address he had provided to the Court. Id. Plaintiff had received express notice from the Court that failure to prosecute his case could lead to the dismissal of his case. Therefore, this factor weighs in favor of dismissal.

### 3. Prejudice to Defendants

The third factor the Court must review examines whether the defendants have been prejudiced by the plaintiff's failure to prosecute. See Lucas, 84 F.3d at 535. Prejudice to the defendant can be presumed where the plaintiff's delay is unreasonable; however, "the need to show actual prejudice is proportionally greater" if the delay is "moderate or excusable." Lyell Theatre Corp. v. Loews Corp., 682 F.3d 37, 43 (2d Cir. 1982) (citing Messenger v. United States, 231 F.2d 328, 331 (2d Cir. 1956)). Such prejudice can be presumed because "because delay by one party increases the likelihood that evidence in support of the other party's position will be lost and that discovery and trial will be made more difficult." Shannon v. Gen. Elec. Co., 186 F.3d 186, 195 (2d Cir. 1999) (citing Romandette v. Weetabix Co., 807 F.2d 309, 312 (2d Cir. 1986)).

Here, Plaintiff failed to comply with multiple Court orders in the face of warnings that failure to comply would risk dismissal. See Dkt. No. 60; Dkt. No. 88; Dkt. No. 91-5 at 3:8–9; Dkt. No. 91-6 at 7. As such, his actions unreasonably delayed the case, and so prejudice to Defendants can be presumed due to the increased likelihood that relevant evidence may be lost. Shannon, 186 F.3d at 195. Furthermore, this action has been pending since 2018, concerns an incident that occurred in 2017, and has seen its discovery deadlines

2021 WL 1701754

pushed back by several months. See Dkt. No 1 at 1; Dkt. No 29 at 5–6; Dkt. No. 50 at 2; Dkt. No. 88. This passage of time makes evidence "increasingly unlikely to be available," which prejudices Defendants. Heendeniya v. St. Joseph's Hosp. Health Ctr., 830 F.App'x 354, 358 (2d Cir. 2020) (summary order). Thus, even if prejudice were not presumed, Defendants have still been prejudiced by Plaintiff's delays, as the amount time that has passed since the occurrence of the alleged incident makes it more difficult for them to access evidence. See Heendeniya, 830 F.App'x at 358; Shannon, 186 F.3d at 195. Therefore, this factor weighs in favor of dismissal.

### 4. Balance Between Calendar Congestion and Due Process Rights

The fourth factor the Court assesses in determining whether to dismiss for failure to prosecute requires the Court to balance managing its docket with the plaintiff's interest in receiving a fair chance to be heard. Lucas, 84 F.3d at 535. A court cannot weigh its interest in managing its docket too heavily; instead, "compelling evidence of an extreme effect on court congestion" is necessary in order for this factor to weigh in favor of dismissal. Lucas, 84 F.3d at 535–36; Feurtado v. City of New York, 225 F.R.D. 474, 480 (S.D.N.Y. 2004) (citation omitted). A plaintiff's receipt of "specific notice that his case" is in danger of dismissal, and his failure to act on that notice, is sufficient protection of a plaintiff's right to be heard. Shannon, 186 F.3d at 195. Furthermore, a plaintiff's failure to "move the case toward trial" subordinates the plaintiff's interest in being heard to a court's interest in managing its docket. Heendeniya, 830 F.App'x at 358 (citing Chira v. Lockheed Aircraft Corp., 634 F.2d 664, 666 (2d Cir. 1980)). Here, the Court provided Plaintiff with multiple opportunities to be heard, including extending the discovery deadline after Plaintiff failed to appear for the August 31, 2020 conference. Dkt No. 87; Dkt. No. 88. Therefore, this factor weighs in favor of dismissal.

### 5. Consideration of Lesser Sanctions

**\*5** The final factor the Court reviews in assessing whether to dismiss a case for failure to prosecute examines whether the court has adequately considered sanctions less drastic than dismissal. Lucas, 84 F.3d at 535. Less drastic responses include an extension of time or the imposition of a fine. Drake, 375 F.3d at 257; Spencer v. Doe, 139 F.3d 107, 114 (2d Cir.

1998). However, "district courts are not required to exhaust possible lesser sanctions before imposing dismissal ... if such a sanction is appropriate on the overall record." S. New Eng. Tel. Co. v. Global NAPs Inc., 624 F.3d 123, 148 (2d Cir. 2010). Moreover, dismissal has been found to be an "adequate remedy for failure to prosecute where a plaintiff cannot be contacted, because the plaintiff would be unaware of any lesser sanction that could be imposed." Rubin v. Labs., 319 F.R.D. 118, 122 (S.D.N.Y. 2016).

Plaintiff has not made any contact with the Court or Defendants since notifying the Court of his changed address by phone on May 28, 2020, and has disregarded multiple Court orders. Dkt. No. 81; Dkt. No. 87; Dkt. No. 88. As such, imposing a lesser sanction would be ineffective because Plaintiff's failure to comply with the Court's orders indicates that a lesser sanction would not motivate him to participate in this action. See Rubin, 319 F.R.D. at 122. Further, given that Plaintiff has not provided an updated address, and mail sent to the most recent address provided was returned to sender, the Court is unable to establish contact with Plaintiff. See Flynn v. Ward, 9:15-CV-1028 (BKS/CFH), 2019 WL 2085986, at *2 (N.D.N.Y. May 13, 2019) (noting that lesser sanctions were unlikely to be successful where the plaintiff did not update the Court with an address and the Court "currently has no way of contacting [the] Plaintiff."). Even if the Court were to impose a lesser sanction such as a fine, it would have to "adequately address the prejudice Defendants had suffered" to be effective. Drake, 375 F.3d at 257. A fine is not likely to be effective in addressing the prejudice Defendants suffered from the delay in the case, as (1) Plaintiff is proceeding IFP and would be unlikely to pay, and (2) a fine does not mitigate the potential difficulty Defendants would face in collecting evidence on an incident that occurred in 2017. See Coss v. Sullivan Cnty. Jail Adm'r, 171 F.R.D. 68, 72-73 (S.D.N.Y. 1997) (holding that "the imposition of monetary sanctions [is not] an adequate penalty" to cure prejudice to the defendant where the plaintiff is proceeding IFP); Jackson v. United States, 8:17-CV-1157 (MAD/CFH), 2020 WL 109009, at *5 (N.D.N.Y. Jan. 9, 2020) (finding sanctions less than dismissal inappropriate where the plaintiff repeatedly failed to provide updates about obtaining new counsel, failed to respond to the motion to dismiss for failure to prosecute, and failed to attend court-ordered telephone conferences). As such, this final factor also weighs in favor of dismissal. Thus, it is recommended that the Court grant defendants' motion to dismiss for failure to prosecute pursuant to Rule 41(b).

2021 WL 1701754

The undersigned concludes that dismissal is also warranted under Local Rule 10.1(c)(2), which requires parties to notify the Court of any change in address, and and 41.2(b), which allows for the dismissal of an action when a party fails to notify the Court of a change of address. See, e.g., Tylicki v. Ryan, 244 F.R.D. 146, 147 (N.D.N.Y. 2006) (dismissing action due to the plaintiff's failure to comply with the Local Rule's requirement to notify the Court of a change of address). Accordingly, it is recommended that dismissal be granted pursuant to Rule 41(b) and Local Rule 10.1(c)(2). See, e.g., Hicks v. Stermer, 9:10-CV-1177 (LEK/DEP), 2011 WL 3841581, at *1 (N.D.N.Y. Apr. 24, 2011) (discussing that dismissal without prejudice, over dismissal with prejudice, pursuant to Rule 41(b) is appropriate where the pro se plaintiff failed to prosecute the action, and is a sanction less severe than dismissal with prejudice).

### C. The Unserved Defendants

**\*6** Plaintiff never properly identified or served any complaint on defendants C.O. Larry or Miller. See Text Min. Entry dated June 16, 2020; Dkt. No. 56. Under Fed. R. Civ. P. 4(m), "if a defendant is not served within 90 days after the complaint is filed, the court -- on motion or on its own after notice to the plaintiff -- must dismiss the action without prejudice against that defendant or order that service be made within a specified time," unless "the plaintiff shows good cause for the failure." FED. R. CIV. P. 4(m). The Second Circuit has said that "Rule 4 ... is to be construed liberally," and that failure to serve a defendant will lead to dismissal "unless it appears that proper service may still be obtained." Romandette, 807 F.3d at 311; Grammenos v. Lemos, 457 F.2d 1067, 1070 (2d Cir. 1972). Moreover, Rule 4(m) gives the court discretion "to extend the time for service." Jones v. Westchester Cty., 182 F. Supp. 3d 134, 144-45 (S.D.N.Y. 2016).

Here, the Court issued three orders extending Plaintiff's time to submit an amended complaint properly identifying C.O. Larry and C.O. Miller, ultimately extending his deadline to properly identify them until July 24, 2020. Text Min. Entry dated Oct. 18, 2019; Text Min. Entry dated Jan. 15, 2020; Text Min. Entry dated June 24, 2020. As Plaintiff did not properly identify these defendants in response to these orders, dismissal without prejudice for failure to timely serve is warranted. Therefore, because more 90 days have passed since Plaintiff filed his third amended complaint on November 14, 2019, the Court gave plaintiff notice of his duty

to identify and serve those Defendants, and service was not made within the set time limit, the undersigned recommends that Plaintiff's claims against C.O. Larry and C.O. Miller be dismissed without prejudice in accordance with Rule 4(m).

