UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JOSEPH GUARNERI,

        Plaintiff,

    -v-                       9:23-CV-81

M.D. HASSETT,

        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                    OF COUNSEL:

JOSEPH GUARNERI
Plaintiff, Pro Se
10664
Schoharie County Correctional Facility
P.O. Box 159
157 Steadman Way
Howes Cave, NY 12092

BARCLAY DAMON LLP          PAUL A. SANDERS, ESQ.
Attorneys for Defendant
2000 Five Star Bank Plaza
100 Chestnut Street
Rochester, NY 14604

DAVID N. HURD
United States District Judge

## ORDER ON REPORT & RECOMMENDATION

   On January 20, 2023, *pro se* plaintiff Joseph Guarneri ("plaintiff"), who was then confined as a pretrial detainee at Schoharie County Correctional

Facility, filed this action alleging that various defendants violated his civil rights.  Dkt. No. 1.  Along with his complaint, plaintiff also sought leave to proceed *in forma pauperis* ("IFP Application").  Dkt. Nos. 2, 5.  Plaintiff later filed an amended complaint as of right.  Dkt. No. 6.

On April 3, 2023, this Court granted plaintiff's IFP Application, conducted an initial review of the amended complaint, and dismissed most of plaintiff's claims against most of the named defendants.  Dkt. No. 11.  However, the Court concluded that plaintiff sufficiently alleged a Fourteenth Amendment claim for deliberate medical indifference against defendant M.D. Hassett, who was ordered to respond to the pleading.  *Id.*

On May 25, 2023, the remaining defendant answered the remaining claim in plaintiff's amended complaint.  Dkt. No. 17.  Although U.S. Magistrate Judge Thérèse Wiley Dancks issued a mandatory pretrial scheduling order that charted a tentative course for discovery, Dkt. No. 19, plaintiff soon became unreachable, *see* Dkt. No. 22, and defendant's counsel moved to dismiss on the basis of plaintiff's failure to prosecute his action, Dkt. No. 23.

After the initial briefing deadline on the motion to dismiss expired without any communication or response from plaintiff, Judge Dancks *sua sponte* ordered the deadlines reset, Dkt. No. 27, but mail sent to plaintiff's address on file was sent back as undeliverable, Dkt. No. 28.  To date, plaintiff has

failed to oppose defendant's motion, communicate with the Court, or update his mailing address on file.

On October 26, 2023, Judge Dancks advised by Report & Recommendation ("R&R") that defendant's motion to dismiss for failure to prosecute be granted and plaintiff's amended complaint be dismissed without prejudice. Dkt. No. 30. As Judge Dancks explained, plaintiff had been repeatedly cautioned by the Court about his obligation to keep a current mailing address on file. *Id*. Despite that obligation, mailings by the Court (and by defendant's counsel) have all been returned as undeliverable. *Id*. After considering the relevant factors under Rule 41(b) of the Federal Rules of Civil Procedure, Judge Dancks concluded that a dismissal without prejudice was appropriate. *Id*.

Plaintiff has not filed objections, and the time period in which to do so has expired. *See id*. In fact, as with other mailings sent to plaintiff, the copy of the R&R that was mailed to him has also been returned to the Court as undeliverable. Dkt. No. 31. Thus, upon review for clear error, the R&R is accepted and will be adopted in all respects. *See* FED. R. CIV. P. 72(b).

Therefore, it is

ORDERED that

1. The Report & Recommendation is ACCEPTED;

2. Defendants' motion to dismiss is GRANTED; and

3. Plaintiff's amended complaint is DISMISSED.

The Clerk of the Court is directed to terminate the pending motion, enter a judgment accordingly, and close the file.

IT IS SO ORDERED.

Dated: November 16, 2023
       Utica, New York.

_____
David N. Hurd
U.S. District Judge