### IV. CONCLUSION

WHEREFORE, for the reasons set forth herein, it is HEREBY

**RECOMMENDED**, that Defendants Lyons, Mooney, and Carhart's Motion to Dismiss for Failure to Prosecute (Dkt. No. 91-6) be **GRANTED**, and that Plaintiff's complaint be **DISMISSED without prejudice** as to Defendants Lyons, Mooney, and Carhart for failure to prosecute under Fed. R. Civ. P. 41(b) and Local Rules 10.1(c)(2) and 41.2(b); and it is

**RECOMMENDED**, that Plaintiff's complaint, as set forth against unserved Defendants C.O. Miller and Larry be **DISMISSED without prejudice** pursuant to Fed. R. Civ. P. 4(m); and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Pursuant to 28 U.S.C. § 636(b)(1), the parties have **FOURTEEN (14)** days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**. Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993) (citing Small v. Sec'y of Health and Human Servs., 892 F.2d 15 (2d Cir. 1989)); see also 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a). [1]

[1]     If you are proceeding pro se and are served with this Report-Recommendation & Order by mail, three (3) additional days will be added to the fourteen (14) day period, meaning that you have seventeen (17) days from the date the Report-Recommendation & Order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day

**Anthony v. Lyons, Slip Copy (2021)**

2021 WL 1701754

that is not a Saturday, Sunday, or legal holiday. <u>Id.</u>
§ 6(a)(1)(c).

**All Citations**

Slip Copy, 2021 WL 1701754

---

**End of Document**                                      © 2023 Thomson Reuters. No claim to original U.S. Government Works.

McKnight v. Ferrick, Not Reported in Fed. Supp. (2017)

2017 WL 3172794

Case 9:23-cv-00081-DNH-TWD   Document 30   Filed 10/26/23   Page 45 of 64

2017 WL 3172794
Only the Westlaw citation is currently available.
United States District Court, N.D. New York.

Steven C. MCKNIGHT, Plaintiff,

v.

J. FERRICK, et al., Defendants.

Civil Action No. 9:16-CV-0957 (TJM/DEP)

|

Signed 06/30/2017

**Attorneys and Law Firms**

Steven C. McKnight, Gouverneur, NY, pro se.

Colleen D. Galligan, Matthew P. Reed, New York State
Attorney General, Albany, NY, for Defendants.

REPORT AND RECOMMENDATION

David E. Peebles, U.S. Magistrate Judge

*1 *Pro se* plaintiff Steven C. McKnight, a former New
York State prison inmate whose whereabouts are currently
unknown to the court, has commenced this civil rights action
pursuant to 42 U.S.C. § 1983 claiming deprivation of his
rights under the Eighth Amendment. In his complaint, as
amended, plaintiff alleges that the named defendants, all
of whom were employed in some capacity at the prison
facility in which plaintiff was confined at the relevant times,
unlawfully subjected him to the use of excessive force.

Presently pending before the court is defendants' motion to
dismiss plaintiff's complaint for failure to prosecute, pursuant
to Rule 41(b) of the Federal Rules of Civil Procedure in light
of McKnight's failure to comply with the court's mandatory
scheduling order and file a notice of change of address. For the
reasons set forth below, I recommend that defendants' motion
be granted.

I. BACKGROUND

A. Facts Related to Plaintiff's Underlying Claims
Plaintiff commenced this action on August 1, 2016, while
he was an inmate in the custody of the New York State
Department of Corrections and Community Supervision
("DOCCS"). *See generally* Dkt. No. 1. At the times relevant

to his claims in this action, plaintiff was confined in the
Gouverneur Correctional Facility ("Gouverneur") located in
Gouverneur, New York. *Id.* Plaintiff alleges that while at
Gouverneur, defendants J. Ferrick, C. Cunningham, Denney,
and B. Coffey, all of whom worked as corrections employees
at Gouverneur at the time, subjected him to excessive force in
violation of his rights under the Eighth Amendment. Dkt. No.
27 at 6-9. Specifically, plaintiff alleges that on June 15, 2016,
a use-of-force incident occurred, during which defendant
Cunningham held McKnight in place on the ground while
defendants Ferrick, Coffey, and Denney kicked, punched, and
stomped on him. *Id.* Plaintiff alleges that he was handcuffed
and left defenseless on the floor during the incident. *Id.*

B. Facts Relevant to Defendants' Pending Motion
According to defendants' counsel, neither the Office of the
New York State Attorney General nor the court has been able
to contact or locate the plaintiff since January 31, 2017. Dkt.
No. 37-1 at 2. On that date, defendants' attorney sent plaintiff
a copy of a letter to the court requesting an extension of time
for defendants to answer plaintiff's complaint. Dkt. No. 29.
The copy of that letter that was sent to plaintiff was returned
to defendants' counsel with the notation, "NOT AT THIS
FACILITY." Dkt. No. 37-1 at 5.

Using the address provided by plaintiff in his complaint,
defendants attempted to serve their initial disclosures upon
plaintiff on February 3, 2017, pursuant to the court's pretrial
scheduling order. Dkt. No. 37-1 at 2; Dkt. No. 37-1 at 10. That
mailing was similarly returned with a notation indicating that
plaintiff was no longer at Gouverneur and had been released
on parole on January 25, 2017. [1] Dkt. No. 37-1 at 2; Dkt. No.
37-1 at 9.

[1]    A review of the DOCCS' inmate locator
       website, a publicly available resource, confirms
       that plaintiff was released by the DOCCS
       on January 25, 2017. New York State
       DOCCS, http://nysdoccslookup.doccs.ny.gov/
       GCA00P00/WIQ1/WINQ000 (last visited June 29,
       2017).

*2 Defendants' attorney made a third failed attempt to
communicate with plaintiff by mail, sending him a notice
of appearance and defendants' answer to plaintiff's second
amended complaint ("SAC") on February 27, 2017. Dkt. No.
37-1 at 2; *see* Dkt. No. 37-1 at 13. Those documents were
similarly returned to defendants as undeliverable, again with

Case 9:23-cv-00081-DNH-TWD   Document 30   Filed 10/26/23   Page 46 of 64

McKnight v. Ferrick, Not Reported in Fed. Supp. (2017)

2017 WL 3172794

the notation, "NOT AT THIS FACILITY." Dkt. No. 37-1 at 2; Dkt. No. 37-1 at 12.

Like defendants' counsel, the court has also experienced difficulty in communicating with plaintiff. On January 31, 2017, the court sent plaintiff a text order using his Gouverneur address. Dkt. No. 30. That communication was also returned as undeliverable. Dkt. No. 32.

## II. PROCEDURAL HISTORY

Plaintiff commenced this action on August 1, 2016, by the filing of a complaint and accompanying application for leave to proceed *in forma pauperis* ("IFP"). Dkt. Nos. 1, 2. Although plaintiff's initial IFP motion was denied as incomplete, his renewed request was granted by Senior District Judge Thomas A. McAvoy on August 19, 2016. Dkt. Nos. 4, 7. Plaintiff's SAC, the currently operative pleading in this action, names Corrections Officer Ferrick, Corrections Officer Cunningham, Lieutenant Denney, and Sergeant Coffey as defendants. Dkt. No. 27 at 2-3. Liberally construed, plaintiff's SAC asserts an Eighth Amendment cause of action against defendants as a result of the use-of-force incident that occurred on June 15, 2016. *Id.* at 6-9. As relief, plaintiff seeks an award of money damages. *Id.* at 6-10.

On April 26, 2017, defendants filed the currently pending motion to dismiss for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure based on plaintiff's failure to notify the court and defendants' counsel of his new address and actively pursue his claims in the action. Dkt. No. 37. Defendants' motion, which is now fully briefed, has been referred to me for the issuance of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Northern District of New York Local Rule 72.3(c). *See* Fed. R. Civ. P. 72(b).

## III. DISCUSSION

Rule 41(b) of the Federal Rules of Civil Procedure permits a court, in its discretion, to order dismissal of an action based on a plaintiff's failure to prosecute or comply with an order of the court. Fed. R. Civ. P. 41(b); *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014); *Rodriguez v. Goord*, No. 04-CV-0358, 2007 WL 4246443, at *2 (N.D.N.Y. Nov. 27, 2007) (Scullin, J. *adopting report and recommendation by* Lowe, M.J.). [2] That discretion is appropriately exercised when necessary to "achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962). In light of the severity of the dismissal

remedy authorized under Rule 41(b), however, it should be invoked in only the most extreme of circumstances, and with great caution. *Baptiste*, 768 F.3d 212, 219 (reiterating that dismissals pursuant to 41(b) "are 'the harshest of sanctions' " (quoting *Mitchell v. Lyons Prof'l Servs., Inc.*, 708 F.3d 463, 467 (2d Cir. 2013)).

[2]   All unreported cases cited to in this report have been appended for the convenience of the *pro se* plaintiff.

A determination of whether to dismiss an action pursuant to Rule 41(b) is informed by consideration of five specific factors, including (1) the duration of the plaintiff's failure to comply with court orders; (2) whether plaintiff was on notice that failure to comply would result in dismissal; (3) whether defendant is likely to be prejudiced by further delay in the proceedings; (4) a balancing of the court's interest in managing its docket with plaintiff's interest in receiving a fair opportunity to be heard; and (5) whether the judge has adequately considered a sanction less drastic than dismissal. *Baptiste*, 768 F.3d at 216; *see also Shannon v. Gen. Elec. Co.*, 186 F.3d 186, 193 (2d Cir. 1999) (applying factors in a failure to prosecute action); *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996) (applying factors where a party failed to comply with order of court). "No single factor is generally dispositive." *Nita v. Conn. Dep't of Envtl. Prot.*, 16 F.3d 482, 485 (2d Cir. 1994).

**\*3**  I have carefully evaluated the five controlling factors, and find that they weigh decidedly in favor of dismissal in this case. Plaintiff has failed to communicate with either the court or defendants since January 12, 2017, when he filed his SAC. Dkt. No. 27. The court's mandatory pretrial discovery and scheduling order, which was issued on December 6, 2016, directed that the parties exchange their respective initial disclosures within sixty days. Dkt. No. 22. According to defendants, to date plaintiff has failed to serve them with his initial disclosures or otherwise notify them that he has no documents subject to the initial disclosures requirement. Dkt. No. 37-1 at 3.

The duration of plaintiff's failure to communicate, which by now is nearly six months, weighs in favor of dismissal pursuant to Rule 41(b). Local Rule 41.2(a) provides that when the "plaintiff has failed to prosecute an action or proceeding diligently, the assigned judge shall order it dismissed." N.D.N.Y. L.R. 41.2(a). Although the length of plaintiff's delay to date is not exceedingly long, there is no indication

McKnight v. Ferrick, Not Reported in Fed. Supp. (2017)

2017 WL 3172794

of an end to his inactivity.[3] *See Santana v. Warner*, No. 11-CV-0443, 2011 WL 7109214, at *2 (N.D.N.Y. Nov. 29, 2011) (Homer, M.J.) *report and recommendation adopted by* 2012 WL 253424 (N.D.N.Y. Jan. 26, 2012) (McAvoy, J.) (dismissing the plaintiff's complaint because, although the action had been pending for seven months, there was sufficient evidence indicating that plaintiff's inactivity was interminable). Based upon plaintiff's lack of notice as to his current address, both the court and defendants' counsel are without a means of communicating with plaintiff, leaving the action at a virtual standstill.

3      Under the court's local rules, "the plaintiff's failure to take action for four (4) months shall be presumptive evidence of lack of prosecution." N.D.N.Y. L.R. 41.2(a).

Addressing the second factor, I note that plaintiff was squarely placed on notice that his failure to update the court and defendants with any change in address could result in dismissal of his complaint. On October 13, 2016, in his decision accepting plaintiff's SAC for filing, Judge McAvoy informed plaintiff that he is "required to promptly notify the Clerk's Office and all parties or their counsel, in writing, of any change in his address" and that "his failure to do so will result in the dismissal of this action." Dkt. No. 11 at 4. That order was sent by the court to plaintiff at Gouverneur, using the address he provided to the court when the action was filed. Dkt. No. 11 at 1. There is no indication that plaintiff did not receive that order, and the language used in it is not overly technical, but rather ordinary. *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 210 (2d Cir. 2001).

In addition, notice of the obligation to notify the court and counsel of any change of address is provided under Rule 10.1(c)(2) of the local rules of practice for this court. *See* N.D.N.Y. L.R. 10.1(c)(2) ("[A]ll ... *pro se* litigants must immediately notify the Court of any change of address."). Courts in this circuit have routinely concluded that, while *pro se* litigants are due some amount of deference, they are not relieved of their obligation to observe the court's local rules. *See, e.g., Jackson v. Rabideau*, No. 04-CV-1096, 2007 WL 911846, at *2 (N.D.N.Y. Mar. 22, 2007) (Kahn, J.) (recognizing that *pro se* litigants "should be granted special lenience with regards to [their] compliance with procedural rules," but concluding dismissal was warranted because the plaintiff's failure to update his address "frustrated th[e] Court's ability to contact him").

**\*4** Turning to the question of the effect of plaintiff's failure, I conclude that the defendants are likely to be prejudiced by further delay. "[P]rejudice to defendants resulting from unreasonable delay may be presumed." *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982). This case has been pending for nearly a year, and it is likely that memories of the events in question have faded, relevant documents have been discarded, and potential witnesses have become unavailable. *See, e.g., Georgiadis v. First Boston Corp.*, 167 F.R.D. 24, 25 (S.D.N.Y. 1996). There is no apparent end to plaintiff's lack of participation in this action. Subjecting defendants to continuous delay is prejudicial to the discovery process, as well as their ability to defend themselves. Accordingly, the third factor, like the first and second, weigh in favor of dismissal under Rule 41(b).

The fourth factor, which examines the court's interest in managing its docket, also militates in favor of granting the defendants' motion. The court must balance its interest in alleviating a busy docket with a plaintiff's right to due process. *LeSane*, 239 F.3d at 209. Plaintiff's lack of participation, to which there is no apparent end in sight, tips the balancing scale in favor of alleviating the court's docket. *See Santana*, 2011 WL 7109214, at *2 (finding that the court's interest in alleviating court congestion outweighed the plaintiff's due process interest). Undeniably, the court has a strong interest in ensuring the timely "disposition of cases" to "avoid congestion in the calendars of District Courts." *Link*, 370 U.S. at 629-30. Plaintiff's inactivity is simply not conducive to furtherance of that interest.

Lastly, no lesser sanction is warranted or appropriate. Issuing an order reprimanding plaintiff for his conduct would be futile given the fact that his whereabouts are unknown, and he would therefore likely not receive the admonition.

In sum, after careful consideration of the five factors relevant to the failure to prosecution analysis, I find that plaintiff's chronicled history of inactivity warrants the ultimate sanction of dismissal. Accordingly, I recommend that the court grant defendants' motion to dismiss for failure to prosecute.

IV. SUMMARY AND RECOMMENDATION
Based on the record, it appears that plaintiff has not communicated with the court or defendants' counsel in nearly six months. His failure to notify the court or defendants' counsel of his current address, coupled with his failure to participate in the action, violate the rules of practice of

McKnight v. Ferrick, Not Reported in Fed. Supp. (2017)

2017 WL 3172794

this court and demonstrate plaintiff's manifest disinterest in prosecuting the action. Accordingly, it is respectfully

RECOMMENDED that defendants' motion to dismiss (Dkt. No. 37) be GRANTED, and plaintiff's complaint be DISMISSED in its entirety.

NOTICE: Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections must be filed with the clerk of the court within FOURTEEN days of service of this report. FAILURE

TO SO OBJECT TO THIS REPORT WILL PRECLUDE APPELLATE REVIEW. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993).

It is hereby ORDERED that the clerk of the court serve a copy of this report and recommendation upon the parties in accordance with this court's local rules.

**All Citations**

Not Reported in Fed. Supp., 2017 WL 3172794

---

**End of Document**                    © 2023 Thomson Reuters. No claim to original U.S. Government Works.

2022 WL 17826119
Only the Westlaw citation is currently available.
United States District Court, S.D. New York.

Silviano CHRISTMAN, Plaintiff,

v.

Doctor Svetlana KALIMULINA, et al., Defendants.

21 Civ. 7318 (PGG) (GWG)
|
Signed December 21, 2022

**Attorneys and Law Firms**

Silviano Christman, East Elmhurst, NY, Pro Se.

Andrey Udalov, James Murray, Nicollette Pellegrino, Zachary Kalmbach, New York City Law Department, New York, NY, for Defendants Doctor Svetlana Kalimulina, Captain Fernandez, Deputy Warden Miller, Correctional Officer McQueen.

REPORT AND RECOMMENDATION

GABRIEL W. GORENSTEIN, United States Magistrate Judge

I. FACTS

 *1  Plaintiff Silviano Christman brought this case alleging unlawful conditions of confinement at Rikers Island, including allegations that officers repeatedly used pepper spray on him and did not accommodate his disability. See Complaint, filed Aug. 31, 2021 (Docket # 2) ("Compl.").

On September 21, 2021, the district court granted Christman's application to proceed in forma pauperis under 28 U.S.C. § 1915. Order, dated Sept. 21, 2022 (Docket # 4) ("Sept. 21 Order"). On November 16, 2021, Judge Gardephe issued an Order of Service granting Christman sixty days to file an amended complaint with facts showing certain defendants' direct involvement in the underlying events and requesting that defendants City of New York, Captain Fernandez, Captain Smith, C/O McQueen, and Deputy Warden Miller waive service. Order of Service, dated Nov. 16, 2021 (Docket # 6) ("Nov. 16 Order"). Although the Department of Corrections could not identify Captain Smith, the remaining defendants waived service. See Waiver of Service Returned Executed, filed Dec. 7, 2021 (Docket # 10); Waiver of Service

Returned Unexecuted, filed Dec. 7, 2021 (Docket # 11); Waiver of Service Returned Executed, filed Dec. 13, 2021 (Docket # 12); Waiver of Service Returned Executed, filed Dec. 15, 2021 (Docket # 13).

On November 17, 2021, an "information package" which included, inter alia, the September 21 and November 16 Orders, was mailed to Christman at the address listed in his complaint. A December 29, 2021 docket entry notes that the information package was returned as undeliverable. On February 7, 2022, the Court granted defendants' request for an extension of time to respond to the complaint. Order, dated Feb. 7, 2022 (Docket # 16) ("Feb. 7 Order"). Per an April 6, 2022 docket entry, the February 7 Order was returned as undeliverable. On March 7, 2022, the Court granted defendants' request for a second extension of time to respond to the complaint. Order, dated Mar. 7, 2022 (Docket # 18) ("Mar. 7 Order"). Per an April 4, 2022 docket entry, the March 7 Order was returned as undeliverable. On April 5, 2022, the Court granted defendants' third request for an extension of time to respond to the complaint. Order, dated Apr. 5, 2022 (Docket # 20) ("Apr. 5 Order"). Per an April 21, 2022 docket entry, the April 5 Order was also returned as undeliverable.

On April 26, 2022, the Court granted defendants' request for a stay pending investigation of Christman's claims. Order, dated Apr. 26, 2022 (Docket # 22) ("Apr. 26 Order"). A May 31, 2022 docket entry indicates that the April 26 Order was returned as undeliverable. On November 25, 2022, defendants indicated that their investigation had concluded and requested that the Court dismiss Christman's claims under Fed. R. Civ. P. 41(b) for failure to prosecute because Christman has failed to maintain a valid address with the Court. Letter from Nicolette Pelegrino, filed Nov. 25, 2022 (Docket # 32) ("Nov. 25 Let.").

Defendants stated that Christman is no longer incarcerated, and thus the address he provided at Rikers Island is no longer valid. Id. at 2. Defendants informed the Court that a copy of their October 26, 2022 letter (Docket # 31) was sent to plaintiff at the address on file, but was returned undeliverable on November 15, 2022. See Letter from Nicolette Pelegrino, filed Dec. 16, 2022 (Docket # 34) ("Dec. 16 Let."), at 2. Defendants could not determine whether prior mailings from their office were similarly returned. Id.

 *2  On August 31, 2021, when Christman filed his complaint in this case, he "agree[d] to provide the Clerk's Office with any changes to [his] address" and acknowledged that he

Christman v. Kalimulina, Slip Copy (2022)

2022 WL 17826119

"underst[oo]d that [his] failure to keep a current address on file ... may result in the dismissal of [his] case." Compl. at 6. [1]

> [1]
> On September 21, 2021, when the court granted Christman's application to proceed in forma pauperis, it also warned that "it is [p]laintiff's obligation to promptly submit a written notification to the Court if [p]laintiff's address changes, and the Court may dismiss the action if [p]laintiff fails to do so." Sept. 21 Order at 2. Likewise, on November 16, 2021, when the court issued an Order of Service, plaintiff was again instructed that he "must notify the Court in writing if his address changes," and was warned that "[f]ailure to do so may result in dismissal of this action." Nov. 16 Order at 3 (emphasis in original). However, both the September 21, 2021 and November 16, 2021 mailings were returned as undeliverable. See Docket.

On November 29, 2022, the Court issued an order directing Christman "to file a letter with the Court on or before December 16, 2022, stating his current address." Memorandum Endorsed, dated Nov. 29, 2022 (Docket # 33) ("Nov. 29 Order"). While this mailing has not yet been returned as undeliverable, the Department of Corrections' "Inmate Lookup Service" website shows that Christman is not located at Rikers Island, which is the last address he provided. Compl. at 6; see https://nysdoccslookup.doccs.ny.gov.

The Court's deadline to respond to the motion to dismiss has passed without any filing by the plaintiff. Plaintiff did not respond to the November 29 Order.

## II. DISCUSSION

Federal Rule of Civil Procedure 41(b) provides, in relevant part, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." While the text of Rule 41(b) addresses only the situation in which a defendant moves for dismissal, "it is unquestioned that Rule 41(b) also gives the district court authority to dismiss a plaintiff's case sua sponte for failure to prosecute." LeSane v. Hall's Sec. Analyst Inc., 239 F.3d 206, 209 (2d Cir. 2001) (citing Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962) ("The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to

manage their own affairs so as to achieve the orderly and expeditious disposition of cases.")).

While courts typically apply a number of factors in evaluating the propriety of a dismissal for failure to prosecute, see Martens v. Thomann, 273 F.3d 159, 180 (2d Cir. 2001), it is sufficient here to say that this case cannot proceed without Christman's participation, and Christman has provided no method by which either the Court can inform him of his obligations in this case or its outcome. Courts have repeatedly recognized that dismissal for failure to prosecute is appropriate where a plaintiff effectively disappears by failing to provide a means by which he or she can be reached. See, e.g., Smith v. Griffen, 2017 WL 4466453, at *3 (S.D.N.Y. Aug. 31, 2017), adopted, 2017 WL 4477062 (S.D.N.Y. Oct. 5, 2017); Smith v. Corizon Health Servs., 2016 WL 3365320, at *1-2 (S.D.N.Y. May 9, 2016), adopted, 2016 WL 3407846 (S.D.N.Y. June 15, 2016); Miller v. Cnty. of Nassau, 2015 WL 13745258, at *2 (E.D.N.Y. Mar. 9, 2015), adopted, 2016 WL 5852473 (E.D.N.Y. Oct. 6, 2016); Pagan v. Westchester Cnty., 2014 WL 4953583, at *2 (S.D.N.Y. Oct. 1, 2014); Austin v. Lynch, 2011 WL 5924378, at *2 (S.D.N.Y. Nov. 29, 2011), adopted, 2011 WL 6399622 (S.D.N.Y. Dec. 20, 2011). "[A] pro se prisoner's failure to provide the court with a new mailing address after his release from custody has regularly been held to be an adequate ground for a Rule 41(b) dismissal." McAuley v. City of New York, 2022 WL 524135, at *3 (S.D.N.Y. Feb. 22, 2022).

**\*3** Rule 41(b) provides that dismissal "operates as an adjudication on the merits" unless the court specifies otherwise. But because "dismissal with prejudice is 'a harsh remedy to be utilized only in extreme situations,' " Lyell Theatre Corp. v. Loews Corp., 682 F.2d 37, 42 (2d Cir. 1982) (quoting Theilmann v. Rutland Hosp., Inc., 455 F.2d 853, 855 (2d Cir. 1972)); see generally LeSane, 239 F.3d at 209 ("pro se plaintiffs should be granted special leniency regarding procedural matters"), dismissal of the complaint where a plaintiff effectively disappears at an early stage of the proceeding should be without prejudice, Coleman v. Doe, 2006 WL 2357846, at *2-4 (E.D.N.Y. Aug. 14, 2006) (dismissal without prejudice where the case had "not progressed beyond the initial pleading stage" and the pro se plaintiff could not be reached at the address he provided).

## III. CONCLUSION

For the foregoing reasons, this case should be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).

2022 WL 17826119

PROCEDURE FOR FILING OBJECTIONS TO
THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days (including weekends and holidays) from service of this Report and Recommendation to file any objections. See also Fed. R. Civ. P. 6(a), (b), (d). A party may respond to any objections within 14 days after being served. Any objections and responses shall be filed with the Clerk of the Court. Any request for an extension of time to file objections or responses must be directed to Judge Gardephe. If a party fails to file timely objections, that party will not be permitted to raise any objections to this Report and Recommendation on appeal. See Thomas v. Arn, 474 U.S. 140 (1985); Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C., 596 F.3d 84, 92 (2d Cir. 2010).

**All Citations**

Slip Copy, 2022 WL 17826119

**End of Document**                   © 2023 Thomson Reuters. No claim to original U.S. Government Works.

Christman v. Kalimulina, Slip Copy (2023)

2023 WL 4841900

2023 WL 4841900
Only the Westlaw citation is currently available.
United States District Court, S.D. New York.

Silviano CHRISTMAN, Plaintiff,

v.

Dr. Svetlana KALIMULINA, Captain Fernandez,
Captain Smith, Deputy Warden Miller, Deputy
Warden Chester, Warden Walker, Warden
Collins, Ross McDonald, Dr. Hassan, Dr. Vale,
Correctional Officer McQueen, Correctional
Officer Boucaud, and Captain Ellebe, Defendants.

21 Civ. 7318 (PGG) (GWG)
|
Signed July 27, 2023

**Attorneys and Law Firms**

Silviano Christman, East Elmhurst, NY, Pro Se.

Andrey Udalov, James Murray, Nicolette Pellegrino, Zachary
Kalmbach, New York City Law Department, New York,
NY, for Defendants Doctor Svetlana Kalimulina, Captain
Fernandez, Deputy Warden Miller, Correctional Officer
McQueen.

**ORDER**

PAUL G. GARDEPHE, United States District Judge:

 *1 Pro se Plaintiff Silviano Christman brings this Section
1983, Americans with Disabilities Act, and Rehabilitation
Act action against Defendants Doctor Svetlana Kalimulina,
Captain Fernandez, Captain Smith, Deputy Warden Miller,
Deputy Warden Chester, Warden Walker, Warden Collins,
Ross McDonald, Dr. Hassan, Dr. Vale, Correctional Officer
McQueen, Correctional Officer Boucaud, and Captain Ellebe.
(Cmplt. (Dkt. No. 2))

The Complaint was filed on August 31, 2021. Christman was
incarcerated at the time. (Cmplt. (Dkt. No. 2)) In a signed
certification attached to the Complaint, he states: "I agree to
provide the Clerk's Office with any changes to my address. I
understand that my failure to keep a current address on file
with the Clerk's Office may result in the dismissal of my
case." (Id. at 9)

On September 21, 2021, Judge Swain, to whom this case was
initially assigned, issued an order granting Plaintiff's request
to proceed in forma pauperis. (Dkt. No. 4) The September 21,
2021 Order states that "it is Plaintiff's obligation to promptly
submit a written notification to the Court if Plaintiff's address
changes, and the Court may dismiss the action if Plaintiff fails
to do so." (Id. at 2)

On September 22, 2021, this case was reassigned to this
Court. On November 16, 2021, this Court issued an Order
of Service (1) requesting that Defendants Fernandez, Smith,
McQueen, and Miller waive service of summonses; (2)
instructing the Clerk of Court "to issue a summons and
deliver to the Marshals Service all the paperwork necessary
for the Marshals Service to effect service on ... [D]efendant
Kalimulina"; and (3) "grant[ing] Plaintiff 60 days' leave to
file an amended complaint to state facts in support of his
claims against [the remaining] defendants." (Nov. 16, 2021
Order (Dkt. No. 6) at 2-4) The November 16, 2021 Order
also states: "Plaintiff must notify the Court in writing if his
address changes. Failure to do so **may result in dismissal of
this action**." (Id. at 3 (emphasis in original)) That same day,
this Court referred this case to Magistrate Judge Gorenstein
for general pretrial supervision. (Dkt. No. 7)

Following this Court's November 16, 2021 Order, Defendants
Fernandez, Smith, McQueen, and Miller waived service.
Executed waivers of service were filed on December 7,
December 13, and December 15, 2021 (Dkt. Nos. 10, 12-13)

Plaintiff has not filed an Amended Complaint.

In an April 26, 2022 letter, Defendants state: "The docket
sheet reflects plaintiff's address as being at a DOC facility
([Dkt.] No. 4); upon information and belief, however, plaintiff
has not been in DOC custody since January 21, 2022 but has
not updated his contact information since that date." (Apr. 26,
2022 Def. Ltr. (Dkt. No. 21) at 1 n.2)

The docket reflects that, after this case was referred to Judge
Gorenstein, the following materials were mailed to Plaintiff
at the address on file and returned as undeliverable:

- November 17, 2021 "Information Package" (mailed
  on November 17, 2021 (Dkt. No. 9); returned as
  undeliverable on December 29, 2021);

 *2 • February 7, 2022 Order granting extension of time
  to respond to the Complaint (Dkt. No. 16) (mailed on

2023 WL 4841900

February 7, 2022; returned as undeliverable on April 6, 2022);

• March 7, 2022 Order granting extension of time to respond to the Complaint (Dkt. No. 18) (mailed on March 7, 2022; returned as undeliverable on April 4, 2022);

• April 5, 2022 Order granting extension of time to respond to the Complaint (Dkt. No. 20) (mailed on April 6, 2022; returned as undeliverable on April 21, 2022);

• April 26, 2022 Order granting motion to stay (Dkt. No. 22) (mailed on April 27, 2022; returned as undeliverable on May 31, 2022).

In a November 25, 2022 letter, Defendants contend that "Plaintiff's failures to update his address after multiple warnings from the Court is an intentional abandonment of his action and, thus, this action should be dismissed." (Nov. 25, 2022 Def. Ltr. (Dkt. No. 32) at 2)

On November 29, 2022, Judge Gorenstein issued the following order regarding Defendants' November 25, 2022 letter:

> This letter fails to indicate whether defendants have any knowledge as to whether the copies of the status reports they have filed (Dkt. Nos. 24, 25, 27, 28, 31) and sent to plaintiff were returned as undeliverable. Defendants shall make a filing providing this information on or before December 16, 2022. In addition, plaintiff is directed to file a letter with the Court on or before December 16, 2022, stating his current address. This letter may be mailed to: Pro Se Docketing, 500 Pearl Street, New York, NY 10007.

(Nov. 29, 2022 Order (Dkt. No. 33) at 4) The docket reflects that the November 29, 2022 Order was mailed to Plaintiff on November 29, 2022 and returned as undeliverable on May 17, 2023.

In a December 16, 2022 letter, Defendants state:

On or around October 26, 2022, Defendants mailed their October 26, 2022 Letter (Dkt. No. 31) to Plaintiff at his address listed on the docket: Rikers Island, 11-11 Hazen Street, East Elmhurst, New York 11370. However, on or around November 15, 2022, the parcel containing the October 26, 2022 Letter was returned to the Defendants with a notation stating, "return to sender, not deliverable as addressed, unable to forward." It appears that the United States Postal Service's notation that the parcel was undeliverable was dated November 15, 2022.

The copies of the status reports previously filed by Defendants (Dkt. Nos. 24, 25, 27, and 28), were filed before the undersigned filed a Notice of Appearance in this case. (See Dkt. No. 29.)[2] Unfortunately, the undersigned and Ms. Anderson have not been able to determine whether the status letters filed by prior attorneys in this Office were also returned as nondeliverable. Nevertheless, for the reasons detailed in Defendants' November 25, 2022 Letter, and because the Defendants' October 26, 2022 Letter was returned as non-deliverable, Defendants respectfully request that this action be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure due to Plaintiff's abandonment of this case.

[2]  Upon information and belief, Defendants have not received any notification concerning the status of their parcel containing the October 3, 2022 Notice of Appearance, which was mailed to Plaintiff on or around October 3, 2022.

**\*3**  (Dec. 16, 2022 Def. Ltr. (Dkt. No. 34) at 2 & n.2)

Despite Judge Gorenstein's November 29, 2022 Order, Plaintiff has not filed a letter stating his current address.

On December 21, 2022, Judge Gorenstein issued a Report and Recommendation ("R&R") recommending that this case be dismissed without prejudice for failure to prosecute, pursuant to Fed. R. Civ. P. 41(b). (R&R (Dkt. No. 35))

28 U.S.C. § 636(b)(1)(C) provides that, "[w]ithin fourteen days after being served with a copy, any party may serve and file written objections to [a magistrate judge's] proposed findings and recommendations." 28 U.S.C. § 636(b)(1)(C); see also Fed. R. Civ. P. 72(b)(2) ("Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.").

In accordance with Fed. R. Civ. P. 72, the R&R sets a deadline for objections, and states the consequences of a failure to object in a timely manner:

> Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days (including weekends and holidays) from service of this Report and Recommendation to file any objections .... If a party fails to file timely objections, that party will not be permitted to raise any objections to this Report and Recommendation on appeal.

(R&R (Dkt No. 35) at 3-4 (citing Fed. R. Civ. P. 6(a)-(b), (d); Thomas v. Arn, 474 U.S. 140 (1985); Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C., 596 F.3d 84, 92 (2d Cir. 2010)))

No party has filed objections to Judge Gorenstein's R&R. The docket reflects that the R&R was mailed to Plaintiff at the address on file on December 22, 2022, and was returned as undeliverable on February 3, 2023.

In reviewing an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where a timely objection has been made to a magistrate judge's R&R, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id.

Here, despite clear warning that a failure to file objections would result in a waiver of judicial review, no party filed objections to Judge Gorenstein's R&R. (See R&R (Dkt. No. 35) at 3-4) "[A] party generally waives judicial review of an issue when he or she fails to make timely objection to a magistrate judge's report, as long as all parties receive clear notice of the consequences of their failure to object." DeLeon v. Strack, 234 F.3d 84, 86 (2d Cir. 2000) (citing Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989)); see also McCarthy v. Manson, 714 F.2d 234, 237 (2d Cir. 1983) ("When a party fails to object timely to a magistrate's recommended decision, it waives any right to further judicial review of that decision.").

Because no party filed objections to Judge Gorenstein's R&R, the parties have waived judicial review. This rule is non-jurisdictional, however, and because "its violation may be excused in the interests of justice," DeLeon, 234 F.3d at 86 (citing Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993)), this Court has considered whether there is any " 'clear error on the face of the record' " that precludes acceptance of the magistrate judge's recommendation. Wingate v. Bloomberg, No. 11 Civ. 188 (JPO), 2011 WL 5106009, at *1 (S.D.N.Y. Oct. 27, 2011) (quoting Fed. R. Civ. P. 72(b) advisory committee note); see also Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985) ("To accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record.").

**\*4** This Court has reviewed Judge Gorenstein's R&R and finds it to be thorough, well-reasoned, and free of any clear error. Accordingly, Judge Gorenstein's R&R (Dkt. No. 35) is adopted in its entirety, and the case is dismissed without prejudice, pursuant to Fed. R. Civ. P. 41(b).

**All Citations**

Slip Copy, 2023 WL 4841900

---

2022 WL 605741
Only the Westlaw citation is currently available.
United States District Court, N.D. New York.

Daniel NELSON, Plaintiff,

v.

Sgt. Kristopher VANHOSEN; et al., Defendants.

No. 9:20-CV-0258 (GLS/CFH)

|

Signed 02/01/2022

**Attorneys and Law Firms**

DANIEL NELSON, 620 Warren Street, Albany, New York 12208, Plaintiff, pro se

OF COUNSEL: THOMAS PAUL ARMSTRONG, ESQ., GOLDBERG SEGALLA, LLP, 8 Southwoods Boulevard, Suite 300, Albany, New York 12211-2526, Attorney for Defendants.

**REPORT-RECOMMENDATION AND ORDER** [1]

[1]    This matter was referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(c).

Christian F. Hummel, United States Magistrate Judge

*1 Pro se plaintiff Daniel Nelson ("Nelson" or "plaintiff"), a former inmate who was, at all relevant times, in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"), commenced this action pursuant to the Civil Rights Act, 42 U.S.C. § 1983. Dkt. No. 1 ("Compl."). Plaintiff alleges that defendants -- who at all relevant times, were employed at Schenectady County Correctional Facility ("Schenectady C.F.") -- violated his constitutional rights under the Eighth Amendment. See generally Compl. Presently pending before the Court is defendants' Motion to Dismiss pursuant to Rules 41(b) and 37(b)(2) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). Dkt. No. 27. Nelson does not oppose the motion. For the following reasons, it is recommended that defendants' motion be granted.

**I. BACKGROUND**

On March 9, 2020, Nelson commenced this action by filing a complaint, which was accompanied by an application to proceed in forma pauperis ("IFP"). See Compl.; Dkt. No. 2. On April 2, 2020, U.S. District Judge Gary L. Sharpe granted Nelson's IFP application and, upon initial review pursuant to 28 U.S.C. §§ 1915(3)(2)(B), 1915A(b), directed (1) defendants Sgt. Kristopher Van Hosen ("Van Hosen") and Matthew Shepler ("Shepler") to respond to the Eighth Amendment conditions of confinement claims; and (2) defendants Michael Cook ("Cook"), Ryan Robert ("Robert"), and Van Hosen to respond to the Eighth Amendment excessive force claims. See Dkt. No. 4.

On May 15, 2020, Nelson filed a Notice of Change of Address indicating that his new address was 620 Warren Street, Albany, New York. See Dkt. No. 10. The notice was executed and dated May 7, 2020. Id.

On August 21, 2020, the Court granted defendants' request for an extension of time to file an answer. See Dkt. No. 16. A copy of the Court's Order was mailed to Nelson's updated address. See id. On August 31, 2020, the mail was returned with the envelope marked, "return to sender," "vacant," and "unable to forward." Dkt. No. 17.

On September 2, 2020, defendants filed an answer. See Dkt. No. 18. On September 3, 2020, the undersigned issued a Mandatory Pretrial Discovery and Scheduling Order, which set discovery and motion deadlines. See Dkt. No. 19. The undersigned directed plaintiff to produce specific documents to defendants within sixty days, and granted defendants leave to conduct a deposition of plaintiff. See id. at 1-2, 5. On January 5, 2021, defendants served plaintiff with a Rule 26 Disclosure and a Notice of Deposition. See Dkt. No. 27-1 at 10-15.

On February 9, 2021, defendants submitted a letter request for a court conference. See Dkt. No. 20. Counsel advised that he could not locate plaintiff and that the address was "apparently no longer valid." Id. On February 9, 2021, the undersigned sent a telephone status conference for February 22, 2021, and advised plaintiff that "fail[ure] to appear at court ordered conferences or to abide by case deadlines set by the Court, may result in the imposition of sanctions to include dismissal of his case." Dkt. No. 21. The Court sent notice of the telephone status conference by regular mail

WESTLAW    © 2023 Thomson Reuters. No claim to original U.S. Government Works.

2022 WL 605741

to plaintiff's address of record, but the notice was returned with the envelope marked, "not deliverable as addressed" and "unable to forward." Id.; Dkt. No. 22. Nelson failed to appear for the February 22, 2021, conference and did not otherwise contact the Court. See Text Minute Entry dated February 22, 2021.

**\*2** On February 23, 2021, the undersigned issued an order granting defendants' request to file a motion to dismiss for failure to prosecute and set a briefing schedule. See Dkt. No. 24. In the Order, the Court "reminded" Nelson "that failure to abide by Court orders and adhere to Court ordered deadlines may result in sanctions including dismissal of the case." Id. The Court sent a copy of the Order by regular mail to plaintiff's address of record, but it was returned with the envelope marked, "return to sender," "attempted - not known," and "unable to forward." Dkt. No. 26.

On March 30, 2021, defendants filed a Motion to Dismiss. Dkt. No. 27. Plaintiff was afforded until April 20, 2021, to file a response to the Motion to Dismiss. Id. To date, plaintiff has not responded to defendants' Motion to Dismiss, nor has he engaged in any activity or communication with the Court since filing his Notice of Change of Address in May 2020.

## II. DISCUSSION

Defendants argue that "[p]laintiff's Complaint [must] be dismissed pursuant to Fed. R. Civ. P. Rules 41(b) and [ ] 37(b)(2), with prejudice, for failing to prosecute this action and failing to obey a discovery order[.]" Dkt. No. 27-2 at 11.

### A. Rule 41(b)

Fed. R. Civ. P. 41(b) provides that a court may, in its discretion, order dismissal of an action based upon a plaintiff's failure to prosecute or comply with an order of the court. See FED. R. CIV. P. 41(b); Baptiste v. Sommers, 768 F.3d 212, 216 (2d Cir. 2014); Rodriguez v. Goord, No. 9:04-CV-0358 (FJS/GHL), 2007 WL 4246443, at \*2 (N.D.N.Y. Nov. 27, 2007). The court's discretion should be exercised when necessary to "achieve the orderly and expeditious disposition of cases." Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962). In addition, it should be exercised with caution and restraint because dismissal is a particularly harsh remedy, especially when invoked against a pro se plaintiff. See Baptiste, 768 F.3d at 216-17. A determination of whether

to dismiss an action pursuant to Rule 41(b) is informed by consideration of the following five specific factors:

(1) the duration of the plaintiff's failure to comply with the court order,

(2) whether [the] plaintiff was on notice that failure to comply would result in dismissal,

(3) whether the defendants are likely to be prejudiced by further delay in the proceedings,

(4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and

(5) whether the judge has adequately considered a sanction less drastic than dismissal.

Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996) (citing Jackson v. City of New York, 22 F.3d 71, 74 (2d Cir. 1994) and Alvarez v. Simmons Mkt. Research Bureau, Inc., 839 F.2d 930, 932 (2d Cir. 1988)). In general, "no one factor is dispositive." Shannon v. Gen. Elec. Co., 186 F.3d 186, 194 (2d Cir. 1999) (internal quotation marks and citation omitted). "When imposed, the sanction of dismissal 'operates as an adjudication upon the merits,' but may be without prejudice if so specified by the court imposing it." Lyell Theatre Corp. v. Loews Corp., 682 F.2d 37, 43 (2d Cir. 1982) (quoting Fed. R. Civ. P. 41(b)).

As to the duration of Nelson's failure to comply, a review of the procedural history shows that plaintiff's last communication with the Court was with the filing of his Notice of Change of Address in May 2020, two months after he filed the Complaint. See Dkt. No. 10. Plaintiff has not communicated with the Court or defense counsel in twenty months. Although there is no bright-line rule setting forth a duration of a plaintiff's failure to communicate that would warrant dismissal, courts have generally found that as few as eight months of no communication weighs in favor of dismissal. See McNamme v. Schoharie Cnty. Jail, No. 06-CV-1364 (LEK/GHL), 2008 WL 686796, at \*11 (N.D.N.Y. Mar. 10, 2008) (recommending dismissal after the plaintiff failed to communicate for eight months); Nieves v. Mueller, No. 9:07-CV-0003 (LEK/GHL), 2008 WL 4663361, at \*2 (N.D.N.Y. Oct. 20, 2008) (citing cases for the proposition that "[g]enerally, durations of this length in time — nine months — are sufficient to weigh in favor of dismissal."); see also Lee v. Graziano, No. 9:12-CV-1018 (FJS/CFH), 2014 WL 1393952, at \*3 (N.D.N.Y. Apr. 9, 2014) (granting

dismissal where the plaintiff failed to take any action in the case for over fourteen months); Smith v. Graziano, No. 9:08-CV-469 (GLS/RFT), 2010 WL 1330019, at *3 (N.D.N.Y. Mar. 16, 2010) (granting dismissal where the plaintiff failed to communicate with the Court or the defendants for "more than six months."). Thus, this factor weighs in favor of dismissal.

*3 Second, as to whether Nelson was on notice, this factor also weighs in favor of dismissal. Nelson was placed on notice by the Court that his failure to provide an adequate address "**will result in the dismissal of his action**[.]" Dkt. No. 4 at 20. Nelson demonstrated that he understood this requirement and its importance when he updated his address with the Court on at least one occasion. See Dkt. No. 10. Despite Nelson's awareness of his responsibility, he has failed to provide an updated address to the Court or opposing counsel since May 2020. In the Court's February 9, 2021, Order, Nelson was notified that if he failed to appear at court ordered conferences or to abide by case deadlines set by the Court, his case may be dismissed. See Dkt. No. 21. In the Court's February 23, 2021, Order, Nelson was also "reminded that failure to abide by Court orders and adhere to Court ordered deadlines may result in sanctions including dismissal of the case." Dkt. No. 24. Thus, Nelson was on notice that failing to comply with Court orders or otherwise participate in this action could result in dismissal.

With respect to prejudice, this action has been pending for nearly two years and no discovery has been completed. Very little progress has been made due to Nelson's failure to respond to defendants' inquiries and his lack of communication. Indeed, defendants have been unable to notice plaintiff's deposition as they do not have an updated address. Thus, this factor weighs in favor of dismissal. See Antonios A. Alevizopoulos & Assocs., Inc. v. Comcast Int'l Holdings, Inc., No. 99-CV-9311, 2000 WL 1677984, at *3 (S.D.N.Y. Nov. 8, 2000) (finding that the inability to depose the plaintiff "makes it difficult, if not impossible [for the defendants] to defend the lawsuit" and weighs in favor of Rule 41(b) dismissal); see Georgiadis v. The First Boston Corp., 167 F.R.D. 24, 25 (S.D.N.Y. 1996) ("[t]he passage of time always threatens difficulty as memories fade.").

The fourth factor addresses the balance between the court's interest in functioning efficiently, and the plaintiff's interest in having an opportunity to be heard. See Lucas, 84 F.3d at 535 (internal citations omitted). Given the age of this case, the undersigned concludes that "[p]laintiff's continu[ed] failure to comply with court orders [or] participate in discovery has

significantly delayed the resolution of this matter, thereby contributing to the Court's congestion." Perez v. Wallace, No. 1:15-CV-240 (GTS/CFH), 2016 WL 2865737, at *3 (N.D.N.Y. Apr. 11, 2016).

Finally, the Court must consider whether a lesser sanction than dismissal would be appropriate. See Lucas, 84 F.3d at 535 (internal citations omitted). The undersigned is cognizant of plaintiff's pro se status; however, sanctions less extreme than dismissal will not be effective in this case. Mindful of the principles of law set forth herein, the undersigned determines that dismissal is appropriate. Nelson's failure to communicate with defendants and the Court since May 2020 establishes his intent to abandon this action. Moreover, his complete inactivity and disregard of the Court's notices and orders demonstrates that there is no meaningful way to secure Nelson's appearance before the Court to litigate this action. See McKnight v. J. Ferrick, et al., No. 9:16-CV-0957 (TJM/DEP), 2017 WL 3172794, at *3 (N.D.N.Y. June 30, 2017) ("[P]laintiff's failure to communicate, which by now is nearly six months, weighs in favor of dismissal ... [a]lthough the length of plaintiff's delay to date is not exceedingly long, there is no indication of an end to his inactivity."). Nelson was warned that failure to appear at Court-ordered conferences or abide by case deadlines may result in dismissal of his action; however, he chose to disregard these warnings. Given Nelson's apparent abandonment and his ongoing refusal to comply, despite being warned of the consequences, the undersigned finds that imposition of any lesser sanction would not motivate plaintiff to litigate this action.

The undersigned has considered all of the relevant factors and finds that they weigh in favor of dismissal. Notwithstanding, in light of plaintiff's pro se status, it is recommended that the dismissal of the action be without prejudice. See Cintron v. Gettman, No. 9:15-CV-0542 (BKS/TWD), 2017 WL 2303604, at *4 (N.D.N.Y. May 1, 2017) (recommending dismissal of the plaintiff's action be without prejudice for failure to respond to defendants' inquiries and his lack of failure for two scheduled depositions); Perkins v. Rock, No. 9:12-CV-0459 (LEK/RFT), 2014 WL 4988224, at *4 (N.D.N.Y. Oct. 7, 2014) (recommending dismissal of the plaintiff's action for failure to prosecute be without prejudice); Jones v. Hawthorne, No. 9:12-CV-1745 (GTS/RFT), 2014 WL 2533166, at *3 (N.D.N.Y. June 5, 2014) (same). Thus, it is recommended that defendants' Motion to Dismiss be granted.

### B. Fed. R. Civ. P. 37(b)(2) [2]

[2]   Although defendants do not specify which subsection of Rule 37 is applicable, based on the arguments set forth in the defendants' memorandum of law, see Dkt. No. 27-2 at 10-12, the Court assumes defendants are seeking dismissal of the action for failure to obey a discovery order pursuant to Rule 37(b)(2)(A)(v).

**\*4**  In the alternative to dismissal under Rule 41(b), defendants argues that plaintiff's Complaint should be dismissed pursuant to Fed. R. Civ. P. 37(b)(2)(A)(v). See Dkt. No. 27-2 at 10-13. Fed. R. Civ. P. 37(b)(2)(A) provides for sanctions when a party fails to comply with a court order and states, in relevant part, "[i]f a party ... fails to obey an order to provide or permit discovery ... the court where the action is pending may issue further just orders." FED. R. CIV. P. 37(b)(2)(A). Fed. R. Civ. P. 37(b)(2)(A)(v) allows for dismissal of the action in its entirety or in part. See FED. R. CIV. P. 37(b)(2)(A)(v).

In general, dismissal is a drastic remedy which should only be used when lesser sanctions would be inappropriate. See Southern New England Tel. Co. v. Global NAPs Inc., 624 F.3d 123, 144 (2d Cir. 2010) (citations omitted). "[H]owever, discovery orders are meant to be followed"; thus, dismissal is justified when noncompliance is attributed to willfulness, bad faith, or fault of the offending party. See id. (internal quotation marks and citations omitted). In deciding an appropriate sanction, "the court may consider the full record ... [specifically] the willfulness of the non-compliant party; the reasons for noncompliance; and whether the party has been warned of the consequences of the noncompliance." Broadcast Music, Inc. v. Metro Lounge & Café LLC, No. 5:10-CV-1149 (NAM/ATB), 2012 WL 4107807, at \*2 (N.D.N.Y. July 18, 2012) (citations omitted); see also Bambu Sales, Inc. v. Ozak Trading Inc., 58 F.3d 849, 852-54 (2d Cir. 1995). The goals of sanctions are to "ensure that a party will not benefit from its own failure to comply ... [, act as] specific deterrents and seek to obtain compliance with the particular order issued [, and] ... serve [as] a general deterrent effect on the case at hand and on other litigation ..." Update Art, Inc. v. Modiin Pub., Ltd., 843 F.2d 67, 71 (2d Cir. 1988) (citing Nat'l Hockey League v. Metro. Hockey Club, Inc., 427 U.S. 639 (1976)) (per curiam) (additional citation omitted).

As evidenced above, all of the relevant factors support dismissal of plaintiff's action as he has not communicated with either the Court or defendants in nearly twenty months. Moreover, Nelson did not comply with the Mandatory Pretrial Discovery and Schedule Order, he did not participate in the Court's telephonic status conference, and he did not oppose defendants' motion, despite being warned of the consequences. See Dkt. Nos. 21, 24. Accordingly, in the alternative to dismissal under Rule 41(b), it is recommended that defendants' Motion to Dismiss pursuant to Rule 37(b)(2) be granted.

### III. CONCLUSION

**WHEREFORE**, for the reasons stated herein, it is hereby

**RECOMMENDED**, that defendants' Motion to Dismiss pursuant to Fed. R. Civ. P. 41(b) (Dkt. No. 27) be **GRANTED** and plaintiff's Complaint (Dkt. No. 1) be **DISMISSED without prejudice**; and it is further

**RECOMMENDED**, that, in the alternative to dismissal pursuant to Rule 41(b), defendants' Motion to Dismiss, insofar as it seeks dismissal pursuant to Rule 37(b)(2) be **GRANTED** and plaintiff's Complaint (Dkt. No. 1) be **DISMISSED without prejudice**; and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order on all parties in accordance with the Local Rules.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** See Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993) (citing Small v. Secretary of Health and Human Servs., 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); FED R. CIV. P. 6(a), 6(e), 72.4. [3]

[3]   If you are proceeding pro se and are served with this Report-Recommendation & Order by mail, three (3) additional days will be added to the fourteen (14) day period, meaning that you have seventeen (17) days from the date the Report-

Recommendation & Order was mailed to you to serve and file objections. See FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. See id. § 6(a)(1)(c).

**\*5**  **IT IS SO ORDERED.**

**All Citations**

Slip Copy, 2022 WL 605741

---

**End of Document**                    © 2023 Thomson Reuters. No claim to original U.S. Government Works.

2022 WL 602651

2022 WL 602651
Only the Westlaw citation is currently available.
United States District Court, N.D. New York.

Daniel NELSON, Plaintiff,

v.

Sgt. Kristopher VANHOESEN et al., Defendants.

9:20-cv-258 (GLS/CFH)
|
Signed 03/01/2022

**Attorneys and Law Firms**

FOR THE PLAINTIFF: Daniel Nelson, Pro Se, 620 Warren Street, Albany, NY 12208.

FOR THE DEFENDANTS: OF COUNSEL: JONATHAN M. BERNSTEIN, ESQ., THOMAS PAUL ARMSTRONG, ESQ., Goldberg Segalla, LLP, 8 Southwoods Boulevard, Suite 300, Albany, NY 12211-2526.

## **ORDER**

Gary L. Sharpe, Senior District Judge

**\*1** The above-captioned matter comes to this court following a Report-Recommendation and Order (R&R) by Magistrate Judge Christian F. Hummel duly filed February 1, 2022. (Dkt. No. 29.) Following fourteen days from the service thereof, the Clerk has sent the file, including any and all objections filed by the parties herein.

No objections having been filed, and the court having reviewed the R&R for clear error, it is hereby

**ORDERED** that the Report-Recommendation and Order (Dkt. No. 29) is **ADOPTED** in its entirety; and it is further

**ORDERED** that defendants' motion to dismiss (Dkt. No. 27) is **GRANTED**; and it is further

**ORDERED** that plaintiff's complaint (Dkt. No. 1) is **DISMISSED without prejudice**; and it is further

**ORDERED** that the Clerk is directed to close this case; and it is further

**ORDERED** that the Clerk provide a copy of this Order to the parties in accordance with the Local Rules of Practice.

**IT IS SO ORDERED.**

**All Citations**

Slip Copy, 2022 WL 602651

---

**End of Document**    © 2023 Thomson Reuters. No claim to original U.S. Government Works.

    © 2023 Thomson Reuters. No claim to original U.S. Government Works.

2014 WL 2533166
Only the Westlaw citation is currently available.
United States District Court,
N.D. New York.

Dwayne JONES, Plaintiff,

v.

Dr. Amber HAWTHORNE, Doctor,
Upstate Correctional Facility, Defendant.

No. 9:12–CV–1745 (GTS/RFT).
|
Signed June 5, 2014.

**Attorneys and Law Firms**

Dwayne Jones, Malone, NY, pro se.

Hon. Eric T. Schneiderman, Attorney General for the State
of New York, Joshua E. Mcmahon, Esq., Assistant Attorney
General, of Counsel, Albany, NY, for Defendant.

### *DECISION and ORDER*

GLENN T. SUDDABY, District Judge.

 **\*1** Currently before the Court, in this *pro se* prisoner civil
rights action filed by Dwayne Jones ("Plaintiff") against
the above-captioned New York State correctional employee
("Defendant"), is United States Magistrate Judge Randolph
F. Treece's Report–Recommendation recommending that
Plaintiff's Complaint be dismissed pursuant to Fed.R.Civ.P.
41(b) for failure to prosecute the action or comply with the
procedural rules or orders of the Court. (Dkt. No. 29.) Plaintiff
has not filed an objection to the Report–Recommendation,
and the deadline by which to do so has expired. (*See generally*
Docket Sheet.) After carefully reviewing the relevant filings
in this action, the Court can find no clear error in the Report–
Recommendation: Magistrate Judge Treece employed the
proper standards, accurately recited the facts, and reasonably
applied the law to those facts. As a result, the Court accepts
and adopts the ReportRecommendation for the reasons stated
therein. (Dkt. No. 29.)

**ACCORDINGLY,** it is

**ORDERED** that Magistrate Judge Treece's Report–
Recommendation (Dkt. No. 29) is ***ACCEPTED*** and
***ADOPTED*** in its entirety; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is
***DISMISSED*** without prejudice pursuant to Fed.R.Civ.P.
41(b).

### *REPORT–RECOMMENDATION and ORDER*

RANDOLPH F. TREECE, United States Magistrate Judge.

Plaintiff Joseph Bloomfield commenced this action *pro se*
in November 2012, seeking relief, pursuant to 42 U.S.C. §
1983, for alleged violations of his constitutional rights. Dkt.
No. 1, Compl. At the time of the initiation of this action,
Plaintiff was in the custody of the New York State Department
of Corrections and Community Supervision ("DOCCS") and
was incarcerated at Upstate Correctional Facility.

On March 22, 2013, the Honorable Glenn T. Suddaby,
United States District Judge, conducted an initial screening of
Plaintiff's Complaint. Dkt. No. 12. After directing dismissal
of certain claims and Defendants, Judge Suddaby directed
service on the remaining Defendant, Amber Hawthorne. [1]
Dkt. No. 12. Within that Decision and Order, Judge Suddaby
advised Plaintiff of his obligation to maintain an updated
address with the Court and opposing counsel. Specifically,
Judge Suddaby stated: "**Plaintiff is also required to
promptly notify the Clerk's Office and all parties or their
counsel of any change in his address; plaintiff's failure to
do so will result in the dismissal of this action.**" *Id.* at p. 23
(emphasis in original).

[1]     Plaintiff's request to proceed with this action *in
        forma pauperis* ("IFP") was granted and the United
        States Marshal was directed to effectuate service on
        Plaintiff's behalf. Dkt. No. 12; *see also* 28 U.S.C.
        § 1915.

On April 22, 2013, Defendant filed a Motion seeking
revocation of Plaintiff's *in forma pauperis* ("IFP"), pursuant
to 28 U.S.C. § 1915(g), for having allegedly accumulated
three or more "strikes" prior to initiating this action. [2] Dkt.
No. 18. On May 8, 2013, while still in DOCCS's custody,
Plaintiff filed his Opposition to that Motion. Dkt. No. 23.
Thereafter, on February 12, 2014, this Court issued a Decision
and Order denying the Motion because Plaintiff had not

accumulated three strikes prior to initiating this action; Defendant was directed to respond to the Complaint.[3] Dkt. No. 4. A copy of that Decision and Order was mailed to Plaintiff at his last known address as reflected on the Docket Report. However, on February 18, 2014, that Decision and Order was returned to the Court as undeliverable. Dkt. No. 25. In the meantime, Defendant complied with the Court's direction and filed her Answer, Dkt. No. 26, and a Mandatory Pretrial Discovery and Scheduling Order was issued, setting forth various deadlines for the progression of this action, Dkt. No. 27. A copy of that Order was likewise mailed to Plaintiff at his last known address and was, on March 10, 2014, similarly returned as undeliverable. Dkt. No. 28.

[2]    In *lieu* of an answer, Defendant filed a Motion to Dismiss. Dkt. No. 18. However, because the relief sought was revocation of Plaintiff's IFP status, which is not dispositive in nature, the Clerk was directed to reflect that the Motion to Dismiss was, in actuality, a motion seeking revocation of IFP status. Dkt. No. 20. In rendering this Order, this Court further noted that this was a non-dispositive issue to be decided by the undersigned directly and not upon referral from the District Judge. *Id.* We further stayed Defendant's time to respond to the Complaint pending a determination on the Motion. *Id.*

[3]    As noted in that Decision and Order, one of the proposed strikes offered by Defendant was a dismissal of a *habeas corpus* petition. During the pendency of the Defendant's Motion, the Second Circuit issued its decision in *Jones v. Smith,* 720 F.3d 142, 147 (2d Cir.2013), putting to rest the conflict among the District Courts by ruling that dismissals of *habeas* petitions challenging a prisoner's conviction and duration of confinement do not constitute strikes for purposes of the Prison Litigation Reform Act. Dkt. No. 24 at p. 4 & n. 2.

**\*2** According to information publically available on the New York State DOCCS website, Plaintiff was released from DOCCS custody on July 26, 2013, after serving the maximum time of incarceration for his underlying state conviction. *See* N.Y. S. DOCCS Inmate Information website, *available at* http:// nysdoccslookup.doccs.ny .gov (information obtained for DIN# 11–A–1561). Since the time of such release, Plaintiff has not contacted this Court to advise of any change in his address.

In this District, all litigants have an ongoing obligation to keep their address information updated with both the Court and adversaries. N.D.N.Y.L.R. 10.1(c)(2) ("**All attorneys of record and *pro se* litigants must immediately notify the Court of any change of address.**" (emphasis in original)). A party's failure to provide such information is grounds for dismissal. N.D.N.Y.L.R. 41.2(b). As then-District Judge Pooler has observed:

> It is neither feasible nor legally required that the clerks of the district courts undertake independently to maintain current addresses on all parties to pending actions. It is incumbent upon litigants to inform the clerk of address changes, for it is manifest that communications between the clerk and the parties or their counsel will be conducted principally by mail. In addition to keeping the clerk informed of any change of address, parties are obliged to make timely status inquiries. Address changes normally would be reflected by those inquiries if made in writing.

*Dansby v. Albany County Corr. Facility Staff,* 1996 WL 172699, at * 1 (N.D.N.Y. Apr. 10, 1996) (citations omitted).

Indeed, courts in the Northern District of New York have dismissed lawsuits brought by *pro se* plaintiffs for failure to provide a current address. *See Rivera v. Goord,* 1999 WL 33117155 (N.D.N.Y. Sept. 14, 1999); *Fenza v. Conklin,* 177 F.R.D. 126 (N.D.N.Y.1988); *Morgan v. Dardiz,* 177 F.R.D. 125 (N.D.N.Y.1998); *Williams v. Faulkner,* 1998 WL 278288 (N.D.N.Y. May 20, 1998); *Dansby v. Albany County Corr. Facility Staff,* 1996 WL 172699.

It appears that the last communication received from Plaintiff in this case was ten months ago when, on May 8, 2013, the Court received his Opposition to Defendant's Motion. Dkt. No. 23. Because the Defendant's Motion was fully briefed, we would not have expected any communication from Plaintiff during these ten months, except in certain circumstances such as providing the Court with an updated address. It is clear that in late-July 2013, Plaintiff's address changed, yet there is no

indication that Plaintiff attempted to update his address with the Court. Such inaction constitute grounds for dismissal.

Furthermore, Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may, in its discretion, dismiss an action based upon the failure of a plaintiff to prosecute an action, or to comply with the procedural rules or orders of the court. FED. R. CIV. P. 41(b); *see* Link v. Wabash R.R. Co., 370 U.S. 626 (1962).[4] This power to dismiss may be exercised when necessary to achieve orderly and expeditious disposition of cases. *See* Freeman v. Lundrigan, 1996 WL 481534, at *1 (N.D.N.Y. Aug. 22, 1996). The correctness of a dismissal pursuant to Rule 41(b) is determined in light of five factors: (1) whether plaintiff's failure to prosecute or to comply with the court's orders or procedural rules caused a delay of significant duration; (2) whether plaintiff was on notice that failure to prosecute or to comply would result in dismissal; (3) whether the defendant is likely to be prejudiced by further delay; (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard; and (5) whether the judge has adequately considered a sanction less drastic than dismissal. Lewis v. Rawson, 564 F.3d 569, 576 (2d Cir.2009); Lucas v. Miles, 84 F.3d 532, 534–35 (2d Cir.1996). In making use of this test, "[n]o one factor is dispositive, and ultimately we must review the dismissal in light of the record as a whole." United States ex rel. Drake v. Norden Sys., Inc., 375 F.3d 248, 254 (2d Cir.2004).

[4]   It is well-settled that the term "these rules" in Rule 41(b) refers not only to the Federal Rules of Civil Procedure but also to the local rules of practice for a district court. *See* Tylicki v. Ryan, 244 F.R.D. 146, 147 (N.D.N.Y.2006).

**\*3** In this case, Plaintiff was released from DOCCS custody on July 26, 2013, over seven months ago, yet, we have never received an updated address, nor any alternative means by which to communicate with him. Plaintiff's failure to provide an updated address and make any inquiries as to this action evidences his apparent abandonment of this case and evinces an intent to not prosecute this action. The Court finds that this period of noncompliance with the requirement that he notify the Clerk's Office and Defendant of his current address weighs in favor of dismissal. Moreover, the Court finds that Plaintiff was afforded proper notice of his obligation to advise the Court and counsel of his address and the consequences of his failure to comply. Any further warnings to Plaintiff would

naturally fall on deaf ears as we have no way of contacting him.

The Court also finds that Defendant is likely to be prejudiced by further delay in the proceedings, which may well affect witnesses' memories, the ability to locate witnesses, and the preservation of evidence. A Scheduling Order was recently issued which directs the exchange of certain discovery amongst the parties. Yet, Defendant has no ability to comply with the Court's Order if she cannot communicate with Plaintiff. With regard to the fourth factor, under the circumstances, the need to alleviate congestion on the Court's docket outweighs Plaintiff's right to receive a further chance to be heard in this case, and weighs in favor of the dismissal of this action.

Lastly, the Court has carefully considered sanctions less drastic than dismissal. Without the ability to communicate with Plaintiff, however, there is no meaningful way to procure his "reappearance" to actively prosecute this action. Moreover, simply waiting for him to comply with his obligations has not been, and is not likely to be, fruitful, since he has failed to do so for some months now. As a result, the Court finds that the fifth factor also weighs in favor of dismissal.

In sum, in light of the fact that Plaintiff cannot be located or communicated with at his address of record, and given his failure to comply with his obligation to advise the Court and counsel of any change in his address, we recommend that this action be dismissed. Nevertheless, in light of Plaintiff's *pro se* status, we recommend that the dismissal of this action be without prejudice.[5]

[5]   Unless the dismissal order states otherwise, a dismissal pursuant to Rule 41(b) "operates as an adjudication on the merits." FED. R. CIV. P. 41(b).

**WHEREFORE,** it is hereby

**RECOMMENDED,** that this action be **dismissed without prejudice** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure; and it is further

**ORDERED,** that the Clerk of the Court serve a copy of this Report–Recommendation and Order upon the parties to this action.

Jones v. Hawthorne, Not Reported in F.Supp.3d (2014)
Case 9:23-cv-00081-DNH-TWD    Document 30    Filed 10/26/23    Page 64 of 64
2014 WL 2533166

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **_FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW._** _Roldan v. Racette,_ 984 F.2d 85, 89 (2d Cir.1993) (citing _Small v. Sec'y of Health and Human_

_Servs .,_ 892 F.2d 15 (2d Cir.1989)); _see also_ 28 U.S.C. § 636(b) (1); FED. R. CIV. P. 72 & 6(a).

**\*4**  Filed March 13, 2014.

**All Citations**

Not Reported in F.Supp.3d, 2014 WL 2533166

**End of Document**                    © 2023 Thomson Reuters. No claim to original U.S. Government Works.